UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD KORTEKAMP, As Executor of the Estate of JACK KORTEKAMP, and GERALDINE KORTEKAMP, as Surviving Spouse, Plaintiffs, | § | |
| VS. | § | Docket No.: CA 08 43S |
| 3M COMPANY, et al., Defendants. | § | |

**DEFENDANT GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL**

Pursuant to Title 28 U.S.C. §§ 1442 and 1446, Defendant General Electric Company ("GE"), gives notice of removal of this action to the United States District Court for the District of Rhode Island. The grounds for removal are as follows:

1. On or about June 15, 2006, Plaintiffs initiated this civil action entitled Kortekamp, et al. v. 3M Company, et al., Civil Action No. PC06-3253 in the Superior Court for the State of Rhode Island, County of Providence. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. The Complaint alleges, *inter alia*, that deceased Plaintiff Jack Kortekamp's ("Mr. Kortekamp") asbestos-related disease was caused by his exposure to asbestos dust and/or fibers while he served in the U.S. Navy.

3. The Complaint, however, does not state Plaintiffs' claims in sufficient detail as to inform GE that this case is removable. Madden v. Able Supply Co., 205 F. Supp. 2d 695, 698 (S.D. Tex. 2002) (stating that if the initial pleading does not provide details of plaintiff's claims,

they 30-day time period begin on the date defendant receives "other paper" specifically indicating grounds for removal). Therefore, the thirty (30) day period for removal prescribed by 28 U.S.C. § 1446(b) did not start at the time GE was served with the Complaint. See Mattel, Inc. v. Bryant, 441 F.Supp.2d 1081, 1089-90 (C.D.Ca. 2005) (holding that the thirty day period for removal is triggered only when the information supporting removal is unequivocally clear and certain) (internal quotation marks and citations omitted); see also Bosky v. Kroger Texas, LP., 288 F.3d 208, 211 (5th Cir. 2002); see also Huffman v. Saul Holdings Limited Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999).

4. On August 2, 2006, Plaintiffs served their responses to Defendants' Standard Interrogatories and Requests for Production. A true and correct copy of Plaintiffs' Responses is attached hereto as Exhibit B. According to the Exposure Chart attached to the responses, Mr. Kortekamp served in the U.S. Navy from 1956 to 1962 as engine room operator and machinist mate 1st class. The responses, however, did not provide sufficient detail as to inform GE that this case is removable. See Madden v. Able Supply Co., 205 F. Supp. 2d at 698.

5. On January 4, 2008, Defendants conducted the discovery deposition of Fred Stafford, who served with Mr. Kortekamp in the U.S. Navy. Mr. Stafford testified that while in the U.S. Navy, Mr. Kortekamp trained at the Knolls Atomic Power Laboratory ("KAPL"), in West Milton, New York. Mr. Stafford further testified that while at the facility, Mr. Kortekamp was exposed to asbestos-containing materials associates with marine steam turbines manufactured by GE for the U.S. Navy. The KAPL in West Milton, New York was a research and training facility for the U.S. Navy where naval personnel were trained on the operation of nuclear propulsion systems for U.S. Navy submarines.

6. The 30-day removal period begins to run when defendant receives notice of the facts that make the case removable. The statute provides for removal upon the initial pleading, or if the case does not appear to be removable upon the initial pleading, upon receipt of an amended pleading, motion or other paper. 28 U.S.C. § 1446(b); see Huffman v. Saul Holdings LP, 194 F.3d at 1078 (deposition was "other paper"). The deposition testimony of Fred Stafford was the first "paper" within the meaning of 28 U.S.C. § 1446 that indicated grounds for removal. The testimony was the first indication of specific GE equipment, namely marine steam turbines, specially designed and manufactured for use in accordance with specifications from and control of the U.S. Navy and its officers. Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is being filed within thirty (30) days of receipt by GE of "other paper" from which GE ascertained that this case is removable. Accordingly, this Notice of Removal has been timely filed.

7. The basis for removal of this action is that in the design, manufacture, and sale of turbines and other equipment for and to the U.S. Navy, GE was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). GE has verified that some of the turbines to which Mr. Kortekamp could have been exposed while at the KAPL facility were designed and manufactured by GE pursuant to contracts and specifications executed by the U.S. Navy. See Affidavit of David Hobson ("Hobson Aff."), attached hereto as Exhibit C; see also Affidavit of Admiral Ben J. Lehman, U.S. Navy, Ret., ("Lehman Aff.") attached hereto as Exhibit D.

8. Should Plaintiffs file a motion to remand this case, GE respectfully requests an opportunity to respond more fully in writing. GE, however, offers the following authorities at this time.

9. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). Here, all three requirements have been satisfied and GE is entitled to the federal officer removal provision.

10. In constructing its marine steam turbines for the U.S. Navy, GE acted under the direction of a federal officer. Furthermore, there exists a strong causal nexus between Plaintiffs' claims and the acts performed by GE under color of federal office.

11. GE manufactured and designed the marine steam turbines according to precise and detailed specifications promulgated by Navy Sea Systems Command. Moreover, an Inspector of Naval Machinery, who had offices on the premises of GE's plants, personally oversaw the manufacturing process and enforced compliance with the U.S. Navy design specifications. Further, the turbines were subject to various tests and trials supervised by the U.S. Navy before they were approved for use on military vessels. In sum, virtually no aspect of the design and manufacture of the marine steam turbines escaped the close control of the U.S. Navy and its officers. See Hobson Aff.; see also Lehman Aff. These facts not only demonstrate that GE acted under the direction of a federal officer, but also demonstrate a definite causal nexus between Plaintiffs' claims and GE's acts performed under color of federal office.

