**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**PROVIDENCE**

**JACK KORTEKAMP,**

**Plaintiff,**

**v.**

## PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES and REQUESTS FOR PRODUCTION

As a preface to this response, plaintiff objects to all Interrogatories filed by this defendant, they are clearly not in compliance with this Court's Case Management Order regarding "usual and appropriate subparts." To respond to the Interrogatories propounded by defendants is overly burdensome and constitutes a harassment of the plaintiff.

Without waiving said objection, and pursuant to Rule 33 of the Rhode Island Superior Court Rules of Civil Procedure and the Case Management Order of this Court, the plaintiffs hereby respond as follows to the Master Interrogatories and Requests for Production filed by the defendants. Plaintiff reserves the right to supplement these responses as discovery continues.

Exh. B

## I. INTERROGATORIES

(1) Please provide the following information pertaining to the Plaintiff.

(a) Name;

(b) Address;

(c) Social Security No.;

(d) Military Service No.;

(e) Age;

(f) Height;

(g) Weight;

(h) Date of birth;

(i) Place of birth;

(j) Marital status;

(k) Name of spouse;

(l) Age of spouse;

(m) Names and ages of children.

**ANSWER:**

(a) Jack M. Kortekamp

(b) 27 Butler Road, Monson, MA 01057

(c) 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

(d) 4876619

(e) DOB 1-29-1937; Current age - 69

(f) 5' 10"

(g) 180 lbs.

(h) 1-29-1937

(i) Northbridge, MA

(j) Married

(k) Geraldine Kortekamp

(l) DOB 5/21/1937; Age 69

(m) Mark Kortekamp – 46

Bryan Kortekamp – 44

Todd Kortekamp - 38

(2) If the Plaintiff is deceased, please provide the following information:

**ANSWER:** Not applicable.

(3) Are you currently employed?

**ANSWER:** No

(4) If you are working, please state what your job is, how many hours per week you work, the amount of your current wage/salary, and any union affiliation.

**ANSWER:** Not applicable.

(5) If you have retired, please state:

(a) The date of your retirement;

(b) The reason for your retirement;

(c) The name and address of your last employer;

(d) Your last place of employment;

(e) The job/position you held at the time of your retirement;

(f) Your wage/salary at the time of your retirement;

(g) Your union affiliation at the time of your retirement.

**ANSWER:** (a) 4-2004

(b) Company went bankrupt and I took retirement.

(c) Facemate Corp., Chicopee, MA

(d) Same as (c)

(e) Chief Boiler Plant Engineer

(f) No lost wage claim is being made.



Aug 04 06 07:36a John Deaton, Esq. 401-351-6400 p.7

(g) None

(6) Do you claim to have lost wages as a result of injuries alleged in your complaint?

**ANSWER:** No

(7) If you do claim to have lost wages as a result of injuries alleged in your complaint, please set forth the following:

(a) The dollar amount of wages which you claim have been lost to date;

(b) How you calculated the above number;

(c) State the dates during which you claim that you were unable to work as a result of the injuries alleged in your complaint.

**ANSWER:** N/A

(8) State the name and address of your employer and your wage/salary at the time you became unable to work as a result of the injuries alleged in the complaint.

**ANSWER:** N/A

(9) If you have been a member of any union(s), please state as to each union:

(a) The name, address and local number of the union;

(b) The length of time you were a member of the union;

(c) Any union offices held by you.

**<u>ANSWER</u>:** (a) NAGE, Monson Developmental Center, Monson, MA

(b) 1988-1993

(c) None

(10) State the amount of gross income reported by you on your Federal Income Tax returns for the three years preceding the date on which you claim that you were unable to work as a result of the injuries alleged in the complaint.

**<u>ANSWER</u>:** **OBJECTION**: Plaintiff objects to this request on the grounds that, upon receipt of responses to interrogatories, the defendants will be in possession of a signed authorization, and therefore will be easily able to obtain plaintiff's wages and tax records. Furthermore, Plaintiff is not making a wage loss claim and such records are irrelevant.

