**AFFIDAVIT OF ADMIRAL BEN J. LEHMAN, U.S. NAVY, RET.**

1. I am a retired Rear Admiral of the United States Navy. Before joining the Navy in 1942, I received a Bachelor of Science degree in Mechanical Engineering from the College of the City of New York. After joining the Navy, I was ordered to study naval architecture and marine engineering at Massachusetts Institute of Technology (MIT). Later, I completed the United States Post-Graduate School program in Naval Engineering Design. I received a Master of Science in Mechanical Engineering from Harvard University in 1949. I have also studied Design Philosophy and Advanced Stress Analysis at Stanford University. While in the United States Navy, I served as Ship Superintendent and Planning Officer at the Brooklyn Navy Yard between 1942 and 1944, as a Ship Superintendent at the San Francisco Naval Shipyard from 1950 and 1952, and as a Planning Officer at the Assistant Industrial Manager Office in San Francisco from 1952 to 1954. I was promoted to Rear Admiral in 1977 in the Naval Reserve. I worked as an engineer at General Electric Company between 1946 and 1948. I held the positions of Director of Engineering and Vice-President of Engineering at two major ship building companies between 1969 and 1975. During all these periods I have maintained close contact with the U.S. Navy, including periods of active duty in the Department of Defense and the Naval Sea Systems Command in Washington, D.C. I have been an independent consultant since 1975. I have personal knowledge of the facts contained herein.

2. I submit this Affidavit to attest to the level of supervision and control by the United States Navy and its officers over every aspect of the design and manufacture of equipment intended for installation on Navy vessels.

3. During my tenure in the Navy and as Ship Superintendent, I was personally involved with the supervision or oversight of ship alterations and equipment overhauls at the New York Naval Shipyard (formerly the Brooklyn Navy Yard). Any deviation from military specifications of



Exh. D

equipment to be installed on ships would have resulted in significant problems and probable rejection of the equipment. The Navy could not, and did not, permit its contractors to implement any changes because every aspect of every item of equipment had to be: (1) functionally compatible with every other equipment and with available materials from the Navy Supply System; (2) compatible with the shipyard practices, training, tools and capabilities; and (3) consistent with the ability of the crew to maintain the ship during its service when shipyard help was unavailable using materials carried onboard.

4. In the 1940s and afterward, the Navy had complete control over every aspect of each piece of equipment. Military specifications governed every characteristic of the equipment used on Navy ships, including the instructions and warnings. Drawings for nameplates, texts of instruction manuals, and every other document relating to construction, maintenance, and operation of the vessel was approved by the Navy. This control included the decision of what warnings should or should not be included. Thus, the Navy controlled the decision making with respect to instructions and warnings on every piece of equipment.

5. Furthermore, the Navy had specifications as to the nature and content of all written material that was delivered with each piece of equipment, including turbines. The Navy was intimately involved with and had final approval of all technical and engineering drawings, operating manuals, safety or hazard information and any other written information that accompanied a piece of equipment. The Navy determined the nature of hazards to be subject to any precautionary labeling and the content of any such labeling. In short, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships and did not permit deviation from any of its contractors.

I decl: re under penalty of perjury that the foregoing is true and accurate.

Executed this 12th day of October, 2004

Ben J. Leluman, Rear Admiral U.S. Navy, Ret.

Sworn and subscribed to before me on this 12th day of October, 2004

L. McKAY
Notary Public - State of Nevada
Appointment Recorded in Douglas County
No: 99-36380-5 - Expires June 10, 2007

Notary Public