# Exhibit G

To Memorandum in Support of Plaintiffs' Motion For Remand
C.A. No. 08-043S

**Affidavit of John P. Shannon**

I, John P. Shannon, do hereby depose and say:

1. I am over the age of 18 and competent to testify regarding the matters set forth in this Affidavit. The matters set forth below are testified to upon my personal knowledge.
2. I first worked for General Electric as a technician in its engineering laboratory between 1952 and 1953. From 1953 through 1955, I served in the United States Marine Corps. From 1956-1959, I attended Siena College in Loudonville, NY, from which I graduated in 1959 with a BS in Physics. Upon graduation, in 1959, I accepted a position with GE in its rotating engineer program. My first assignment was as a Solid State Physics (Trainee). My second assignment was as an Engineering Aide at the Knolls Atomic Power Laboratory [KAPL]. At the end of this second assignment, of six moths, I was offered, and accepted, a permanent assignment as an Engineering Aide at the Knolls Atomic Power Laboratory ("KAPL"). This laboratory was operated by the General Electric Company for the sole purpose of designing Nuclear Power Plants for the Nuclear Navy
3. After several years I was appointed to the position of a full time Engineers position. During 1966 I was appointed the Cognizant Physicist for the design of the DIG CORE 2 design to be used as an advanced core design for surface ship Cruisers, and High Speed Nuclear Attack Submarines. Upon completing this assignment I was given the job of working with a group designing a type of reactor that, I believe, is still classified. I was than asked to accept the assignment as the Laboratories Engineer in charge of non-nuclear reactor safety. I spent several years in this job, at which time I was asked to add the Industrial Safety, and Industrial Hygiene to my responsibility, "...in order to bring these safety functions up to the same high level of safety as the Nuclear Safety Program...". This position included, but was not limited to issue of safety regarding exposure to asbestos.
4. KAPL was designed, constructed and operated by GE under contract with the United States Government. At the West Milton, NY portion of KAPL, sometimes know as the Kesselring site, GE designed, built and operated nuclear reactors for the Naval Reactors program. GE also designed, built and operated a training facility for the purpose of training Naval Officers, and Enlisted Navy personnel who would eventually serve on

board nuclear powered ships. The KSO facility included exact replicas of Nuclear Propulsion Plants to be used aboard Naval Surface Ships and Submarines.

5. I personally participated in the work GE performed at KAPL in designing the mock-ups upon which Navy personnel would train. I also personally participated in the design of reactors for the Navy. The relationship between GE and the Navy in connection with these two activities was the same. Specifically, the Navy would inform GE of the performance specifications it desired for a reactor and propulsion system. GE would then design and construct the system to meet the performance specifications of the Navy. GE was responsible for and performed the technical design of the systems. GE was also responsible for providing instructions regarding the operation of the systems and safety information.

6. While I was involved in the design of reactors and mock-ups for the Navy at KAPL, GE was responsible for conducting its work in a safe manner. GE was also responsible for designing and building safe systems. During this time, I am unaware of GE ever requesting permission from the Navy to warn about the hazards of asbestos to persons at KAPL. Similarly, I am unaware of any instance during this time that GE was ever refused permission by the Navy to take any action that would have increased safety to the persons working at KAPL. When I took over the position of non-nuclear reactor safety at KAPL for GE, evaluating and warning about the hazards of asbestos at KAPL was part of my job description and part of GE's responsibility, although my attempts to do so were continually frustrated by GE's KAPL management.

7. I have read the Affidavits of Admiral Lehman and David Hobson submitted in this case. Both Affidavits appear to be discussing matters relating to activities aboard ships. In the more than 30 years that I spent at KAPL, I do not recall ever meeting or coming across either Admiral Lehman or Mr. Hobson. While I do not have knowledge regarding the relationship between GE and the Navy aboard ships, I can state based, upon my personal knowledge, and over 30 years at KAPL, that the suggestion by GE that the Navy prohibited it from *warning* about the hazards of asbestos *at KAPL* is false. To the contrary, GE directly prohibited me from warning workers about the hazards of asbestos at KAPL. In point of fact, I can recall requesting a meeting to be held in the Office of the Safety Manager at KSO [Donald Martin - A GE Employee] to discuss what should be



FEB-15-08 FRI 11:16 AM JOHN SHANNON 518 587 3245 P.02

done regarding the asbestos nightmare at the KSO. The Manager who would be in charge of doing the actual cleanup [a gentlemen by the name of Brown [a GE Employee] asked me if I really thought that NR [Naval Reactors] would provide the funds for such a cleanup. I told him I had no idea, but we should formally make the request so that GE would not be responsible for not even requesting the money. Mr. Brown walked out of the meeting. The KSO manager of Safety terminated the meeting.

8. While I also believe that the Navy should have done more to either require GE to warn workers at KAPL, or to take steps to warn the workers directly, I can categorically state upon my personal knowledge and experience that GE's failure to warn was of GE's volition and not pursuant to any order by the Navy.

9. I have not received any compensation of any kind in connection with the preparation and signing of this Affidavit. I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2008.

I declare under penalty of perjury that the forgoing is true and accurate.

Executed this ~~14th~~ 15th day of February, 2008.

John P. Shannon

**SUBSCRIBED TO AND SWORN TO BEFORE ME,** the undersigned authority, on this 15th day of February, 2008.

Notary Public in and for the
State of **New York**

KEITH DeMICHELE
Notary Public, State of New York
Reg. 01DE5044220
Qualified in Schenectady County
My Commission Expires May 22 2011

My commission expires: ____________



FEB-15-08 FRI 11:16 AM JOHN SHANNON 518 587 3245 P.03