# Exhibit J

To Memorandum in Support of Plaintiffs' Motion For Remand
C.A. No. 08-043S

LEXSEE 1996 U.S. DIST. LEXIS 13535

Caution
As of: Feb 15, 2008

**ROBERT S. OVERLY and LOUISE S. OVERLY, Plaintiffs, v. RAYBES-TOS-MANHATTAN, et al., Defendants.**

**No. C-96-2853 SI**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

***1996 U.S. Dist. LEXIS 13535***

**September 6, 1996, Decided**
**September 9, 1996, FILED; September 12, 1996, ENTERED IN CIVIL DOCKET**

**PRIOR HISTORY:** [*1] 977927.

**DISPOSITION:** Plaintiffs' motion to remand GRANTED. Plaintiffs' motion for reasonable costs and attorney fees incurred as a direct consequence of removal GRANTED in the amount of $ 2,000.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff, former employee, filed a motion to remand his products liability action against defendant, former employer, to the San Francisco County Superior Court (California), and requested attorneys' fees, pursuant to the Federal Officer Removal Statute (Act), *28 U.S.C.S. § 1442(a)(1)*.

**OVERVIEW:** After being diagnosed with cancer, the former employee filed a failure to warn products liability action against the former employer. The claim was filed in state court and the former employer removed it to the court. The former employee filed a motion to have the case remanded to state court. The court held that pursuant to the Act, an action may be removed by any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office. The court relied on the Mesa test and granted the former employee's motion. The Mesa test required the moving party to: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable federal defense to plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and the acts defendants performed under color of federal office. The court held that absent a showing by the former employer that the federal government gave specific instructions to it not to warn employees of the existence of asbestos, it was offered no protection by government contractor immunity. Therefore, the former employer had no basis on which to assert application of the Act.

**OUTCOME:** The court granted the former employee's motion, remanding the case to state court and awarding reasonable costs and attorneys' fees associated with removal.

**CORE TERMS:** removal, asbestos, federal officer, contractor, colorable, federal law, original jurisdiction, specifications, immunity, causal, attorney fees, federal jurisdiction, federal government, products liability, failure to warn, design defect, shipyard, warning, warn, ships, exposure, state law, supplemental, guidelines, military, harbors, naval, color, nexus, prong

**LexisNexis(R) Headnotes**

***Admiralty Law > Practice & Procedure > Jurisdiction***
***Admiralty Law > Practice & Procedure > Statutory Authority***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > General Overview***
[HN1] A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. *28 U.S.C.S. § 1441(a).* Three potential bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction under *28 U.S.C.S. § 1331, (2)* admiralty jurisdiction under *28 U.S.C.S. § 1333*, and *(3)* supplemental jurisdiction under *28 U.S.C.S. § 1367.*

***Civil Procedure > Jurisdiction > Jurisdictional Sources > Constitutional Sources***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > General Overview***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview***
[HN2] *28 U.S.C.S. § 1331* states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

***Admiralty Law > Practice & Procedure > Jurisdiction***
***Admiralty Law > Practice & Procedure > Statutory Authority***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > General Overview***
[HN3] Under *28 U.S.C.S. § 1333*, the district courts shall have original jurisdiction, exclusive of the courts of the states, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

***Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction > Pendent Parties***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction > Same Case & Controversy***
[HN4] Supplemental or pendent party jurisdiction exists where claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. *28 U.S.C.S. § 1367(a).* The court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *28 U.S.C.S. § 1367 (c).*

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview***
***Civil Procedure > Removal > Postremoval Remands > Jurisdictional Defects***
***Civil Procedure > Appeals > Remands***
[HN5] A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *28 U.S.C.S. § 1447(c).* The court may remand sua sponte or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction.

***Civil Procedure > Removal > Postremoval Remands > Jurisdictional Defects***
***Civil Procedure > Appeals > Remands***
[HN6] The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > General Overview***

[HN7] A cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Federal Questions > General Overview***
[HN8] The court may examine the entire record to determine if the real nature of a claim is federal, notwithstanding plaintiff's characterization to the contrary, when the plaintiff has, by artful pleading, attempted to defeat defendant's right to a federal forum. A complainant cannot avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.

