# Exhibit L

To Memorandum in Support of Plaintiffs' Motion For Remand
C.A. No. 08-043S

LEXSEE 1994 U.S. DIST. LEXIS 4824

Positive
As of: Feb 15, 2008

**BONIFACIO T. VIALA, Plaintiff, v. OWENS-CORNING FIBERGLAS CORP., et al., Defendants.**

**No. C 94-0399 EFL**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

***1994 U.S. Dist. LEXIS 4824***

**April 13, 1994, Decided**
**April 13, 1994, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff injured employee brought a motion to remand his action against defendants, a chemical company and related entities, to state court for injuries alleged to have arisen out of exposure to asbestos.

**OVERVIEW:** The injured employee alleged to have been exposed to asbestos and brought an action in state court against the chemical company and related entities for injuries. The chemical company and some of the related entities joined in the removal of the case to federal court. The employee brought a motion to remand the matter to state court. The court remanded in favor of the employee, holding that *28 U.S.C.S. § 1441* required unanimous consent by defendants under *28 U.S.C.S. § 1446*. Because defendants did not unanimously consent to removal of this case from state court to federal court, remand was proper. The court also found that removal was not justified under *28 U.S.C.S. § 1442* because the evidence did not support the essential elements necessary to establish a colorable government contractor defense nor did it support the governmental direction and causal nexus requirements that were further necessary for *§ 1442* removal. Defendants produced no evidence that the asbestos-containing material sold to the government was anything but the asbestos-containing insulation being sold at the time to commercial and industrial concerns.

**OUTCOME:** The court granted the injured employee's motion to remand the matter to state court.

**CORE TERMS:** removal, specifications, wave, contractor, federal question, federal officer, colorable, state law, asbestos, insulation, remanding, enclave, unanimity requirement, asbestos-containing, conflicted, uniformity, deferred, defer, injuries arising, burden of establishing, federal jurisdiction, exclusive jurisdiction, jurisdictional issues, procedural requirement, evidence to support, addressing, consented, unanimous, removing, causal

**LexisNexis(R) Headnotes**

***Civil Procedure > Removal > Basis > General Overview***
***Civil Procedure > Removal > Postremoval Remands > General Overview***
***Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution***
[HN1] A defendant has the burden of establishing that removal from state court to federal court is proper. The removal statute, *28 U.S.C.S. § 1441*, is strictly construed against removal jurisdiction.

***Constitutional Law > Congressional Duties & Powers > District of Columbia & Federal Property***
[HN2] *U.S. Const. art. I, § 8, cl. 17* reads: Congress shall have Power to exercise exclusive legislation in all cases whatsoever over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings.

***Civil Procedure > Removal > Proceedings > General Overview***
***Constitutional Law > Congressional Duties & Powers > District of Columbia & Federal Property***
[HN3] Unanimous consent is required under *28 U.S.C.S. § 1446.*

***Governments > Federal Government > Claims By & Against***
***Governments > Federal Government > Employees & Officials***
***Torts > Negligence > Causation > General Overview***
[HN4] For removal under *28 U.S.C.S. § 1442*, defendants must (1) raise a colorable federal defense, (2) establish that they were acting under a federal officer, and (3) establish a causal connection between the conduct undertaken at the direction of the federal officer and the basis for defendants' state law liability.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview***
***Civil Procedure > Removal > Basis > General Overview***
[HN5] There is no unanimity requirement for removal under *28 U.S.C.S. § 1442*. Removal under *§ 1442* confers subject matter jurisdiction over the entire case to the federal district court.

***Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution***
***Environmental Law > Litigation & Administrative Proceedings > Defenses***
[HN6] In order to establish a government contractor defense, defendants must establish that they presented specially-designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued, and that: (1) the specifications were reasonably precise, (2) the equipment produced conformed to those specifications, and (3) the defendants warned the government about dangers of the products known to the defendants but not to the government.

**JUDGES:** [*1] LYNCH

**OPINION BY:** EUGENE F. LYNCH

**OPINION**

*ORDER REMANDING CASE TO STATE COURT*

Plaintiff Viala filed this suit in San Francisco Superior Court claiming injuries arising out of exposure to asbestos while working at the Subic Bay military base in the Philippines. Several but not all defendants have timely joined in the removal of this case to this Court. Viala has brought a motion to remand the case to state court.

[HN1] Defendants have the burden of establishing that removal was proper. *Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992)*. The removal statute is strictly construed against removal jurisdiction. *Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)*.

Defendants base removal on two independent grounds: (1) that a federal question is present under *28 U.S.C. § 1331* and *Article 1, section 8, clause 17 of the U.S. Constitution* and that removal is therefore proper under *28 U.S.C. § 1441* because this Court would have had original (either concurrent or exclusive) jurisdiction over the case under the doctrine of federal enclave jurisdiction, [1] and (2) [*2] that removal is proper under *28 U.S.C. § 1442* because some defendants are being sued in state court for injuries arising out of conduct they were directed to undertake by a federal officer.

1 [HN2] -

*Article I, section 8, clause 17 of the United States Constitution* reads: "Congress shall have Power . . . to exercise exclusive legislation in all Cases whatsoever . . . over all Places purchased by the consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-yards, and other needful Buildings."

