# Exhibit M

To Memorandum in Support of Plaintiffs' Motion For Remand
C.A. No. 08-043S

LEXSEE 1998 U.S. DIST. LEXIS 15517

Positive
As of: Feb 15, 2008

**QUEN VAN NGUYEN and UT THI DO, Plaintiffs, v. ALLIED SIGNAL, INC., et al., Defendant.**

**No. C 98-03616 SI**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

***1998 U.S. Dist. LEXIS 15517***

**September 28, 1998, Decided**
**September 29, 1998, Filed; September 30, 1998, Entered in Civil Docket**

**DISPOSITION:** [*1] Case REMANDED to San Francisco Superior Court. Plaintiffs' request for attorney fees DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff injured sought a grant of his motion to remand his action to a state court from the United States District Court for the Northern District of California. The injured's failure to warn action against defendant manufacturer had been removed to the district court from the state court.

**OVERVIEW:** The injured filed a failure to warn action after he became ill as a result of working at an air base that used asbestos products made by the manufacturers. The state court granted the manufacturers' motion to remove the action to the district court. The district court granted the injured's motion to have the action remanded to state court. Removal to the district court was improper because not all of the manufacturers consented thereto. Moreover, the district court lacked federal jurisdiction over the action. Removal pursuant to federal officer jurisdiction under *28 U.S.C.S. § 1442* was improper because: (1) None of the manufacturers showed that the government directed their activities with regard to attaching warnings to the asbestos products; (2) The manufacturers could not raise the government contractor immunity defense because there was no evidence that their contracts with the federal government contained clauses specifically prohibiting them from placing warnings on their products; and (3) There was no causal connection between the control exercised by the government over the manufacturers and the injured's legal theory of failure to warn him of the hazards of asbestos.

**OUTCOME:** The district court granted the injured's motion to remand to the state court his removed failure to warn action against the manufacturers.

**CORE TERMS:** removal, contractor, warnings, failure to warn, asbestos, federal officer, federal jurisdiction, specification, consumers, joinder, joined, causal, prong, contractual obligations, foreseeable, aircraft, nexus, federal government, health hazards, product liability, theory of liability, design defect, military contractor's, contractual, concurrent, inapposite, immunity, color, join, warn

**LexisNexis(R) Headnotes**

***Civil Procedure > Removal > Postremoval Remands > General Overview***
***Evidence > Inferences & Presumptions > General Overview***
[HN1] The party that sought removal at the trial level has the burden of establishing at the appellate level that removal was proper.

***Civil Procedure > Removal > Postremoval Remands > General Overview***
***Governments > Legislation > Interpretation***
[HN2] Removal statutes are strictly construed against removal jurisdiction.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > General Overview***
***Civil Procedure > Removal > Postremoval Remands > General Overview***
***Civil Procedure > Parties > Joinder > Misjoinder***
[HN3] Federal enclave jurisdiction is concurrent jurisdiction. All defendants must join in the removal if jurisdiction is concurrent.

***Civil Procedure > Removal > Basis > Cases Involving Federal Officers***
***Governments > Federal Government > Employees & Officials***
[HN4] Joinder of all defendants is not required for removal under *28 U.S.C.S. § 1442.*

***Civil Procedure > Removal > Basis > Cases Involving Federal Officers***
***Governments > Federal Government > Claims By & Against***
***Governments > Federal Government > Employees & Officials***
[HN5] *28 U.S.C.S. § 1442(a)(1)* states that an action may be removed by any officer of the United States or any agency thereof, or person acting under him for any act under color of such office. To show jurisdiction, at least one defendant must (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office.

***Governments > Federal Government > Claims By & Against***
***Governments > Federal Government > Employees & Officials***
***Public Contracts Law > Governmental Immunities > Sovereign Immunity***
[HN6] In the area of product liability, government contractor immunity requires defendant companies to show strong government intervention and the threat that a defendant will be sued in state court based upon actions taken pursuant to federal direction.

***Environmental Law > Litigation & Administrative Proceedings > Defenses***
***Torts > Products Liability > Duty to Warn***
[HN7] The government contractor defense applies only when the government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, preventing the contractor from accommodating safety concerns in a different fashion.

**COUNSEL:** For QUYEN VAN NGUYEN, UT THI DO, Plaintiffs: Jack K. Clapper, Steven J. Patti, Law Offices of Jack K. Clapper, Sausalito, CA.

