UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD KORTEKAMP, as Executor of the Estate of JACK KORTEKAMP, and GERALDINE KORTEKAMP, as Surviving Spouse | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 08-43 S |
| 3M COMPANY. ET AL, | ) |
| | ) March 4, 2007 |
| Defendants. | ) |

**DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST TO STAY CONDITIONAL TRANSFER ORDER TO MDL**

Defendant General Electric Company ("GE") submits this Memorandum in Opposition to Plaintiffs' Request to Stay Conditional Transfer Order to MDL, dated February 29, 2008 ("the Motion"). Plaintiffs seek to stay the order transferring this case to the Asbestos MDL (MDL-875). Plaintiffs' request should be denied because (1) this case is appropriate for transfer to the Asbestos MDL, and (2) only the Clerk of the Judicial Panel on Multidistrict Litigation has the authority to rule on the transfer to the Asbestos MDL.

## Brief Procedural History

This civil action alleging asbestos-related injury was originally filed in the Rhode Island Superior Court. It was not until January 4, 2008 that this case first became removable. Accordingly, the action was timely removed within thirty (30) days thereof to the District Court for the District of Rhode Island pursuant to the Federal Officer Removal Statute, 28 U.S.C. §1442 (a)(1), and Plaintiffs moved to remand. GE has until March 7, 2008 within which to file its opposition to Plaintiffs' motion to remand. A conditional transfer order to the Asbestos MDL (MDL-875) was issued on February 26, 2008. Plaintiffs now seek to stay that transfer order.

## Argument

Plaintiffs' Motion to vacate the transfer order should be denied because, contrary to Plaintiffs' arguments, this case is appropriate for transfer to the Asbestos MDL, and transfer to that MDL can only be challenged in the Judicial Panel on Multidistrict Litigation ("J.P.M.L.").

1. ***The background and procedural posture of this case is no different from other cases that are routinely transferred to the Asbestos MDL.***

Pursuant to 28 U.S.C. § 1407(a), one consideration for transfer to an MDL is whether it "will be for the convenience of parties and witnesses." Plaintiffs argue that transfer of this case would not be convenient because plaintiff's counsel would have to file and argue its objection in Pennsylvania. As the J.P.M.L. has already decided, however, such considerations do not make transfer inappropriate for an asbestos-related case such as this. *See In re Asbestos Prod. Liab. Litig.*, 771 F.Supp. 415, 422

(J.P.M.L. 1991) ("We remain sensitive to the concerns of some parties that § 1407 transfer will be burdensome and inconvenient. We note that since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise."); *Carlough v. Amchem Prod., Inc.*, No. 93-215, Memorandum Opinion and Order, at *3 (E.D.Pa. Apr. 15, 1993) (Weiner, J.) ("Noting that the consolidation might prove burdensome or inconvenient to some parties involved, the Panel concluded that centralization in the [E.D.Pa.], while offering no panacea, would provide 'a great opportunity to all participants who sincerely wish to resolve asbestos claims fairly and with as little unnecessary expense as possible.'"). Indeed, Plaintiffs' argument proves too much because, if accepted, it would likely preclude the transfer of virtually ***any case*** to the Asbestos MDL, as the parties and witnesses in almost every asbestos-related case will likely be located in the transferor district. The facts cited by Plaintiffs here do not make this particular case significantly different from other asbestos-related cases that are routinely transferred to the Asbestos MDL as one can see from a recent decision from the J.P.M.L. overruling a plaintiff's objection to its transfer order. *See In Re: Asbestos Prod. Liab. Litig.*, Opinion and Order dated February 8, 2008, attached hereto as Exhibit A.

**2. *The Asbestos MDL promotes the just and efficient resolution of asbestos-related lawsuits.***

Another consideration for transfer to an MDL is whether it "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Plaintiffs argue that transfer of this case will not promote these objectives because, in their words, the

Asbestos MDL is a "black hole" and cases transferred there are "forever mired in inactivity."

As an initial matter, the J.P.M.L. has already considered competing arguments about the efficiency and efficacy in administering an MDL for asbestos-related cases as opposed to maintaining traditional case-by-case adjudication of such cases. *See In re Asbestos Prod. Liab. Litig.*, 771 F.Supp. 415 (J.P.M.L. 1991). The Plaintiffs' protests and citations to other commentators' criticisms here merely represent disagreement with the J.P.M.L.'s ultimate policy decision – a reason insufficient to vacate transfer of this particular case. Moreover, Plaintiffs' claims are without merit – the Asbestos MDL ***does*** promote "just and efficient" resolution of asbestos-related lawsuits. The Asbestos MDL discovery orders lay out thoughtful and methodical processes that require both plaintiffs and defendants to provide information and discovery about their cases to facilitate resolution, or barring that, remand for trial. And, in the case of recently-issued Administrative Order No. 12, hard deadlines are set for the submission of such discovery by the parties.

### 3. *Objections To Conditional Transfer Orders Must Be Filed With The Clerk Of The J.P.M.L.*

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation any party opposing the transfer order shall file their opposition with the Clerk of the J.P.M.L., not the District Court for the District of Rhode Island. The Rules specifically outline the procedure for objecting to such transfers and state unequivocally that parties opposing such transfers must seek relieve with the Clerk of the J.P.M.L. Plaintiffs' attempt to obtain to a stay of the transfer order in this Court is

improper as it is not directed to the appropriate forum pursuant to the federal rules. *See Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.*

**Conclusion**

For all of the reasons stated herein, Plaintiffs' Request to Stay Conditional Transfer Order to MDL should be denied.

DEFENDANT
GENERAL ELECTRIC COMPANY

/s/ ________________________

Jeffrey M. Thomen, Esquire
jthomen@mccarter.com
Federal Bar No. 6738
McCARTER & ENGLISH, LLP
185 Asylum Street, 36th Floor
Hartford, Connecticut 06103
Tel.: (860) 275-6700
Fax.: (860) 724-3397

**CERTIFICATION**

I hereby certify that on March 4, 2008, a copy of the foregoing DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST TO STAY CONDITIONAL TRANSFER ORDER TO MDL was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

/s/ ____________________________
Jeffrey M. Thomen