**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TODD KORTEKAMP AS EXECUTOR OF THE ESTATE OF JACK KORTEKAMP AND GERALDINE KORTEKAMP AS SURVIVING SPOUSE, Plaintiffs, | ) | C.A. No. 08-043S |
| v. | ) | |
| 3M CO., et al., Defendants. | ) | |

**PLAINTIFFS' MOTION FOR RULING ON THE PAPERS**

Plaintiffs' hereby move this Honorable Court to rule on their Motion to Remand to State Court, on the papers.

1. Defendant General Electric Company ("GE"), has failed to file its objection or reply to Plaintiffs' Motion to Remand within the (10) ten day time limitation pursuant to this Court's Local Rule Cv 7.

2. Plaintiffs' Motion to Remand raises numerous legitimate issues as to whether federal subject matter jurisdiction exists in this case.

3. Plaintiffs will be forced to endure substantial hardship and injustice if this Case is transferred to MDL 875 before such a determination is made.

4. The grounds for this Motion are set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Ruling on the Papers.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant their Motion and Rule on the papers of Plaintiffs' Motion to Remand to State Court.

Dated: March 6, 2008
Providence, Rhode Island

Respectfully Submitted,
The Plaintiffs,

By: /s/ Mark T. Boivin

**John E. Deaton, Esq. (#6537)**
jdeaton@deatonlawfirm.com
**Mark T. Boivin, Esq. (#7515)**
mboivin@deatonlawfirm.com
**Mason J. Waring, Esq. (#7737)**
mwaring@deatonlawfirm.com
The Deaton Law Firm
One Richmond Square, Suite 163W
Providence, Rhode Island 02906
(401) 351-6400 Tel.
(401) 351-6401 Fax

## **CERTIFICATION OF SERVICE**

I hereby certify that on this 6th day of March 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Mark T. Boivin
Mark T. Boivin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TODD KORTEKAMP AS EXECUTOR OF THE ESTATE OF JACK KORTEKAMP AND GERALDINE KORTEKAMP AS SURVIVING SPOUSE, | ) | |
| Plaintiffs, | ) | C.A. No. 08-043S |
| v. | ) | |
| 3M CO., et al., | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A RULING ON THE PAPERS**

Plaintiffs have moved this Honorable Court to rule on their Motion to Remand to State Court, on the papers.

## INTRODUCTION

General Electric Company ("GE"), a party defendant in the state court action, filed its Notice of Removal on February 5, 2008. Plaintiffs then filed their Motion to Remand this case to state court on February 19, 2008, well within the time afforded by 28 U.S.C §1447(c). Before this Court had an opportunity to rule on Plaintiffs' Motion or grant an expedited hearing, a Conditional Transfer Order to MDL 875 was issued by the Panel on Multidistrict Litigation ("Panel") on February 26, 2008. GE's objection to Plaintiffs' Motion to Remand was due on March 4, 2008. The Order is premised on the assumption that there is federal subject matter jurisdiction in this case. Ignoring the local rules of this Court, GE has not filed its objection within the requisite 10 day period. Without a decision by this Court on Plaintiffs' Motion to remand, this case will be transferred to MDL 875 on March 12, 2008 before a Court has decided whether federal subject matter jurisdiction exists in this case.

## ARGUMENT

### I. Computation Of Time

U.S. District Court, for the District of Rhode Island Local Rules Cv.7(b)(1) requires "any party opposing a motion...[to] file and serve an objection not later than ten (10) days after service of the motion." *See* Local Rules Cv.7 (relevant section attached as Exhibit A). Computation for "any period of time prescribed or allowed by these [federal] rules, or by any local rules of any district court..." is governed by Federal Rules of Civil Procedure Rule 6(a). (relevant section attached as Exhibit B). The day of the filing is not to be included in the computation of time, but the last day of the period is to be counted unless it falls on a weekend, legal holiday or weather prohibits such filing. *See* Fed.R.Civ.P 6(a). "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." *Id.*

It is undisputed that Plaintiffs' served GE with their Motion to Remand through the Court's electronic filing service on February 19, 2008. *See* Notice of Electronic Filing (attached as Exhibit C). Excluding the day on which Plaintiffs' Motion was filed, legal holidays and weekends, and counting the last day of the Period, GE's objection to Plaintiffs' Motion to Remand was due on March 4, 2008. By not filing its objection, GE has ignored the Local Rules of this Court; therefore, the Plaintiffs request that this Court rule on the papers of their Motion to Remand. As outlined below, if this Court decides not to rule, the Plaintiffs will endure undue hardship and injustice.

