# Exhibit D

to Plaintiffs' Memorandum In Support Of Their Motion For A Ruling On The Papers Of Their Motion To Remand

# UNITED STATES JUDICIAL PANEL on MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888
http://www.jpml.uscourts.gov

February 26, 2008

TO INVOLVED COUNSEL

Re: MDL No. 875 -- IN RE: Asbestos Products Liability Litigation (No. VI)

(See Attached CTO-303)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: March 12, 2008 (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Teresa Bishop
Deputy Clerk

Attachments

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 26 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

MDL No. 875

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-303)**

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 82,782 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

MDL No. 875

## SCHEDULE CTO-303 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| CALIFORNIA CENTRAL | |
| CAC 2 07-7959 | Jerry Dyer, et al. v. Alfa-Laval, Inc., et al. |
| CAC 2 07-8338 | Donald Nelson, et al. v. Alfa-Laval, Inc., et al. |
| CAC 2 08-248 | Ted Munn, et al. v. CLA-VAL Co., et al. |
| CALIFORNIA NORTHERN | |
| CAN 3 07-5403 | Albert Wright, Jr., et al. v. A.W. Chesterton Co., Inc., et al. |
| CALIFORNIA SOUTHERN | |
| CAS 3 07-2392 | Rodney C. Ball, et al. v. Union Carbide Corp., et al. |
| GEORGIA SOUTHERN | |
| GAS 5 08-10 | Dorsey L. Bohannon v. CSX Transportation, Inc., et al. |
| LOUISIANA EASTERN | |
| LAE 2 08-713 | Leo Ferguson v. ConocoPhillips Co., et al. |
| MISSISSIPPI SOUTHERN | |
| MSS 1 08-35 | Charles R. Hall v. Alfa Laval Flow/Tri-Clover Inc., et al. |
| NORTH CAROLINA MIDDLE | |
| NCM 1 08-75 | Jerrell Gene Lowder v. Aqua-Chem, Inc., et al. |
| NCM 1 08-76 | Ralph W. Pavero, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 08-78 | George Bradford Noles, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 08-79 | Gary Wayne Mills v. Aqua-Chem, Inc., et al. |
| NCM 1 08-84 | James Aaron Dain, et al. v. Aqua-Chem, Inc., et al. |
| NCM 1 08-85 | Kenneth P. Krug, et al. v. Aqua-Chem, Inc., et al. |
| RHODE ISLAND | |
| RI 1 08-43 | Todd Kortekamp, et al. v. 3M Co., et al. |
| VIRGINIA EASTERN | |
| VAE 2 08-9292 | Dale E. Buckley v. American Standard, Inc., et al. |
| VAE 2 08-9293 | Glenn D. Burris v. American Standard, Inc., et al. |
| VAE 2 08-9294 | William H. Monroe, Jr., etc. (James H. Cranston) v. American Standard, Inc., et al. |
| VAE 2 08-9295 | Richard G. Yunt v. American Standard, Inc., et al. |
| VAE 2 08-9296 | Billy G. Cordell v. Norfolk Southern Railway Co. |
| VAE 2 08-9297 | Ralph Bowden v. American Standard, Inc., et al. |
| VAE 2 08-9298 | Glen Donmyer v. American Standard, Inc., et al. |
| VAE 2 08-9299 | Antonio D. Garcia v. American Standard, Inc., et al. |
| VAE 2 08-9300 | Lester N. Johnson v. American Standard, Inc., et al. |

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

MDL No. 875

## INVOLVED COUNSEL LIST (CTO-303)

Lawrence E. Abbott
ABBOTT SIMSES & KUCHLER
5100 Village Walk
Suite 200
Covington, LA 70433

Robert M. Arentson Jr.
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
P.O. Box 14167
Jackson, MS 39236-4167

Brian P. Barrow
SIMON EDDINS & GREENSTONE
301 East Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Richard C. Binzley
THOMPSON HINE LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Christine Chang H. Bruneau
ABBOTT SIMSES & KUCHLER
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Edward J. Cass
GALLAGHER SHARP FULTON & NORMAN
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Dawn M. Ceizler
GLYNN & FINLEY
100 Pringle Avenue
Suite 500
Walnut Creek, CA 94596

