coverage may not be readily obtainable for this project at acceptable rates. The Contracting Officer will make every effort, therefore, to effect an arrangement with the Contractor or to enable the Contractor to effect an arrangement with a reputable insurance carrier or carriers (including the Department of Labor and Industries of the State of Washington) to the end and for the purpose that mutually satisfactory coverage of the following obligations, but without limitation to these types, may be provided for by the Contractor: Workmen's Compensation, Occupational Disease, Employer's Liability, and Comprehensive Public Liability for bodily injury and property damage.

l. Losses and expenses, not compensated by insurance or otherwise (including settlements made with the written consent of the Contracting Officer), actually sustained by the Contractor in connection with the work, whether before or after completion of such work, unless reimbursement therefor is expressly prohibited.

m. Taxes and assessments which the Contractor may be required to pay on account of this contract, including but not limited to, all property, sales, excise, use, import or export taxes, duties or imposts which the Contractor is required to pay on or for any land site, plant, laboratory, equipment, process, organization, materials, supplies, or personnel or on moneys received as reimbursement therefor.

n. Permits, license fees and royalties on patents used in connection with the work; provided, that the use of such patents shall have had the prior written approval of the Contracting Officer.

o. Administrative and other expenses of the Contractor not otherwise reimbursable hereunder, deemed to be incident to the work under this contract in the amount of Two Hundred Thousand Dollars ($200,000) per month from July 1, 1946 to the termination or completion of this Contract. In the event of termination under this contract, the Contractor shall be reimbursed for such administrative and other expenses in such reasonable monthly amount as shall be agreed upon for work and services performed after termination. Promptly after the close of each calendar month hereunder, the Contractor shall submit a request for payment under the foregoing provisions and upon presentation thereof, the Contracting Officer shall approve the same for payment, anything elsewhere in this Contract to the contrary notwithstanding. Payments under this paragraph shall not limit or affect in any way, and shall be independent of, the reimbursement or payment by the Government under all other provisions of this Contract.

p. Disbursements incident to the establishment and maintenance of bank accounts in connection with the work hereunder, including but not limited to, service charges, the cost of disbursing cash, necessary guards, cashiers and paymasters. If payments to employees are made by check, facilities for cashing checks must be provided without expense to the employees, and the Contractor shall be reimbursed therefor.

q. Accounting (including salaries and other ex-
and expenses under Section 8 of Article XIII
penses/) in connection with special audits of accounts for the Government relating to the work hereunder.

KLN
H.W

r. All costs and expenses, in connection with the work hereunder, incurred subsequent to May 15, 1946, pursuant to Letter Contract W-31-109 Eng-52, dated May 15, 1946, and said Letter Contract insofar as it relates to the work hereunder will be merged into and superseded by this Contract upon adoption of this Contract by the Atomic Energy Commission as Provided in Article XXXVI.

s. The cost of correcting and/or replacing rejected material and/or workmanship and the cost of any rectifications required in connection with the work called for under this Contract, whether before or after completion of such work, as well as the cost of any restoration or repairs to such work occasioned by or in connection with inspection, demonstration, use or test thereof.

t. Costs incurred in connection with paragraph 10 of Article II.

u. All Vandyke prints, paper blueprints and photolithic tracings furnished by the Contractor under this contract shall be paid for at the following rates, which are determined

in advance by the Contracting Officer and agreed to by the contracting parties as representing a fair and reasonable allowance for the direct cost of such items and as not including profit or mailing expenses:

| | |
|---|---|
| Bromide Vandykes | 27 cents per sq. ft. |
| Paper Vandykes | 13 " " " " |
| Photolithic tracings from ink originals | 85 " " " " |
| Photolithic tracings from pencil originals | 95 " " " " |
| Paper blueprints | 5 " " " " |

v. All bonuses, allowances or other extra payments to employees for service outside the Continental United States or for service in Alaska or the Canal Zone.

w. All expenditures for long distance telephone calls, telegrams, cablegrams and radiograms.

x. The cost including incidental expenses and premiums (if any) of providing such death, injury, interment and other benefits to the Contractor's employees engaged in performing services under this contract as the Contracting Officer may approve or ratify.

y. Such other items, not expressly excluded by other provisions of this contract as should, in the opinion of the Contracting Officer, be included in the cost of the work; when such items are allowed by the Contracting Officer, they shall be specifically certified as being allowed under this paragraph.

z. In the event the Contracting Officer shall determine that the best interests of the Government require that the Contractor initiate or defend litigation in connection with claims of third parties arising out of the performance of this contract, the Contractor will proceed with such litigation in good faith and the costs and expenses of such litigation, including judgments and court costs, allowances rendered or awarded in connection with suits for wages, overtime or salaries, and reasonable attorneys' fees for private counsel when the Government does not furnish Government counsel shall be reimbursable under this contract.