12. GE is entitled to government contractor immunity from liability for Plaintiffs' alleged injuries as GE has raised a colorable federal defense to Plaintiffs' claims. See Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

13. Pursuant to the government contractor defense, GE cannot be held liable under state law for any injuries caused by its marine steam turbines. The U.S. government provided GE with precise specifications regarding its marine steam turbines and GE delivered turbines that conformed to those specifications. The U.S. Navy, as one of the world's leaders in industrial hygiene state-of-the-art at the time, would have possessed information equal to or superior to its equipment suppliers such as GE. Consequently, GE has more than a colorable claim that it is entitled to immunity from state tort law under the federal government contractor defense. See Boyle, 487 U.S. at 512.

14. The facts of the instant action are virtually identical to the facts in Nesbiet v. General Electric Company, 399 F.Supp.2d 205 (S.D.N.Y. 2005). In that case, GE designed and constructed marine turbines for use on military vessels under the supervision and control of the U.S. Navy and its officers. Id. at 206. The plaintiff alleged that he was exposed to asbestos insulation installed on the GE turbines. Id. GE removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1). Id. The plaintiff filed a motion to remand the case to state court. Id. at 205. In denying the plaintiff's motion to remand, the District Court held that GE's removal of the case was proper because GE had presented a colorable federal defense, as GE established that the U.S. Navy's specifications controlled all aspects of the design and manufacture of the turbines, that the U.S. Navy prohibited any deviation from the specifications, and that the U.S. Navy would have known of any dangers that were known to GE regarding asbestos. The Court further held that GE acted under color of a federal officer when designing and manufacturing turbines for the U.S. Navy as GE was required to follow the U.S. Navy's specifications.

15. The facts of the instant action are also virtually identical to the facts in Carter v. ACandS, Inc., No. 3:02CV00009, 2002 U.S. Dist. LEXIS 24057 (E.D.Tex. June 28, 2002). That

case involved the design and manufacture of turbines by Westinghouse Electric Corp. for use on military vessels under the supervision and control of the U.S. Navy and its officers. Id. at *14. Westinghouse removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1). The Court denied the plaintiff's motion to remand and held that Westinghouse was entitled to federal officer removal because (1) the construction and design of its marine turbines were conducted under the direction of a federal officer; (2) Westinghouse had presented a colorable argument that it was protected by the federal government contractor defense; and (3) the plaintiff's claims arose from acts which Westinghouse performed under color of federal office.

16. Here, as in Nesbiet and Carter, GE is entitled to federal officer removal because GE designed and manufactured the marine steam turbines at issue under the direction of the U.S. Navy; because GE has presented a colorable federal government contractor defense; and because Plaintiffs' claims arise out of GE's design and manufacturer of marine steam turbines, acts that GE performed under color of federal office, to wit, the U.S. Navy.

17. It should be noted that at this stage, the Court is not required to ascertain the validity of GE's defense because "under color of office allows removal even if, on the record then existing, it could not be said that the officers had a clearly sustainable defense." Nesbiet, 399 F.Supp.2d at 211 (internal quotation marks and citations omitted). At this stage, GE is merely required to present a colorable claim such that the validity of the defense should be tried in federal court rather than state court. See id.; see also Mesa, 489 U.S. at 129.

18. As GE has clearly met the standards set out by 28 U.S.C. § 1442 for federal officer removal, the removal of this action by GE is proper.

19. A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related State court cases or a contention that judicial economy compels remand.

See 28 U.S.C. § 1447(c); see also Thermitron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976).

20. The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1). See Willingham v. Morgan, 395 U.S. 402, 405 (1960).

21. Removal under 28 U.S.C. §§ 1442 and 1446 is an exception to the general rule that requires the consent of all defendants before an action can be removed. See Ely Valley Mines, Inc. v. Hartford Accident and Indemnity Company, 644 F.2d 1310, 1315 (9th Cir. 1981); see also Akin v. Ashland v. Chemical Company, 156 F.3d 1030, 1034 (10th Cir. 1998). Accordingly, GE is not required to notify and obtain the consent of any other defendant in order to remove this action.

22. As required by 28 U.S.C. § 1446 and the local rules of this Court, certified or attested copies of the docket sheets and all documents filed in this case will be filed with this Court within ten (10) days after the filing of this Notice of Removal. Furthermore, GE will promptly file a copy of this Notice of Removal with the Rhode Island Superior Court, County of Providence.

WHEREFORE, Defendant General Electric Company, having provided notice as required by law, now removes the above-captioned action from the Rhode Island Superior Court, County of Providence, to the United States District Court for the District of Rhode Island.

Dated: February 1, 2008
Hartford Connecticut

DEFENDANT,
GENERAL ELECTRIC COMPANY

By: Jeffrey M. Thomen (CT 1836)

Jeffrey M. Thomen, Esquire
jthomen@mccarter.com
Federal Bar No. 6738
McCARTER & ENGLISH, LLP
185 Asylum Street, 36th Floor
Hartford, Connecticut 06103
Tel.: (860) 275-6700
Fax.: (860) 724-3397

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Notice of Removal was served on the 1st day of February 2008:

**Via Certified Mail,**
**Return Receipt Requested**

John E. Deaton, Esq.
Deaton Law Firm
1 Richmond Square, Suite 163W
Providence, RI 02906
(401) 351-6400

And all Known Defense Counsel

Jeffrey M. Thomen



ME1 7095252v.1