Discovery is ongoing and plaintiff's counsel is still investigating. A response will be provided, if available, as soon as counsel's investigation is completed.

(11) Are there any persons who have been partially or totally dependent upon you for financial support and/or assistance during the last ten years?

**ANSWER:** Yes.

(12) If the answer to question no. 11 is yes, please state the names, addresses, sex, age and relationship of each such person and state the amounts that you contributed during the last ten years to the support of each.

**ANSWER:** Geraldine Kortekamp, wife, 27 Butler Road, Monson, MA 01057, DOB 5/21/1937. 100%

**OBJECTION**: Plaintiff objects to this interrogatory as being too burdensome to provide a response. It is difficult, if not impossible, to estimate with a numerical value the amount of financial support that I have provided to family over the last ten years. Without waiving said objection, plaintiff responds as follows:

See Answer to Interrogatory #11.



Aug 04 06 07:36a John Deaton, Esq. 401-351-6400 p.10

(13) State the amount of economic damages, if any, other than lost wages, which you contend that you have incurred as a result of the injuries which are alleged in the complaint, including (but not limited to) hospital charges, medical charges, medicines, funeral expenses, etc., and set forth as to each charge the person or entity to whom payment was made, and the date that such payments were made.

**ANSWER:**

As a result of my mesothelioma, I have incurred a substantial amount of medical bills in regards to my treatment. I continue to actively receive medical treatment and monitoring, therefore the exact amount of medical expenses cannot be determined at this time. However, my attorneys will provide an estimate of the medical expenses I have incurred on a continual basis that include charges by doctors, hospitals, nurses and prescription medicine. Copies of all such relevant bills and expenses will be sent to defendants as soon as plaintiff's counsel has received complete copies.

(14) State whether or not you smoke or smoked cigarettes, cigars, a pipe, or used any other tobacco substance from birth to the present time, and if yes, state the following:

(a) The period of time during which you smoked;

(b) The number of cigarettes or pack(s) of cigarettes, cigars, or pipes full of tobacco, smoked per day during that period of time (if it varies state the quantity for each given period of time);



Aug 04 06 07:36a John Deaton, Esq. 401-351-6400 p.11

(c) The brand of cigarettes smoked and whether they were filtered or non-filtered.

**ANSWER:** **OBJECTION.** Irrelevant. It is well-settled in the medical community that smoking does not cause mesothelioma. Without waiving Plaintiff states:

(a) 1956-1969

(b) 1956-1959 Cigarettes - 1 pack per week

1959-1969 Cigars – 3 per week

1959-1968 Pipe – 1 bowl per day

(c) Lucky Strike
Kent

(15) Were you ever advised by any physician to stop smoking or using tobacco products? If your answer is yes, identify each physician who gave any such advice, the dates on which the advice was given, and also state whether you followed the advice.

**ANSWER:** **OBJECTION.** Irrelevant. It is well-settled in the medical community that smoking does not cause mesothelioma. Without waiving Plaintiff states: No.

(16) Does your spouse smoke now or has she ever in the past? If so, answer the above question nos. 14 (a)-(c) as they apply to your spouse.

**ANSWER:** **OBJECTION.** Irrelevant. It is well-settled in the medical community that smoking does not cause mesothelioma. Without waiving Plaintiff states: Never.

(17) Does anyone in your household and/or work environment smoke now or in the past? If so, answer the above question numbers 14 (a) -(c) as they apply to the household person and/or work environment person.

**ANSWER:** **OBJECTION.** Irrelevant. It is well-settled in the medical community that smoking does not cause mesothelioma. Without waiving Plaintiff states: No.

(18) State whether or not you have consumed alcoholic beverages? If yes, state the following:

(a) When you began?

(b) On a daily basis, how many drinks do you have, and specify the kind(s) of drinks, i.e. beer, wine, or hard liquor?

(c) How does your present pattern of drinking differ, if at all, from your past pattern?

**ANSWER:** **OBJECTION:** This interrogatory seeks information that is neither relevant nor material, and is not reasonably calculated to lead to the discovery of admissible evidence. Not withstanding said objection plaintiff responds as follows: Socially.