***Civil Procedure > Removal > Basis > General Overview***
***Governments > Federal Government > Claims By & Against***
***Governments > Federal Government > Employees & Officials***
[HN9] The Federal Employee Removal Statute was enacted as a means for federal employees to bypass the well-pleaded complaint rule and raise immunity-related defenses as a basis for removal.

***Civil Procedure > Removal > Basis > Cases Involving Federal Officers***
***Governments > Federal Government > Claims By & Against***
***Governments > Federal Government > Employees & Officials***
[HN10] The Federal Officer Removal Statute provides that an action may be removed by any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office. Title *28 U.S.C.S. § 1442(a)(1)*. The Supreme Court held that *§ 1442(a)(1)* requires the moving party to: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable federal defense to plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and the acts defendants performed under color of federal office. Before applying the Mesa test, however, a defendant must qualify as a "person" for the purposes of *28 U.S.C.S. § 1441(a)(1)*.

***Admiralty Law > Personal Injuries > Maritime Workers' Claims > Longshore & Harbor Workers' Compensation Act***
***Torts > Transportation Torts > General Overview***
***Workers' Compensation & SSDI > Maritime Workers' Claims > Compensability > General Overview***
[HN11] The Longshore and Harbor Workers Compensation Act provides a basis for compensation from employers to certain employees injured in the course of employment while working upon navigable waters or the harbors and shipyards adjoining such waters. *33 U.S.C.S. § 903*.

***Torts > Products Liability > Design Defects***
***Torts > Public Entity Liability > Immunity > General Overview***
***Torts > Public Entity Liability > Liability > General Overview***
[HN12] Under the government contractor defense theory, contractors who supply military equipment to the government are immunized from liability under state tort law providing that they can meet the test outlined in Boyle. In Boyle, the court set the standard for finding state law liability for design defects in military equipment. Military contractor immunity for design defects applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

***Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution***
***Torts > Products Liability > Duty to Warn***
***Torts > Transportation Torts > General Overview***
[HN13] The Ninth Circuit has ruled that in failure to warn product liability cases involving asbestos allegedly used in the construction of naval ships, a defendant must specifically show that in making its decisions regarding warnings it was acting in compliance with reasonably precise specifications imposed on it by the United States. Thus, in order to

meet the Boyle test in a failure to warn case, defendant must show that the government affirmatively instructed it regarding the provision of warnings.

***Civil Procedure > Removal > Basis > General Overview***
***Torts > Negligence > Causation > General Overview***
[HN14] The final requirement under the Mesa test is that there be a causal nexus between the rules imposed by the United States on the defendant contractor by the federal government and the liability asserted by plaintiff. There must be a causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the state prosecution has arisen out of the acts done by the officer under color of federal authority and in enforcement of federal law.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview***
***Civil Procedure > Removal > Postremoval Remands > Jurisdictional Defects***
***Civil Procedure > Remedies > Costs & Attorney Fees > Costs***
[HN15] *28 U.S.C.S. § 1447(c)* provides that when granting a motion for remand on the basis of a lack of federal subject matter jurisdiction, a court may order defendant to pay plaintiff its just costs and any actual expenses, including attorney fees, incurred as a result of the removal. An award under *§ 1447(c)* is entirely within the court's discretion.

**COUNSEL:** For ROBERT H. OVERLY, Plaintiff: Harry F. Wartnick, Brenda D. Posada, Steven M. Harowitz, Wartnick Chaber Harowitz Smith & Tigerman, San Francisco, CA.

For LOUISE S. OVERLY, Plaintiff: Harry F. Wartnick, (See above). Brenda D. Posada, (See above). Steven M. Harowitz, (See above).

For AVONDALE INDUSTRIES, INC. fdba Avondale Shipyards, Inc., defendant: Christopher B. Bruni, Douglas Garth Wah, Adams Nye Sinunu Walker, San Francisco, CA.