In addition, defendants argue that this Court should defer from ruling on this jurisdictional question and allow Judge Weiner in Pennsylvania to address this issue pursuant to the Panel on Multi-District Litigation's (MDL) consolidation of asbestos cases before him for purposes of pre-trial motions.

Viala argues that this Court should rule on this motion, since these types of jurisdictional issues are better determined by a "transferor" [*3] court such as this than by the "transferee" MDL court. Addressing the merits, Viala argues that "federal enclave jurisdiction" is no longer a valid concept nor is it applicable here, that in any event not all defendants have consented to removal on federal question grounds, and that removal under *§ 1442* is not justified because defendants have not established that they were "acting under" a federal officer or that they have a colorable government contractor defense.

For the reasons set forth below, the Court concludes that it is appropriate for this Court to rule on this motion and that, addressing the merits, removal of this case to federal court is not justified and remand to state court is proper. [2]

2 This Court notes that this resolution on the merits is consistent with that reached in the only other case from this district to reach the merits of such removal. *See Acierto v. Owens-Corning Fiberglas Corp., et al.* No. C 93-2136 JPV (N.D. Cal., Order dated August 13, 1993).

The parties speak of the cases filed arising out of Subic Bay exposures as having been brought by plaintiff's counsel (and removed here by defendants) in "waves." The first wave consisted of cases related by Judge Vukasin and then remanded to state court in the above referenced order. The second wave consisted of cases related by Judge Walker, who subsequently deferred to Judge Weiner on this remand motion (which is still under submission before Judge Weiner). The third wave was also related by Judge Walker and the remand motion was again deferred to Judge Weiner. This fourth wave, consisting of 42 cases now before 10 judges of this district, has not been related. According to representations of counsel at oral argument, the four judges of this district who have ruled on these fourth wave cases have each deferred the remand motion to Judge Weiner. Thus, this case represents only the second instance in which the merits of defendants' removal have been addressed.

[*4] The Court agrees with the parties that it is allowed to defer on this remand issue to Judge Weiner. The Court also agrees with the parties that the conditional transfer order issued in this case (and objected to by Viala) in no way deprives this Court of jurisdiction to hear and decide this motion on its own.

The Court disagrees with defendants that deferring on this motion and allowing Judge Weiner to rule on it would promote the interests of efficiency and uniformity. Indeed, defendants' extolling the virtues of uniformity is somewhat disingenuous where, as here, the first wave of Subic Bay cases was remanded to state court but defendants have continued to attempt the removal of subsequent waves to the federal courts. Given that the *first* 29 cases are in state court, uniformity would clearly have been served if defendants had left subsequent cases in the state court in which they were filed, so that they could be decided uniformly with the first 29 Subic Bay cases.

The purpose of the MDL panel's referring of asbestos cases to Judge Weiner was not to make one judge rule on the various difficult issues that might come up in different factual contexts. Rather, cases are supposed [*5] to be referred to Judge Weiner for determination of issues *common* to asbestos litigation. To force difficult and fact-sensitive jurisdictional issues from all types of cases onto one court would impossibly overburden that court and not serve the goal of efficiency that underlies the MDL program.

Thus, this Court refuses to defer on this motion to remand and elects to address the merits.

*REMOVAL UNDER SECTION 1441*

The parties argue at great length over the continuing vitality of federal enclave jurisdiction and whether it is implicated in this case. For purposes of defendants' *§ 1441* removal, this issue is irrelevant, since the defendants have not unanimously consented to removal of this case from state court to federal court. Such [HN3] unanimous consent is required under *28 U.S.C. § 1446.* [3] *See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193* N.1 (9th Cir. 1988) (discuss-

ing unanimity requirement in the context of a *§ 1441(a)* removal); *Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986)* (noting unanimity requirement for removal under *§ 1441(b)*); *see also Acierto v.* [*6] *Owens-Corning Fiberglas Corp.*, No. C-93-2136 JPV (N.D. Cal., Order of August 13, 1993). Thus, since defendants' defect in removing under *section 1441* is of a procedural nature under *section 1446*, plaintiff's timely remand motion under section 1447(c) is granted.

3 Defendant Flintkote seems to argue before this Court that the procedural requirement of unanimity is not needed if the substance of the federal question being removed is one over which a federal court would have exclusive jurisdiction. Flintkote offers absolutely no authority for this proposition, other than that its attorney remembers plaintiff's attorney not contesting this point at some other hearing. Since nothing in the language of *sections 1441* or *1446* or in the case law surrounding these sections lends credence to this distinction, the Court rejects it. *See, e.g., Bradwell v. Silk Greenhouse, 828 F. Supp. 940, 943-44 (M.D. Fla. 1993)* (remanding for lack of unanimous consent to removal, even though the ERISA claims invoked exclusive federal jurisdiction), *Samuel v. Langham, 780 F. Supp. 424, 427 (N.D. Tex. 1992)* (remanding a case to state court even accepting ERISA pre-emption); *see also McCain v. Cahoj, 794 F. Supp. 1061 (D.Kan. 1992)*(remanding a case because of a procedural defect in the removal despite protestations of exclusive federal jurisdiction).