For PNEUMO ABEX CORPORATION, defendant: Neil R. Bardack, Robert E. Paterson, Stephen M. Kightlinger, McQuaid Metzler McCormick & Van Zandt LLP, San Francisco, CA.

For MCDONNELL DOUGLAS CORPORATION, defendant: Robert E. Boone, Steven C. Heller, Bryan Cave LLP, Santa Monica, CA.

**JUDGES:** SUSAN ILLSTON, United States District Judge.

**OPINION BY:** SUSAN ILLSTON

**OPINION**

**ORDER REMANDING CASE TO SAN FRANCISCO SUPERIOR COURT FOR LACK OF FEDERAL JURISDICTION**

Plaintiffs Quyen Van Nguyen and Ut Thi Do filed this suit in San Francisco Superior Court on August 13, 1998. Plaintiff Quyen Van Nguyen claims injuries arising out of exposure to asbestos while working at Tan Son Nhut Air Force Base in Vietnam. Plaintiff Nguyen has contracted mesothelioma, a fatal cancer caused by exposure to asbestos. Plaintiff Nguyen's health is failing rapidly and he is not expected to live more than six months.

Defendant Pneumo Abex Corporation received a copy of the summons and complaint, through an agent for service of process, on August 18, 1998. This same defendant removed the action to this Court on September 18, 1998. Several -- but not all -- defendants thereafter joined in the removal. Plaintiffs filed an expedited motion to remand the case to state court, to which defendants have filed voluminous papers in opposition. The Court finds this motion is suitable for submission without oral argument, pursuant [*2] to Civil Local Rule 7-1(b).

[HN1] Defendants have the burden of establishing that removal was proper. *Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992).* The [HN2] removal statute is strictly construed against removal jurisdiction. *Id. at 566.* Based upon the pleadings and materials filed by the parties, the Court finds that removal was defective as a technical matter, and further finds, more fundamentally, that there is no federal jurisdiction over this matter. Consequently, the action is remanded to San Francisco Superior Court.

In addition, [HN3] federal enclave jurisdiction is concurrent jurisdiction. *See Mater v. Holley, 200 F.2d 123.* All defendants must join in the removal if jurisdiction is concurrent. *Hewitt v. City of Stanton, 798 F.2d 1230 (9th Cir. 1986).* It appears that such joinders as have been filed were filed late, and one defendant has not joined in this petition. [1] Because not all defendants have joined, removal is improper.

1 Defendant McDonnell Douglas Corporation filed its joinder in removal on September 24, 1998. Defendants Gasket Holdings, Inc. and Maremont Corporation filed theirs on September 25, 1998. Defendant Western MacArthur has not joined in removal. There is a hearsay suggestion that defendant Western MacArthur has agreed with plaintiffs not to join in removal, but the Court does not address this as the joinder of other defendants was late and there are other grounds for remand.

[*3] **2. *Defendants Have Failed to Demonstrate Federal Officer Jurisdiction***

Defendant Abex also argues that this case may be removed pursuant to federal officer jurisdiction under *28 U.S.C. § 1442.* [HN4] Joinder of all defendants is not required for removal under *§ 1442. Ely Valley Mines v. Hartford Acc. & Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981).*

[HN5] Title *28 U.S.C. § 1442(a)(1)* states that an action may be removed by "any officer of the United States or any agency thereof, or person acting under him for any act under color of such office." To show jurisdiction, at least one defendant must (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. *Mesa v. California, 489 U.S. 121, 129-34, 109 S. Ct. 959, 965-67, 103 L. Ed. 2d 99 (1989); Fung v. Abex Corp., 816 F. Supp. 569 at 571-72 (N.D. Cal. 1992).*

**A. Acts Under the Direction of A Federal Officer.**

Under the first prong of *Mesa*, at least one defendant must show it was acting under the direction of a federal officer. [HN6] In the area of product

[*4] liability, government contractor immunity requires defendant companies to show "strong government intervention and the threat that a defendant will be sued in state court 'based upon actions taken pursuant to federal direction.'" *Fung, 816 F. Supp. at 572* (quoting *Gulati v. Zuckerman, 723 F. Supp. 353 (E.D.Pa. 1989))*.