## II. **Under The Circumstances Of This Case, It Would Be A Gross Injustice And Violation Of The Plaintiffs' Rights If They Are Required To Navigate The Maze Of MDL 875 Before Federal Jurisdiction Has Been Established.**

The Panel's granting of the Conditional Order to Transfer is premised on the fact that there is federal subject matter jurisdiction in this case. This jurisdictional issue is the central issue to be determined by this Court in ruling upon Plaintiffs' Motion to Remand. The Panel expressly recognizes the authority of this Court to rule and that there may be changes to the action that will prevent transfer.[1] *See* Conditional Transfer Order (attached as Exhibit D). By ignoring this Court's Local Rules, GE has clearly made an improper tactical move to avoid addressing Plaintiffs' legitimate arguments regarding the lack of federal subject matter jurisdiction in this case.

There is no dispute that MDL 875 has resulted in the closure of tens of thousands of cases. However, it is grossly inequitable that Plaintiffs might have to wait 1, 2 or even 3 years in MDL 875 only to have the original transferor Court determine that federal jurisdiction does not exist upon return of the case to the transfer court at the completion of the procedures of MDL 875. The *factual reality* is that MDL 875 does not consider jurisdictional motions and that – a "speedy return" from MDL 875 is impossible. While return to the transferor court can, occasionally, be secured, Plaintiffs are required to navigate the maze of MDL 875, including mandatory settlement conference and potential discovery, *prior to any determination regarding whether the federal courts have jurisdiction over the case at all.* That process is not "speedy."

The policy of the Panel to accept the unexplained choice of a transferor court to not rule upon jurisdictional Motions to Remand is based upon a faulty factual premise. In setting the policy, the Panel expressly assumed that the MDL 875 judge would consider and rule upon

[1] In fact, counsels are required to inform the Panel of any such change so that the Panel will stay the transfer. *See* Exhibit D.

Motions to Remand. In practice, MDL 875 does not rule upon Motions to Remand. Contrary to the assumption of the Panel, it has been the practice of MDL 875 to require parties to pursue the settlement and discovery process of MDL 875 irrespective of whether there is a pending jurisdictional Motion to Remand. Moreover, it has been the practice of MDL 875 to NOT RULE upon pending Motions to Remand and, instead, to leave such motions pending until the case is returned to the transferor court years after transfer. The transferor court then ends up ruling on the jurisdictional Motion to Remand that had been pending all along. This Court may have to rule on this very Motion, months or more likely years from now – when it is ripe for decision at this time. Couple this reality with GE's lack of respect for this Court's authority and Local Rules, Plaintiffs' Motions should be granted.

It is unjust to require the Plaintiffs to negotiate the tortured maze of MDL 875 before they can obtain a ruling on a jurisdictional Motion to Remand. Lacking jurisdiction over the case at all, it is unconstitutional to require Plaintiffs to navigate the inevitable delays of MDL 875 before jurisdiction of the federal courts is determined.

Plaintiffs request that this Honorable Court grant their Motion and Rule on the papers of Plaintiffs' Motion to Remand to State Court.

Dated: March 6, 2008
Providence, Rhode Island

Respectfully Submitted,
The Plaintiffs,

By: /s/ Mark T. Boivin

**John E. Deaton, Esq. (#6537)**
jdeaton@deatonlawfirm.com
**Mark T. Boivin, Esq. (#7515)**
mboivin@deatonlawfirm.com
**Mason J. Waring, Esq. (#7737)**
mwaring@deatonlawfirm.com
The Deaton Law Firm
One Richmond Square, Suite 163W
Providence, Rhode Island 02906
(401) 351-6400 Tel.
(401) 351-6401 Fax

## CERTIFICATION OF SERVICE

I hereby certify that on this 6th day of March 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Mark T. Boivin
Mark T. Boivin