Adam M. Chud
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
BURNS WHITE & HICKTON LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John E. Deaton
DEATON LAW FIRM LLC
One Richmond Square
Suite 134C
Providence, RI 02906

Kathleen F. Drew
ADAMS & REESE LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
FORCENO GOGGIN & KELLER
1528 Walnut Street
Suite 900
Philadelphia, PA 19102

Ellen B. Furman
GOLDFEIN & HOSMER
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Richard S. Glasser
GLASSER & GLASSER PLC
Crown Center Building
Suite 600
580 East Main Street
Norfolk, VA 23510

Julia A. Gowin
PALMIERI TYLER WIENER WILHELM & WALDRON
East Tower, Suite 1300
2603 Main Street
Irvine, CA 92614

Susan M. Hansen
BROWNSON & BALLOU
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Edward R. Hugo
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

H.W. Trey Jones
SIMON EDDINS & GREENSTONE
301 East Ocean Boulevard
Suite 1950
Long Beach, CA 90802

Randall A. Jordan
JORDAN FIRM
1804 Frederica Road
Suite C
St. Simons Isl., GA 31522

Charles H. Kanter
PALMIERI TYLER WIENER WILHELM & WALDRON
East Tower, Suite 1300
2603 Main Street
Irvine, CA 92614

Daniel Lee Keller
KELLER FISHBACK & JACKSON
28720 Roadside Drive
Suite 201
Agoura Hills, CA 91301

Reginald S. Kramer
OLDHAM & DOWLING
195 South Main Street
Suite 300
Akron, OH 44308-1314

Gary Paul Kraus
ONEBANE LAW FIRM
1200 Camellia Blvd.
Suite 300
P.O. Box 3507
Lafayette, LA 70502-3507

**MDL No. 875 - Involved Counsel List (CTO-303) (Continued)**

David C. Landin
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Roger B. Lane
ROGER B LANE PC
1601 Reynolds Street
Brunswick, GA 31520

Peter B. Langbord
FOLEY & MANSFIELD PLLP
150 South Los Robles Avenue
Suite 400
Pasedena, CA 91101

Gene Locks
LOCKS LAW FIRM LLC
1500 Walnut Street
Philadelphia, PA 19102

Lynn M. Luker
LYNN LUKER & ASSOCIATES
3433 Magazine Street
New Orleans, LA 70115

Ronald L. Motley
MOTLEY RICE LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Frank X. Neuner
LABORDE & NEUNER
P.O. Drawer 52828
Lafayette, LA 70505

James C. Parker
BRYDON HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

Patrick W. Pendley
PENDLEY BAUDIN & COFFIN
24110 Eden Street
P.O. Box 71
Plaquemine, LA 70765

Timothy W. Porter
PORTER & MALOUF PA
P.O. Box 12768
Jackson, MS 39236-2768

John J. Repcheck
MARKS O'NEILL O'BRIEN
& COURTNEY PC
Gulf Tower, Suite 2600
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN-KAPLAN LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Aaron P. Rudin
GORDON & REES LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

James G. Scadden
GORDON & REES LLP
Embarcadero Center West
275 Battery Street
20th Floor
San Francisco, CA 94111

Frederick Schenk
CASEY GERRY SCHENK
FRANCAVILLA ET AL
110 Laurel Street
San Diego, CA 92101

Richard D. Schuster
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
SELMAN BREITMAN & BURGESS
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
KELLEY JASONS MCGUIRE
& SPINELLI LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Richard P. Sulzer
SULZER & WILLIAMS LLC
201 Holiday Boulevard
Suite 335
Covington, LA 70433

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
645 Griwsold Street
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Jeffrey M. Thomen
MCCARTER & ENGLISH LLP
185 Asylum Street
City Place I
Hartford, CT 06103-3495

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
DOGAN & WILKINSON PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Thomas E. Vaughn
VAUGHN BOWDEN & WOOTEN
P. O. Drawer 240
Gulfport, MS 39502-0240

Mona Lisa Wallace
WALLACE & GRAHAM PA
525 North Main Street
Salisbury, NC 28144

James K. Weston II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

RULE 5.2: SERVICE OF PAPERS FILED

(a) All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b) The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c) Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d) In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e) If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.