6. In approving reimbursement for all costs and expenses for the Contractor under this contract, the Contracting Officer shall be governed by the provisions of Article XXXIV.

7. It is intended that the cost of the work under this contract (exclusive of the cost of services, materials and equipment supplied by the Government), will not exceed the sum of One Hundred Thirty-Seven Million, Two Hundred Thousand Dollars ($137,200,000.00), inclusive of the fee, and that the cost of closing out this contract will not exceed the sum of Eighteen Million Dollars ($18,000,000.00). If and when, in the opinion of the Contractor the cost of the work under the contract may exceed the sum of One Hundred and Thirty-Seven Million, Two Hundred Thousand Dollars ($137,200,000.00), the Contractor shall give notice thereof in writing to the Contracting Officer. Within fifteen days after receipt of such notice, the Contracting Officer shall advise the Contractor in writing as to the action the Government desires the Contractor to take in connection with further performance hereunder. Failure of the Contracting Officer to advise the Contractor within such period shall constitute a notice of termination of this contract with the same effect as though given under Article XX hereunder. Nothing herein shall be deemed to limit the amount for which the Contractor will be reimbursed under the provisions of this contract.

8. It is the intention of the parties that the Contractor shall be reimbursed, indemnified, and held harmless for or on account of all costs, expenses, and liabilities incurred by it in connection with the work, subject to the provisions of Article XXXIV. If, upon final settlement, the total reimbursements to the Contractor, including the monthly sums called for by paragraph c of Section 5 of Article XIII, under this contract entered into by the parties hereto in connection with the work hereunder, exceed the Contractor's total cost and expenses (for this purpose the negotiated prices under Subparagraph 2. d. of Article XIII shall be deemed to be costs) allocable to the work under this contract



30

as determined on the basis of the Contractor's customary accounting practices, it is the intention of the parties that any excess will be returned to the Government. This determination shall be made by the Contractor and shall be certified by a firm of public accountants acceptable to the Government and familiar with the Contractor's accounting practices, to be selected by the Contractor; but being a voluntary offer on the Contractor's part, the determination shall not be subject to audit or review by the Government. In making such determination, there shall be taken into account the difference, if any, between the amount by which the Contractor's Federal income and excess profits taxes are increased by reason of the receipt of reimbursements under this contract and the amount by which such taxes are reduced as a result of any repayment under this Article. A certified copy of the public accountant's certificate shall be furnished to the Government. No such refund to the Government shall be deemed to prejudice any right of the Contractor under Article XXXIV.

GENERAL

9. Reservation by Government.

a. The Government reserves the right to furnish any materials, construction equipment, machinery, tools, or services (except personal services), including communication services necessary for the completion of the work; provided that the Contractor shall not be obligated to use any of such items unless in the judgment of the Contractor and the Contracting Officer they are of suitable type and in satisfactory condition. The Contractor shall use reasonable care with respect to such property. Upon the completion of the work at the Plant or Government Laboratory or upon demand prior thereto, the Contractor shall return such equipment, machinery, tools, and unused materials to the place designated by the Contracting Officer. The Contractor shall, as required by the Contracting Officer, cause all equipment, machinery, and tools to which title is vested in the Government to be suitably marked with an identifying mark or symbol indicating that such items are the property of the United States.

b. The Government reserves the right to pay directly to common carriers any or all freight charges on construction plant, materials, and supplies.

c. The Government reserves the right to pay directly to the person concerned all sums due from the Contractor for labor, materials, or other charges.

10. Discounts

The Contractor shall, to the extent of its ability, take all cash and trade discounts, rebates, allowances, credits, salvage, commissions, and bonifications, and when unable to take advantage of such benefits, it shall promptly notify the Contracting Officer of the reason therefor.