(19) State whether or not, to the best of your knowledge and belief, you ever lived in a home, an apartment or worked in a building in which there was radon.

**ANSWER:** **OBJECTION:** This interrogatory seeks information that is neither relevant nor material, and is not reasonably calculated to lead to the discovery of admissible evidence. Not withstanding said objection plaintiff responds as follows: No.

(20) If your answer to interrogatory number (19) is in the affirmative, state the following:

(a) The times and/or periods of time during which you lived or worked at each place.

(b) The address of each and every such place; and

(c) If you are aware of the results of any radon tests conducted at any of the sites identified in response to subsection (b) above, state the results of those tests and the name and address of the person(s) who performed said test(s).



Aug 04 06 07:37a John Deaton, Esq. 401-351-6400 p.14

**ANSWER:** N/A

(21) Please indicate whether your residence, or to your knowledge your place of work, has ever been tested for radon exposure, and if so, the results of the tests.

**ANSWER:** **OBJECTION:** This interrogatory seeks information that is neither relevant nor material, and is not reasonably calculated to lead to the discovery of admissible evidence. . Not withstanding said objection plaintiff responds as follows: No.

(22) State the name and address of each physician or doctor with whom you treated or consulted for exposure to radon.

**ANSWER:** **OBJECTION:** This interrogatory seeks information that is neither relevant nor material, and is not reasonably calculated to lead to the discovery of admissible evidence. . Not withstanding said objection plaintiff responds as follows: N/A.

(23) State the name and address of each physician or doctor who ever diagnosed you as experiencing adverse health effects from exposure to radon.

**ANSWER:** **OBJECTION:** This interrogatory seeks information that is neither relevant nor material, and is not reasonably calculated to lead to the discovery of admissible evidence. . Not withstanding said objection plaintiff responds as follows: N/A.

(24) Have you ever made a claim for Workmen's Compensation Benefits?

**ANSWER:** No

(25) If the answer to question no. 24 is yes, set forth the following:

(a) Date of the claim(s);

(b) The injury for which each claim was filed;

(c) The employer at the time of the injury;

(d) The place where the claim was filed;

(e) The outcome of the claim.

**ANSWER:** N/A

(26) Have you ever testified at any Workmen's Compensation hearing?

**ANSWER**: No

(27) If your answer to question no. 26 is yes, please indicate the following:

(a) The name of the case in which you testified;

(b) The nature of your testimony;

(c) The date of your testimony;

(d) Place where you testified.

**ANSWER**: No

(28) If you have ever given testimony or a written or oral statement under oath in any form on any subject in any place or for any purpose, state separately for each such occasion the date, location, reason for giving testimony or statement, persons present, caption of case (if applicable), name of court reporter (if applicable), and whether you have a transcript or copy of such testimony or statement in your possession or custody.

**ANSWER**:

**OBJECTION:** The interrogatory seeks privileged material and information protected by attorney-work product, therefore is beyond the scope of discovery.

(29) State all injuries and physical abnormalities for which you are claiming compensation in this lawsuit.

**ANSWER:**

I am claiming compensation for my asbestos-related mesothelioma and other asbestos related pathologies.

(30) Describe any pain, incapacity, inability to act or work, or disability alleged to have resulted from the injuries and physical abnormalities you sustained.

**ANSWER:**

The following is only a partial summary of the pain, incapacity and distress that I have suffered and continue to suffer as a result of my asbestos-related injuries. I received a diagnosis of ______pleural mesothelioma______ on ___April 19, 2006. Since the onset of this disease I have experienced shortness of breath, coughing, fatigue, and physical pain. These conditions have limited me in many ways. I am no longer able to do many things that I once enjoyed. I cannot run and I was a sprinter in the Senior Olympics. Prior to my diagnosis I was very active

and very healthy. These were activities that I enjoyed regularly, but due to my pain and discomfort caused by pleural mesothelioma , I can no longer participate in them.