**JUDGES:** SUSAN ILLSTON, United States District Judge

**OPINION BY:** SUSAN ILLSTON

**OPINION**

**ORDER REMANDING CASE TO SUPERIOR COURT**

On September 6, 1996, the Court heard argument on plaintiffs' motion to remand. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS plaintiffs' motion to remand this case to San Francisco County Superior Court. The Court also GRANTS plaintiffs' motion for attorney fees and costs under *28 U.S.C. § 1447(c)*.

**BACKGROUND**

On April 30, 1996, plaintiffs filed the complaint in this action in San Francisco [*2] County Superior Court. The Superior Court granted trial preference to the case pursuant to California Code of Civil Procedure § 36(d), because Mr. Overly is dying and is expected to survive only a few months; trial was set for October 7, 1996.

On August 9, 1996, after the trial date had been set, defendant Avondale Industries, Inc. removed the case to federal court pursuant to *28 U.S.C §§ 1441*, *1442*, and *1446*. On August 20, 1996, plaintiffs filed a motion to remand and requested that it be heard on an expedited basis.

According to the allegations of the complaint, plaintiff Robert Overly was exposed to asbestos while working in a shipyard in the 1960's. Defendant Avondale controlled part of the premises of Mr. Overly's employment during this period of time. Plaintiffs' complaint alleges that Avondale knew or should have known that the premises it controlled contained hazardous conditions, namely products containing asbestos. Plaintiffs further allege that defendant hired con-

tractors and subcontractors who used products containing asbestos, but failed to warn individuals in the surrounding area of the existence of asbestos or to take precautions against human exposure to the chemical.

[*3] Plaintiffs allege that, as a result of exposure to asbestos while working in the shipyard, Mr. Overly acquired mesothelioma, a cancer usually resulting from asbestos exposure. In May of this year, Mr. Overly was diagnosed with six months remaining to live. Plaintiffs have proceeded against Avondale on the "failure to warn theory" of products liability.

Avondale does not contest Mr. Overly's assertion that he was exposed to asbestos during his work on the Avondale shipyard. Instead, it claims that the work done by Mr. Overly consisted primarily of work on naval ships, and that Avondale is therefore protected by government contractor immunity. Avondale asserts that it was under rigid guidelines by the federal government concerning the design of naval ships. Thus, Avondale asserts that it is entitled to the protection of the Federal Officer Removal Statute, thereby providing grounds for federal jurisdiction.

**LEGAL STANDARD**

[HN1] A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. *28 U.S.C. § 1441(a)*; *Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977)*. Three potential bases

[*4] for federal subject-matter jurisdiction are relevant to this suit: (1) federal question jurisdiction under *28 U.S.C. § 1331*, [1] *(2)* admiralty jurisdiction under *28 U.S.C. § 1333*, [2] and *(3)* supplemental jurisdiction under *28 U.S.C. § 1367*. [3]

1 [HN2] *28 U.S.C. § 1331* states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2 [HN3] Under *28 U.S.C. § 1333*, "the district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

3 [HN4] Supplemental or pendent party jurisdiction exists where claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *28 U.S.C. § 1367(a)*.

The Court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *§ 1367 (c)*.

[*5] [HN5] A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See 28 U.S.C. § 1447(c)*. The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)* (citing *Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921)*).

[HN6] The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)*.

The existence of federal jurisdiction on removal must normally be determined on the face of the plaintiff's complaint. *See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 53 L. Ed. 126, 29 S. Ct. 42 (1908)*. [HN7] A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co v. Taylor, 481 U.S. 58, 63, 95 L. Ed. 2d 55, 107 S. Ct.*

[*6] *1542 (1987)*.