Plaintiff filed this case in state court. In order to invoke removal under a federal question theory, it is a procedural requirement that all defendants timely consent to the removal. This has not been done, so the case is not properly removed on federal question grounds. If Flintkote believes that he state court has no jurisdiction over this suit because of federal enclave jurisdiction--a position upon which this Court expresses no opinion--Flintkote is free to bring whatever motions it deems appropriate in the state court proceeding. Defendants simply are procedurally barred from removing this case to federal court on the basis of a federal question.

[*7] *REMOVAL UNDER SECTION 1442*

[HN4] For removal under *§ 1442*, [4] defendants must (1) raise a colorable federal defense, (2) establish that they were acting under a federal officer, and (3) establish a causal connection between the conduct undertaken at the direction of the federal officer and the basis for defendants' state law liability. *Mesa v. California, 489 U.S. 121, 103 L. Ed. 2d 99, 109 S. Ct. 959 (1989), Fung v. Abex Co., 816 F. Supp. 569 (N.D. Cal. 1992), Ryan v. Dow Chemical, 781 F. Supp. 934 (E.D.N.Y. 1992).*

4 [HN5] -

There is no unanimity requirement for removal under *section 1442*. *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co., 644 F.2d 1310 (9th Cir. 1981)*. Removal under *section 1442* confers subject matter jurisdiction over the entire case to the federal district court. *Concerned Tenants Assn. of Father Panik Village v. Pierce, 685 F. Supp. 316 (D.Conn. 1988).*

[*8] For their "colorable federal defense," defendants [5] argue that they will be entitled to raise a "government contractor" defense. [HN6] In order to establish such a defense, defendants must establish that they presented specially-designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued, and that: (1) the specifications were reasonably precise, (2) the equipment produced conformed to those specifications, and (3) the defendants warned the government about dangers of the products known to the defendants but not to the government. *Boyle v. United Technologies, Inc., 487 U.S. 500, 101 L. Ed. 2d 442, 108 S. Ct. 2510 (1988), In Re Hawaii Federal Asbestos Cases, 960 F.2d 806 (9th Cir. 1992).*

5 Only defendants Owens-Illinois and Pittsburgh-Corning argue that the government contractor defense is available to them and produce evidence in support of this *section 1442* removal. Since all defendants are equally affected and thus have equal interests in the ability of either of these two defendants to establish a proper 1442 removal, *see* note 4, *supra*, the Court will discuss it as a grounds argued by the defendants as a group (while considering, of course, all of the evidence put forth by each of the two defendants raising this claim).

[*9] Defendants fail to state a colorable federal defense because they have produced no evidence to support the prerequisites to the government contractor defense that the products were designed at the direction of federal specifications or that these specifications conflicted with the state law duties sued upon. To assert the government contractor defense, the product purchased by the government cannot be a product that a supplier sells on the open market anyway. *In Re Hawaii Federal Asbestos Cases, 960 F.2d at 811-12*. Defendants have produced no evidence that the asbes-

tos-containing material (apparently insulation) here sold to the government was anything but the asbestos-containing insulation being sold at the time to commercial and industrial concerns. Additionally, though defendants have produced evidence of government specifications controlling the procurement of insulation, all of the government specifications produced by defendants refer only to the *performance* of the insulation and not to the design or the manufacturing process. These "specifications" only established the performance criteria to be considered by government purchasers in deciding

[*10] whether to purchase a particular (independently existing) product. Thus, there is no evidence that the specifications provided by the government in any way conflicted with defendants' state law duty to design and manufacture safe products that did not cause asbestos-related illnesses. In the absence of such a conflict, the government contractor defense is not colorable. Thus, *§ 1442* removal is inappropriate.

For the same reasons, defendants have failed to satisfy the requirement under *§ 1442* that there be a nexus between the directions of the federal officer and the conduct for which defendants are in trouble under state law. Additionally, defendants have failed to establish that they were acting under the direction or control of any federal officer when they designed or manufactured their asbestos-containing products. For each of these reasons, *§ 1442* removal is also defeated.

Though this Court grants remand on the basis that defendants [6] have not produced sufficient evidence to justify removal under *§ 1442*, this is not the result--as it apparently was in Acierto--of defendants' having produced no evidence at all. Rather, defendants have submitted to this Court numerous declarations

[*11] and documents, as well as excerpts from depositions taken in asbestos litigation from all across the country. The Court has reviewed all of this evidence. Defendants fail to justify removal under *§ 1442* because this evidence does not support the essential elements necessary to establish a colorable government contractor defense nor does it support the governmental direction and causal nexus requirements that are further necessary for *§ 1442* removal. Thus, defendants have failed to carry their burden of establishing that *section 1442* removal was proper.

6 This of course means that neither Owens-Illinois nor Pittsburgh-Corning produced sufficient evidence to support the requisite elements to *section 1442* removal.

Accordingly, Viala's motion is granted and this case is REMANDED to state court.

IT IS SO ORDERED.

DATED: April 13, 1994

EUGENE F. LYNCH

United States District Judge