Here, plaintiffs assert liability on a failure to warn theory of products liability, and are not pursuing a design defect theory of liability. Plaintiffs allege that defendants failed to warn users of their products containing the substance asbestos about the health hazards of asbestos. Although defendants present evidence showing federal direction of defendants regarding the installation of insulating materials, they do not show federal direction of their activities with regard to warnings attached to asbestos products. Therefore, defendants fail to meet the first prong of the *Mesa* test.

**B. Colorable Federal Defense.**

Defendants claim they will meet the second prong of the *Mesa* test by asserting the government contractor immunity defense. *See Boyle v. United Technologies Corp., 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988)*. Plaintiffs

[*5] object that the government contractor defense does not apply where, as here, the plaintiffs' sole liability theory is the defendants' failure to warn foreseeable users, consumers, workers, bystanders and others of the health hazards of asbestos.

In *In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 812 (9th Cir. 1992)*, the Ninth Circuit addressed whether the government contractor defense was available where the plaintiff's theory of liability was failure to warn. There, the court noted that [HN7] the government contractor defense applies only "when the Government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations," preventing the contractor from accommodating safety concerns in a different fashion. *Id. at 813*. The Ninth Circuit noted that the government had no contractual requirements preventing the placement of warnings on the defendants' products. Therefore, in a failure to warn case, "the military contractor defense would . . . be no defense at all." *Id.*

Here, defendants have produced no evidence that their contracts with the United [*6] States government contained contractual obligations specifically prohibiting them from placing warnings on their products. Instead, they produce evidence regarding government control of the specification for manufacturing the aircraft, not specifications regarding warnings. They also rely upon the affidavit of Alvin F. Meyer, which indicates only that the government approved all warnings placed in technical manuals for United States Air Force aircraft. Meyer Decl. P 26. They offer no evidence that they attempted to include such warnings, or that the government specifications and contractual provisions explicitly directed them not to place warnings on their products. Therefore, the Ninth Circuit's holding in *Hawaii Federal* controls, and the government contractor defense cannot be the basis for federal jurisdiction in the failure to warn case here.

*Sundstrom v. McDonnell Douglas Corp., 816 F. Supp. 587 (N.D. Ca. 1993)*, relied on by defendants, is inapposite. *Sundstrom* was not an asbestos case, but involved a wrongful death claim based on a defective ejection seat on a fighter aircraft. Unlike the case presented here, the plaintiff's theory in *Sundstrom* was defective

[*7] design, not the manufacturer's failure to warn foreseeable consumers of the dangers of its product.

*Neiman v. McDonnell Douglas Corp., 721 F. Supp. 1019, 1021 (S.D. Ill. 1989)*, a district court case from another jurisdiction is also inapposite. There, unlike here, plaintiffs relied on a both a design defect and a failure to warn theory, and raised issues focused on government specification and control over the inclusion of asbestos in the airplane, not control over the product warnings themselves. In addition, the failure to warn arguments discussed in *Neiman* addressed the contractor's obligation to warn the government of dangers in the use of equipment, not the contractor's obligation to place warnings on its products for foreseeable consumers. Also, *Neiman* was decided before the Ninth Circuit decided *Hawaii Federal*.

The Ninth Circuit's decision in *Hawaii Federal* controls here. As defendants have made no showing that their contractual obligations to the government specifically prohibited them from placing warnings on their products, they cannot raise the government contractor defense in this failure to warn case.

**C. Causal Nexus.**

The third prong of the

[*8] *Mesa* test requires a causal nexus between the rules imposed by United States on the federal contractor and the liability asserted by the plaintiff. *Mesa, 489 U.S. at 131-33, 109 S. Ct. at 966.* Although defendants include evidence regarding the control of the federal government over the manufacture of its products, again, this evidence does not demonstrate that the federal government directed defendants not to place warnings on their products. Therefore, there is no causal connection between the control exercised by the United States over defendants and plaintiffs' legal theory of failure to warn consumers of the hazards of asbestos.

The Court therefore concludes that there is no federal jurisdiction over this action. Consequently, plaintiffs' motion to remand must be granted.

**CONCLUSION**

As defendants have no jurisdictional basis for removal of this case, the case is hereby REMANDED to the San Francisco Superior Court. Plaintiffs' request for attorney fees is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 28, 1998

SUSAN ILLSTON

United States District Judge