31

11. Revenue

HAW KDN All revenue received by the Contractor from the operation of the government owned hospital, commissaries, mess halls, cafeterias, dormitories, village and community facilities, or other government owned facilities, or from salvage, rebates, discounts, refunds, etc. shall be accounted for by the Contractor and, except for any reasonable compensation accruing to a Third party or parties in connection with such items, shall be applied in reduction of the cost of the work. HAW KDN

ARTICLE XIV - PAYMENTS

1. Reimbursement for costs and expenses. The Government shall currently reimburse the Contractor for costs and expenses incurred in accordance with this contract, and shall currently pay the Contractor the agreed compensation and predetermined agreed fixed amounts in lieu of actual costs, upon submission to and approval by the Contracting Officer of original payrolls for labor, receipted invoices for materials, supplies, and services, or other evidence satisfactory to the Contracting Officer. Generally, reimbursement will be made weekly but may be made at more frequent intervals if conditions so warrant.

2. Monthly Payments under Article XIII-5-o. The monthly payments called for by paragraph o of Section 5 of Article XIII shall be made promptly after the submission to the Contracting Officer by the Contractor of an invoice for each such amount.

3. Payment of the Fixed Fee. The fixed fee provided for in Article XII shall be paid upon completion of the work under this contract.

4. Payments by Contractor. If bills for purchase of material, supplies, services, machinery or equipment, or payrolls covering employment of laborers or mechanics incurred by the Contractor or by any subcontractor hereunder are not paid promptly by the Contractor or by any subcontractor hereunder, the Government shall have the right to pay such bills or payrolls directly.

5. Failure of the Government to Make Payments. In the event of failure of the Government to make any payments or advances as provided in this contract (other than by reason of normal delay in the payment of current expenditures incident to the checking by the disbursing officer of statements of such expenditures), the Contractor may suspend its performance hereunder until the full amount of any deficiency shall have been paid. The exercise of this right shall be without prejudice to any other rights or remedies of the Contractor on account of such failure by the

Government; and failure of the Contractor to exercise such right shall not constitute a waiver thereof with respect to any continuing or subsequent failure on the part of the Government.

6. Payment upon Completion of Work hereunder. Upon completion of the work hereunder and its final acceptance in writing by the Contracting Officer, the Government shall pay to the Contractor the unpaid balance of the cost of the work to be determined under Article XIII, less any sum that may be necessary to settle any unsettled claims in connection with this contract. The Contracting Officer shall accept the completed work with reasonable promptness. The Contractor shall, if required, furnish the Government with a release of all claims which it has against the Government arising under and by virtue of this contract other than such claims, if any, as may be specifically excepted by the Contractor from the operation of the release, and other than any claims subsequently found or determined to have been incurred in the performance of this contract and not known to the Contractor at the time of furnishing the foregoing release.

## ARTICLE XV - ADVANCES

1. At any time and from time to time after the execution of this contract, the Government at the request of the Contractor and subject to the approval of the Contracting Officer, or his duly authorized representative, or the person to whom authority to make advance payments has been delegated, as to the present need therefor shall advance to the Contractor, without payment of interest thereon by the Contractor, sums not to exceed thirty per cent (30%) of the estimated cost of this contract (exclusive of the Contractor's fixed fee), as it may be amended from time to time, as set forth in Article XII.

2. As a condition precedent to the making of any advance payment or payments as hereinbefore provided, the Contractor shall furnish the Government with such adequate security as the Under Secretary of War or the person to whom authority has been delegated to make advance payments shall prescribe; provided that if other security is not prescribed the terms of this contract shall be considered adequate security for such advance payments; and provided, further, that if at any time the Under Secretary of War deems the security furnished by the Contractor inadequate, the Contractor shall furnish such additional security in the form of a surety bond or surety bonds, as shall be satisfactory to the Under Secretary of War.