In addition my illness is a source of great anxiety and anguish for me. I do not want to suffer from these problems, which continue to worsen and limit my everyday activities. This causes me great distress; I am very scared of what the future holds for my family. I have been told that the medical bills could be exorbitant and I worry if I will be able to pay them. I also worry about who will take care of my wife.

(31) Set forth, to the best of your ability, the date when you first noticed any symptoms, which you now believe to be related to the disease or injury alleged in this lawsuit and a description to the nature of those symptoms.

**ANSWER:**

I first began to experience symptoms of my disease in the summer of 2005 .

(32) Set forth, to the best of your ability, the date when you first complained of any symptoms, which you now believe to be related to the disease or injury alleged in this lawsuit and describe the nature of your complaints.

**ANSWER:** Unsure

(33) Set forth the name and address of the doctor or physician who first diagnosed:

(a) Your illness and/or physical abnormality; and

(b) Who first diagnosed your condition as being asbestos related and set forth the date when each such diagnosis was made.

**ANSWER:** (a) Charles E. Cavagnaro III M.D., Wing Medical Center, 20 Daniel Shays Hwy., Belchertown, MA 01007

(b) Same as (a) above.

(34) When was the last time you saw a doctor for evaluation or treatment of the injuries, which you allege in the complaint? Please state the name and address of the doctor seen.

**ANSWER:**

I continue to treat my mesothelioma with an oncologist, Dr. Timothy Johnson at Wing Memorial Hospital, Palmer, MA. My last appointment was June 15, 2006.

(35) If you are still treating with or consulting any doctor(s) for whatever reason, please state as to each doctor:

(a) The name and address of the doctor;

(b) The date of your last visit/consult;

(c) The nature of your last visit/consult;

(d) The date of your next scheduled visit/consult.

**ANSWER:**

Please see response to interrogatory #34.

(36) If you have reached a settlement of your claim with any person who is named as a Defendant in this matter, describe all such settlements fully and completely.

**ANSWER:**

**OBJECTION:** The information sought is irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, any information concerning settlements is considered subject to the attorney-client privilege, as well as the work-product doctrine, and therefore beyond the scope of discovery. Without waving said objection, and in accordance with Justice Gibney's order, plaintiff will provide this information at a more appropriate time, on the cusp of trial.

(37) If you have reached a settlement of your claim with any person who is not named as a Defendant in this matter, describe all such settlements fully and completely.

**ANSWER:**

**OBJECTION:** The information sought is irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, any information concerning settlements is considered subject to the attorney-client privilege, as well as the work-product doctrine, and therefore, is beyond the scope of discovery.

Without waiving said objection, and in accordance with Justice Gibney's order, the plaintiff will provide this information at a more appropriate time, on the cusp of trial.

(38) If you have made or intend to make a claim against any allegedly bankrupt entity (whether or not that entity has been named as a party Defendant in this action), including, but not limited to, the Manville Personal Injury Settlement Trust, the Eagle Picher Bankruptcy, the Celotex Bankruptcy, the UNARCO Bankruptcy, the H.K. Porter Bankruptcy, the Nicolet Bankruptcy, the Keene Bankruptcy, please list each such claim (made or intended) separately in response to this interrogatory.

**ANSWER:**

**OBJECTION:** The information sought is irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, any information concerning settlements is considered subject to the attorney-client privilege, as well as the work-product doctrine, and is, therefore, beyond the scope of discovery.

Without waiving said objection and in accordance with Justice Gibney's order plaintiff will provide this information at a more appropriate time, on the cusp of trial.

(39) If you have ever filed a civil lawsuit for any purpose in any location at any other time, please state separately as to each such lawsuit all the dates of filing, type of claim, case caption, court location and name, name of attorney representing you, name of attorney representing your adversary and disposition of case.

**ANSWER:**

**OBJECTION:** The information sought is irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is overly broad and burdensome, and is considered to be a harassment of the plaintiff.

(40) State the names and addresses of all experts whom you intend to call as an expert witness at trial.