However, [HN8] the Court may examine the entire record to determine if the real nature of the claim is federal, notwithstanding plaintiff's characterization to the contrary, when the plaintiff has, by "artful pleading," attempted to defeat defendant's right to a federal forum. *See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981)*; *Salveson*, 525 F. Supp. at 572. A complainant cannot "avoid federal jurisdiction simply

by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Harper v. San Diego Transit Corp., 764 F.2d 663, 666 (9th Cir. 1985).*

[HN9] The Federal Employee Removal Statute was enacted as a means for federal employees to bypass the well-pleaded complaint rule and raise immunity-related defenses as a basis for removal.

**DISCUSSION**

**I. *Jurisdiction Under the Federal Officer Removal Statute***

[HN10] The Federal Officer Removal Statute provides that an action may be removed by "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." Title *28 U.S.C.*

[*7] *§ 1442(a)(1)*. In *Mesa v. California, 489 U.S. 121, 103 L. Ed. 2d 99, 109 S. Ct. 959 (1989)*, the Supreme Court held that *§ 1442(a)(1)* requires the moving party to: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable federal defense to plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and the acts defendants performed under color of federal office. *Id. at 124-25, 134-35*. Before applying the test outlined in *Mesa*, however, a defendant must qualify as a "person" for the purposes of *28 U.S.C. § 1441(a)(1)*. As a corporation, defendant Avondale meets this preliminary requirement. *Fung v. Abex Corp., 816 F. Supp. 569, 572 (N.D. Cal. 1992).*

**A. Acts Under the Direction of A Federal Officer**

Under the first prong of the *Mesa* test, defendant must show that it was acting under the direction of a federal officer. It is not enough to prove only that "the relevant acts occurred under the general auspices of" a federal officer, *Ryan v. Dow Chemical Co., 781 F. Supp. 934, 946 (E.D.N.Y. 1992)*, or that the defendant was a member of a regulated industry. *Id.*; *Bakalis v. Crossland Sav. Bank,*

[*8] *781 F. Supp. 140, 144-45 (E.D.N.Y. 1991)*. In the area of product liability, government contract immunity has been limited to cases where defendant companies can show "strong government intervention and the threat that a defendant will be sued in state court 'based upon actions taken pursuant to federal direction.'" *Fung v. Abex Corp., 816 F. Supp. at 573* (quoting *Gulati v. Zuckerman, 723 F. Supp. 353 (E.D.Pa. 1989)).*

In this case, the liability asserted by the plaintiffs is limited to the failure to warn theory of products liability. Plaintiffs allege that because Avondale failed to warn Mr. Overly of the existence of asbestos in his work environment, Avondale should be held liable for his resulting illness. Plaintiffs are not pursuing a design defect claim of products liability and have offered in writing to waive all potential claims related to design defects.

Although Avondale has established that it was under substantial control by the government regarding the installation of certain products containing asbestos, it has not done so with regard to the warning of individuals of the presence of asbestos on the job site.

**B. Colorable Federal Defense**

The second prong

[*9] of the *Mesa* test is that defendant must possess a colorable federal defense. Defendant Avondale presents two potential federal defenses.

**1. Longshore and Harbor Workers Compensation Act**

One defense asserted by Avondale is that plaintiffs' recovery is limited to relief under the Longshore and Harbor Workers Compensation Act (LHWCA) § 1 et seq., *33 U.S.C.A. § 901 et seq.* [HN11] The LHWCA provides a basis for compensation from employers to certain employees injured in the course of employment while working upon navigable waters or the harbors and shipyards adjoining such waters. *33 U.S.C.A. § 903.*

As an initial matter, defendant is barred from asserting a defense on this basis because the LWHCA was not mentioned in defendant's petition for removal as required under *28 U.S.C. § 1446(a).*

Furthermore, even if applied to this case, the LWHCA does not constitute a colorable federal defense for Avondale. Mr. Overly was not an employee of Avondale, he was an employee of Westinghouse. The "borrowed employee" concept asserted by defendant has not been adopted by the Ninth Circuit. Furthermore, even under the Third Circuit guide-

lines cited by the defendant, Mr. Overly would not qualify [*10] as a "borrowed employee" for the purposes of the LWHCA because there has been absolutely no showing that he explicitly agreed to work under conditions controlled solely by Avondale. *Peter v. Hess Oil Virgin Islands Corp., 903 F.2d 935, 942 (1990)*. Thus, the LWHCA does not constitute a colorable defense to plaintiffs' common law causes of action.