3. Until all advance payments hereunder are liquidated, all funds received as advance payments under this contract, together with all funds received as reimbursements and by way of allowances and other payments for the cost of the work under Article XIII, exclusive of the Contractor's fixed fee, shall be deposited in a

special bank account or accounts at a member bank or banks of the Federal Reserve System or any "insured" bank within the meaning of the Act creating the Federal Deposit Insurance Corporation (Act of August 23, 1935; 49 Stat. 684) as amended (12 U.S.C. 264) seperate from the Contractor's general or other funds. Such special bank account or accounts shall be so designated as to indicate clearly to the bank their special character and purpose, and the balance in such account or accounts shall be used by the Contractor exclusively as a revolving fund for making payments for the cost of the work as provided in Article XIII and for carrying out the other purposes of the principal contract and any amendments thereto and not for other business of the Contractor. Any balances from time to time in such special account or accounts shall at all times secure the repayment of the advances in connection with which the special account or accounts are opened, and the Government shall have a lien upon such balances to secure the repayment of such advances, which lien shall be superior to any lien of the bank or any other person upon such account or accounts by virtue of assignment to it of such contract or otherwise; provided that the bank shall be under no liability to any party hereto for the withdrawal of any funds from said special account upon checks, properly endorsed and signed by the Contractor, including checks in which the Contractor is the payee, except that after the receipt by the bank of written directions from the Contracting Officer or his duly authorized representative, the bank shall act thereon and be under no liability to any party hereto for any action taken in accordance with the said written directions. Any instructions or written directions received by the bank through the Contracting Officer upon War Department stationery and purporting to be signed by, or by the direction of, the Contracting Officer or his duly authorized representative, shall, insofar as the rights, duties, and liabilities of the bank are concerned, be conclusively deemed to have been properly issued and filed with the bank by the Contracting Officer or his duly authorized representative.

4. It is agreed that the aggregate of the advance payments outstanding under this contract, together with funds received as reimbursement for the cost of the work by the Contractor under Article XIII, shall at no time exceed the total estimated cost of the work under this contract as outlined in Article XII and as it may be revised from time to time, and any such excess shall be immediately repaid by the Contractor to the Government, or, if any reimbursement is due from the Government to the Contractor, shall be deducted therefrom; provided, however, that if the total cost of the work shall be in excess of the amount so paid to the Contractor, including said advance payments, the Government upon

presentation of satisfactory evidence shall currently and promptly reimburse the Contractor to the extent of such excess cost (subject to any delay in the availability of appropriated funds).

5. If, upon completion of the contract, or upon the termination thereof for other than the fault of the Contractor, the advance payments made to the Contractor in respect of such contract have not been fully liquidated in the manner herein provided, the unliquidated balance of such advance payments shall be deducted from any payments otherwise due the Contractor in respect of this contract; and if the sum or sums due the Contractor be insufficient to cover such balance, the deficiency shall be paid by the Contractor in cash forthwith after demand and final audit by the Government of all accounts hereunder in respect of such contract;

provided, however, that in the event of such termination of the contract for other than the fault of the Contractor, such deduction shall not be made prior to final audit unless and only to the extent that, the Contracting Officer or his duly authorized representative shall determine that such action is reasonably required in order to secure the eventual repayment in full to the Government of such unliquidated advance payments. In the event of cancellation or termination of this contract because of the fault of the Contractor, subject to appeal by the Contractor pursuant to Article XXI, "Disputes" with respect to any determination of fault, the Contractor, notwithstanding any ultimate rights to be reimbursed, agrees to return to the Government, upon demand, without set-off of any sums alleged to be due the Contractor the unliquidated balance of any advance payment. Furthermore, if, in the opinion of the Contracting Officer or his duly authorized representative the unobligated balance of the advance payments made by the Government under Section 1 hereof exceeds the amount necessary for the current needs of the Contractor, as determined by the Contracting Officer or his duly authorized representative, the amount of such excess shall, upon demand by the Contracting Officer or his duly authorized representative, be promptly returned to the Government and will be credited against the balance due the Government on advances previously made. If the demand made in any event set forth in this Section is not met upon receipt of such demand by the Contractor, the amount demanded will bear interest at the rate of six per cent (6%) per annum from the date of the receipt of the demand until payment is made; provided, however, that such payment of interest is hereby waived as to any sum paid by the Contractor within 15 days after the amount becomes due hereunder. If and when the Contractor has by means of deductions or otherwise, reimbursed the Government in full for payments made, any money remaining in the special bank account or accounts shall be free and clear of any lien hereunder and the bank or banks concerned shall have authority to pay same to the Contractor and shall thereupon be relieved of any further obligation to the Government on account thereof.