**ANSWER:**

**OBJECTION:** This interrogatory is premature. An appropriate response to this interrogatory will be provided in accordance with a Pre-Trial Discovery Timeline agreed upon by all parties regarding the production and disclosure of experts. Notwithstanding said objection, plaintiff incorporates the "Statement Concerning Testimony of Expert Witnesses" filed in the matter of In Re: Asbestos Litigation, #01-6444 in December 2001. Plaintiff reserves the right to supplement this response as discovery continues.

(41) For each witness identified in response to interrogatory number (40), state:

(a) The subject matter on which each expert is expected to testify;

(b) The substance of the facts and opinions to which each expert witness is expected to testify;

(c) A summary of the grounds for each opinion of each expert witness expected to testify at trial.

**ANSWER:**

**OBJECTION:** See response to interrogatory #40. Plaintiff will supplement this response with additional and more detailed expert information as discovery continues.

(42) Identify and describe all samples, photographs, or other depictions of any product, or product label, instruction sheet, brochure or package pertaining to any product, allegedly mined, manufactured, processed, imported, converted, distributed or sold by any Defendant which you have in your custody or control.

**ANSWER:**

**OBJECTION:** The information sought is burdensome, overly broad and constitutes a harassment of the plaintiff.

(43) As to each and every employer you have had from the time you were first employed to the present, set forth the following: Use attached chart.

**ANSWER:**

See attached chart marked 'Exhibit A.'

(44) As to each doctor or other health care professional whom you have consulted with during your life for any reason, please set forth the following:

**ANSWER:**

See attached chart marked 'Exhibit B.'

45) As to each hospital in which you have been a patient during your life, please set forth the following:

a) Name and Address of Hospital

b) Date of Admission

c) Reason for hospitalization

**ANSWER:**

See attached chart marked 'Exhibit C.'

II. **REQUEST TO PRODUCE**

Please provide the following documents:

(a) If you are claiming that you have lost wages as a result of the injuries alleged in your complaint, your income tax returns for the past three years.

**OBJECTION:** Plaintiff will produce an authorization to allow defendants to obtain such information as specified in the Case Management Order. To the extent this request goes beyond the Case Management Order, Plaintiff objects.

(b) If you are claiming that you have incurred medical expenses as a result of the injuries alleged in your complaint, copies of all itemized bills covering all such expenses.

**OBJECTION:** Plaintiff will produce an authorization to allow defendants to obtain such information as specified in the Case Management Order. To the extent this request goes beyond the Case Management Order, Plaintiff objects. Without waiving said objection, Plaintiff will supplement any medical bills in the future once we obtain copies of them.

(c) Copies of all reports, correspondence and records from each doctor or hospital where or by whom you have been seen or treated at any time.

**OBJECTION:** Plaintiff will produce an authorization to allow defendants to obtain such information as specified in the Case Management Order. To the extent this request goes beyond the Case Management Order, Plaintiff objects. Without waiving said objection, Plaintiffs have produced copies of medical records in their possession.

(d) If your answer to interrogatory number 24 is yes, produce all documents in your possession or in the possession of your attorney which relate to this claim or its outcome, including, but not limited to, the application, supporting physicians' reports, supporting medical records, transcripts of hearings, or copies of depositions taken regarding said claim.

**OBJECTION:** Invades attorney work-product, not calculated to lead to discoverable evidence. To the extent any such claim was for something other than an asbestos-related disease, it is overbroad, irrelevant and immaterial. To the extent it requests information related to an asbestos-related disease claim, it is overly broad and unduly burdensome.

(e) Produce copies of all notes or records kept by you and prepared by you during the course of your employment, which relate to the dates on which you worked for particular employers or at particular job locations, the products you or others used at such jobsites or while employed by such employers and/or the names of your co-workers at such jobsites or while employed by such employers.

**OBJECTION:** This request is overly broad and burdensome, and constitutes a harassment of the plaintiffs. Without waiving said objection, plaintiff does not have any such records.

(f) Produce copies of all applications for disability claims or disability pensions made by you during the course of your lifetime.

**OBJECTION:** Not reasonably calculated to lead to the discovery of admissible evidence. To the extent any such claim was for something other than an asbestos-related disease, it is overbroad, irrelevant and immaterial. To the extent it requests information related to an asbestos-related claim, it is overly broad and unduly burdensome.