**2. Government Contractor Immunity**

The second ground on which defendant asserts it possesses a colorable federal defense is the government contractor defense. [HN12] Under this theory, contractors who supply military equipment to the government are immunized from liability under state tort law providing that they can meet the test outlined in *Boyle v. United Technologies Corp., 487 U.S. 500, 101 L. Ed. 2d 442, 108 S. Ct. 2510 (1988)*. In *Boyle*, the Court set the standard for finding state law liability for design defects in military equipment. *Id. at 511*. Military contractor immunity for design defects applies when: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that

[*11] were known to the supplier but not to the United States." *Id. at 512*.

[HN13] The Ninth Circuit has ruled that in failure to warn product liability cases involving asbestos allegedly used in the construction of naval ships, a defendant must specifically show that "in making [its] decisions regarding warnings [it was] acting in compliance with 'reasonably precise specifications' imposed on [it] by the United States." *In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 813 (9th Cir. 1992)*. Thus, in order to meet the *Boyle* test in a failure to warn case, the defendant must show that the government affirmatively instructed it regarding the provision of warnings.

Defendant's only showing on this motion relates to the government's manufacturing and engineering specifications. Defendant has not demonstrated that the government provided "reasonably precise specifications" affecting Avondale's provision of warnings. *Boyle, 487 U.S. at 512*. Absent a showing by defendant that the federal government gave specific instructions to Avondale not to warn employees of the existence of asbestos, Avondale is offered no protection by government contractor immunity. *See In re Hawaii Federal*

[*12] *Asbestos Cases, 960 F.2d at 813*. Therefore, defendant fails to meet the second prong of the *Mesa* standard because Avondale has no colorable federal defense to the charges in this case.

**C. Causal Nexus**

[HN14] The final requirement under the *Mesa* test is that there be a causal nexus between the rules imposed by the United States on the defendant contractor by the federal government and the liability asserted by plaintiff. "There must be a causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the [state] prosecution has arisen out of the acts done by the officer under color of federal authority and in enforcement of federal law." *Maryland v. Soper, 270 U.S. 9, 22, 70 L. Ed. 449, 46 S. Ct. 185 (1926)*.

Defendant has produced abundant evidence attesting to the regulations imposed by the federal government on the manufacture and design of ships built by Avondale for the U.S. Navy. However, *none* of these guidelines addresses Avondale's responsibility to warn its employees of their exposure to products containing asbestos. The government in no way restricted Avondale's ability to notify individuals

[*13] of the presence of asbestos in the work environment. Thus, there is no causal connection between the control exercised by the United States over Avondale and the legal theory under which plaintiffs seek to hold Avondale liable. Consequently, Avondale has no basis on which to assert application of the Federal Officer Removal Statute, and the case must be remanded to state court.

**II. *Attorney Fees & Costs***

[HN15] Title *28 U.S.C. § 1447(c)* provides that when granting a motion for remand on the basis of a lack of federal subject matter jurisdiction, a court may order the defendant to pay plaintiff "its just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award under *§ 1447(c)* is entirely within the Court's discretion.

Under its discretion, the Court finds that the case was removed "improvidently and without jurisdiction." *Id.* The Court hereby awards plaintiffs their reasonable costs and attorney fees associated with removal, as requested, in the amount of $ 2,000, to be paid by defendant Avondale within ten days of the date of this order.

**CONCLUSION**

For the foregoing reasons and for good cause shown, plaintiffs' motion

[*14] to remand is GRANTED. Plaintiffs' motion for reasonable costs and attorney fees incurred as a direct consequence of removal is GRANTED in the amount of $ 2,000.

IT IS SO ORDERED.

Dated: September 6, 1996

SUSAN ILLSTON

United States District Judge