6. The Contractor shall, at all times, afford to the Contracting Officer, or his duly authorized representative, proper facilities for the inspection and audit of the Contractor's accounts, and the Contractor hereby agrees that the Contracting Officer, or his duly authorized representative shall have the right so far as the Contractor's rights are concerned, during business hours, to inspect and make copies of any entries in the books and records of the bank or banks relating to the said special account or accounts.

7. Subject to the approval of the Contracting Officer or his duly authorized representative, the Contractor may make payments to subcontractors and materialmen in advance out of the special account, for labor or services, or to pay for materials in advance of delivery at the site of the work or at an approved storage site. Such subadvances shall not exceed thirty per cent (30%) of the subcontract price or estimated cost, as the case may be, and the subcontractor or materialmen, to whom such advances are made, shall furnish adequate security therefor. Unless other security is furnished, covenants in subcontracts, expressly made for the benefit of the Government, providing for a sub-special account with Government lien thereon and for a Government lien on or title to property, tangible or intangible, purchased from the special account, and imposing upon the subcontractor substantially the same duties and giving the Government substantially the same rights as are provided herein between the Government and the Contractor, have been prescribed by the Under Secretary of War as minimum adequate security for such subadvances. The Contractor shall not be subject to any liability with respect to funds so advanced except to return or credit to the Government such amounts of said funds as shall be returned to the Contractor by said subcontractors and materialmen.

8. Notwithstanding any of the foregoing provisions of this Article XV, and in view of the unusual and unpredictable hazards involved in carrying out the work under this contract as well as abnormal conditions now existing, the Contractor is authorized to make payments in advance out of the special account to an insurance carrier or carriers or to a special fund operated by the Contractor (hereinafter referred to as the "Carrier") for the purpose of establishing and replenishing a collateral or guarantee fund or funds to secure the payment of premiums for such insurance coverage or to meet losses and expenses not covered by insurance as may be required or approved by the Contracting Officer. Except with respect to monies which may be furnished to the Contractor's special fund as herein provided, the Contractor shall not be subject to any liability with respect to funds so advanced except to return or credit to the Government such amounts of said funds as shall be returned to the Contractor by said Carrier. The funds furnished to any Carrier hereunder shall be handled in the following manner:

a. Until liquidated, the funds so advanced shall be deposited in a special bank account or accounts at a bank or banks to be selected by the Carrier, except that such bank or banks shall be a member of the Federal Reserve System or any "insured" bank within the meaning of the Act creating the Federal Deposit Insurance Corporation (Act of August 23, 1935; 49 Stat. 684) as amended (12 U.S.C. 264) separate from the general or other funds of the Carrier. Such special bank account or accounts shall be so designated as to indicate clearly to the bank their special character and purpose. The balance in such account or accounts shall be used by the Carri



7

exclusively for carrying out the purposes of this paragraph 8, and not for other business of the Carrier.

8. b. At the discretion of the Carrier the funds advanced hereunder may from time to time be invested in whole or in part in United States Government securities. The Carrier shall have the right to sell all or any part of such securities as they see fit and to determine how much of the funds advanced shall be invested and how much retained in cash on deposit. All securities purchased with such funds shall be deposited in a safety deposit box or custody account in such bank. Suitable provisions shall be made so that all purchases and sales of such securities shall be upon the recommendation and approval of the Finance Committee or other similar executive body of the carrier approved by the Contracting Officer.

c. The interest earnings, if any, actually earned from the investment of the whole or any part of the funds advanced to the Carrier hereunder, less expenses incurred in the investment, management, custody and safekeeping of said funds shall be paid to the Contractor for the account of the Government.

d. The Carrier shall have the right to draw on the special account with any such bank, subject only to the provisions under which the funds were advanced.

e. Whenever the face amount of securities purchased with such advanced funds and deposited at any bank is either increased or decreased the bank shall report the amount of such increase or decrease to the Contractor and in addition to such reports, the bank shall also furnish periodic reports to the Contractor as to such advanced funds showing the amount of cash on hand in its special account and the face amount of the securities deposited with it.

9. Notwithstanding any other provision of this Article XV, the Government upon the request of the Contractor from time to time throughout the effective period of this contract, shall advance to the Contractor, without interest, sums not to exceed the amounts necessary to replenish in full the collateral or guarantee funds provided for by Section 8 of this Article XV and the Employees Benefit Fund provided for by Article XXXV of this contract. Upon