(g) Produce copies of all proofs of claims filed in connection with or resulting from a bankruptcy or reorganization proceeding of a company which manufactured, sold,



Aug 04 06 07:39a John Deaton, Esq. 401-351-6400 p.29

distributed or otherwise placed said asbestos or asbestos containing materials into the stream of commerce.

**OBJECTION**: The material sought is irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, and pursuant to Judge Gibney's order, plaintiffs will produce settlement information including proofs of claims for bankrupt defendants on the cusp of trial.

(h) Produce copies of all proofs of claims submitted in connection with any bankruptcy of Chapter 11 proceedings of an asbestos company as presented in Interrogatory number (38).

**OBJECTION**: The material sought is irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, and pursuant to Judge Gibney's order, plaintiffs will produce settlement information including proofs of claims for bankrupt defendants on the cusp of trial.

(i) Produce copies of any photographs, or other depiction of any product label, instruction sheet, brochure or package identified or described in response to Interrogatory Number (42).

**OBJECTION**: This request is overly broad, unduly burdensome and invades attorney work-product privilege. This information is as available to the Defendants as to the Plaintiff, as such information originated with the Defendants.

(j) Produce any invoices, purchase orders, correspondence, shipping records or other documents which you contend support the presence of any asbestos containing product at any worksite listed in response to Interrogatory Number (43).

**OBJECTION**: This request is overly broad and unduly burdensome. This information is more available to the Defendants since it originated with them, and is in violation of Judge Gibney's order.

(k) Please sign the attached medical authorization form where indicated.

**ANSWER:** Medical Authorization is attached

# PLAINTIFF'S CERTIFICATION

This is to certify that I, Jack M. Kortekamp, the plaintiff in this action, have read the foregoing Answers to Interrogatories and Requests for Production and state that they are true and accurate to the best of my knowledge and belief on this 23rd day of June, 2006.

Jack M. Kortekamp

STATE OF: MASSACHUSETTS
COUNTY OF:

On this 23rd day of June, 2006, before me, personally appeared, Jack Kortekamp, under oath, the truth of the foregoing responses to Interrogatories and Requests for Production and also acknowledged their execution of the above document.

DENISE MARIE LAPENAS
Notary Public
Commonwealth of Massachusetts
My Commission Expires Dec 29, 2011

Notary Public
My Commission Expires: 12/29/06

THE PLAINTIFF

BY________________________________

John E. Deaton, Esq. (Bar #6537)

The Deaton Law Firm
One Richmond Square, 134 C
Providence, RI 02906

## CERTIFICATION

This is to certify that a copy of the above document was mailed first-class, postage prepaid to all counsel on the attached service list, on this the 2 day of Aug, 2006.

________________________________

John E. Deaton, Esq.



Aug 04 06 07:39a John Deaton, Esq. 401-351-6400 p.33

Name: Jack Kortekamp
Initials: JK

**EXHIBIT A: EXPOSURE CHART**

*This represents the palintiff's present recollection and may be supplemented as time and memory allow.*

| DATE | JOBSITE | CONTRACTOR/ EMPLOYER | CO-WORKER (S) | PRODUCT/ MANUFACTURES | JOB DUTIES |
|---|---|---|---|---|---|
| 2001-2004 | Chicopee, MA | Facemate Corp. | Eddie Morzinski, Chicopee, MA | Boilers, compressors, pumps, pipe and block insulation, asbestos gaskets and packing | Chief Boiler Plant Engineer |
| 1999-2001 | St. Vincent Hospital, Worchester, MA | NRC Corp. | None | Boilers, pumps, compressors, valves, asbestos gaskets and packing, asbestos pipe insulation and block insulation | Operating Boiler Engineer |
| 1993-1999 | Holyoke Community College, Holyoke, MA | Holyoke Community College | Mike Giampetro | Boilers, pumps, compressors, valves, asbestos pipe and block insulation, asbestos gaskets and packing | Chief Power Plant Engineer |
| 1988-1993 | Monson, MA | Monson Developmental Center | George Sicara, Mike Hurley | Valves, compressors, pumps, boilers and steam turbines, asbest6os gaskets and packing, Bakelite | Assistant Chief Engineer |

| | | | | | |
|---|---|---|---|---|---|
| 1973-1988 | U of Massachusetts; Amherst College; Esleeck Manufacturing Co.; Greenfield Hospital, Baldwinville, MA; Gardner State Hospital, MA; Nicholson Stone, Co.; Quavuogh Rubber Company; Monson Developmental Center; Crane Company; Hodges Carpet Company; Westfield State College; Textron Corp.; General Cable Corp.; Hale Manufacturing; Gerould Manufacturing Co.; New Kendal Co.; North Hampton State Hospital; Belchertown State School. May be supplemented as discovery and investigation are | Barclay Chemical Company | William "~~Bill~~" Britt | Boilers and cooling towers, asbestos gaskets, packing, block and pipe insulation, transitc panels | Senior Sales and Service Engineer |

| | | | | | |
|---|---|---|---|---|---|
| | continuing. | | | | |
| 1969-1973 | Monson, MA | Zero Manufacturing Co. | Ken Malita<br>George Sicard | Boilers and steam turbines, pumps, valves, compressors, asbestos gaskets and packing, asbestos pipe and block insulation | Engineer in charge of boilers and steam turbines |
| 1967-1969 | W. Springfield, MA | Agri-Mark | Tim Gallagen, Brian O'Mette | Boilers, steam turbines, pumps, valves, compressors, asbestos packing, preformed or sheet gasket, asbestos pipe and block insulation | Engineer in charge of boiler operations |
| 1967 | Linwood, MA | M. DeYoung Construction | None | Asbestos felt and shingles, asbestos board, gypsum joint compound | Roofer and Plaster Helper |
| 1963-1967 | Parr Shoals, SC | Carolina-Virginia Nuclear Power Plant Assoc. | Ed Fedol<br>Tom Glenn | Piping, valves, compressors, turbines, boilers, compressors, asbestos block and pipe insulation, asbestos gaskets and packing | Technician advancing to Shift Supervisor |

| | | | | | |
|---|---|---|---|---|---|
| 1961 | MA | JJ O'Donnell | Edward Genus, Auburn, MA | Boilers, valves, pumps and compressors, asbestos pipe insulation and cement, asbestos gaskets and packing | Operator/Stationary Fireman |
| 1956-1962 | Shipyard, NY; USS Skate SSN 578 | US Navy | Theodore Archambault, 1226 Pheasant Street, Fall River, MA 02723<br><br>Raymond Aten, 17807 SE 95th Circle, Summerfield, FL 34491<br><br>George Bible, 1842 Lively Rd., #5, Maryville, TN 37801<br><br>David Boyd, 726- San Ysidro Ln., Santa Barbara, CA 93108<br><br>Richard Boyle, PO Box 157, Los Ojos, NM 87551<br><br>Walter Bydairk, 443 Robert Drive, Ballston SPA, NY 12020 | Pumps, compressors, turbines, reactors, valves, piping, boilers, electrical, asbestos pipe/block/blanket insulation and asbestos cement, asbestos sprayed insulation, asbestos gaskets/packing, Bakelite insulation board, asbestos blankets & gloves | Engine Room Operator and Machinist Mate 1st Class |

| | | | | | |
|---|---|---|---|---|---|
| | | | Roderick Cashes, 159 Grove Street, Clinton, MA 01510<br><br>Ted Dick, 115 S. 4th., Fowler, CA 93625<br><br>Paul Dornberg, 3059 Chimayo Lane, Las Vegas, NV 89122<br><br>Bernard Flanagan, 4102 Sweet Bay Drive, Mims, FL 32757<br><br>Otis Franks, 4520 Stone Wydne Drive, Louisville, KY 40272<br><br>Bill Gardner, 11188 Upton rd., Windsor, MO 65360<br><br>Joe Haley, 1203 Shoreside Dr., Hendersonville, TN 37075<br><br>Charles Hall, 15 McElaney Dr., Niantic, CT 06357<br><br>Bill Holzendorf – bholzendorf@msn.com | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | Jim Hubble, 2207 Valley Dr., Idaho Falls, ID 83401<br><br>Frank Imlay, 1391 W. 1225 S, Cedar City, UT 84720<br><br>Al Ingham, 47 Valley Brook Dr., Feeding Hills, MA 01030<br><br>Val Keaveny, 2803 Anderson Hill rd. S.W., Port Orchard, WA 98366<br><br>Richard King, 15 Orchard Lane, Mystic, CT 06355<br><br>Bob Law, 469 Severnside Dr., Severna Park, MD 21146<br><br>Williard Lay, RR 1, Box 203, Bradley, AR 71826<br><br>William Layman, 11545 Crestridge Dr., Los Altos, CA 94024 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Archie Lusk, 3230 Grand Ave., DeLand, FL 32720<br><br>John Medaglia, 27 Amherst Rd., Newton, MA 02168<br><br>David Mitchell, 20926 Peppertrec Lane, Cupertino, CA 95014<br><br>Tony Morris, 64 Johnson Rd., Marlboro, CT 06447<br><br>Bob Moyle, 10 Woodland Rd., Fleetwood, PA 19522<br><br>John Nicholson, 7080 Caminito Manersa, La Jolla, CA 92037 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1955-1956 | Millbury, MA | Felters Company | Larry Thayer | Boilers, valves, gauges, compressors, condensers, steam turbines, pumps, asbestos insulation, gaskets, asbestos packing, asbestos cement | Operating Fireman in boiler room |
| 1955 | Worcester, MA | Worcester State Hospital | None | Boilers, valves, gauges, compressors, condensers, steam turbines, pumps, asbestos insulation, gaskets, asbestos packing, asbestos cement | Operating Fireman in boiler rooms |
| 1953-1955 | Millbury, MA | Millbury Motor Company | Lincoln Bourdon, Owner; Tainer Hill, Millbury, MA | Asbestos gaskets, brakes and clutches | Mechanic Helper |

Initials:

**EXHIBIT B - PHYSICIANS**
**JACK KORTEKAMP**

*Discovery is ongoing. This chart represents the information that is currently available and may be supplemented in the future.*

| Physician's Name and Address | Date of Consultation | Reason for Consultation |
|---|---|---|
| Dr. Cavagnaro III MD<br>Wing Medical Center<br>20 Daniel Shays Hwyl<br>Belchertown, MA 01007 | 2004<br><br><br>February 2006 | Rotor Cuff x-ray<br>Upper GI – Acid Reflux<br>Physical every two years<br>Shortness of breath – diagnosed with mesothelioma |
| Dr. John N. Landis MD<br>Baystate Pulmonary<br>3300 Main Street<br>Suite 2A<br>Springfield, MA 01199 | 2006 | Pulmonologist – treatment for mesothelioma |
| Dr. Ciaran J. McNamee<br>UMass Memorial Medical Group<br>67 Belmont Street<br>Worcester, MA 01605 | 2006 | Thoracic surgery |
| Armando E. Frairie, MD<br>Zhong Jiang, MD<br>Barbara F. Banner<br>Pathologist<br>UMass Memorial Medical Center<br>119 Belmont Street<br>Worcester, MA 01605 | 2006 | Diagnosis of mesothelioma |
| Dr. Timothy Johnson<br>Oncologist<br>Wing Memorial Hospital<br>Palmer, MA | 2006 | Treatment for mesothelioma |

Initials ____

**EXHIBIT C - HOSPITALS**
**JACK KORTEKAMP**

*Discovery is ongoing. This chart represents the information that is currently available and may be supplemented in the future.*

| Name and Address of Hospital | Dates of Admisison | Reason for Admission |
|---|---|---|
| Wing Memorial Hospital<br>40 Wright Street<br>Palmer, MA 01069 | 2006 - Outpatient | Fluid on lung and testing |
| UMass Memorial Medical Center<br>119 Belmont Street<br>Worcester, MA 01605 | 2006 | Thoracic Surgery |