sentence of the court. And it shall be his duty either to remit any part or the whole of any sentence, the execution of which would, in the opinion of the surgeon or senior medical officer on board, given in writing, produce serious injury to the health of the person sentenced; or to submit the case again, without delay, to the same or to another summary court-martial, which shall have the power, upon the testimony already taken, to remit the former punishment and to assign some other of the authorized punishments in the place thereof. (Sec. 1624, R. S.) The Secretary of the Navy may set aside the proceedings, or remit or mitigate, in whole or in part, the sentence imposed by any naval court-martial convened by his order or by that of any officer of the Navy or Marine Corps. (Act Feb. 16, 1909.)

Conduct of proceedings.

**34.** The proceedings of summary courts shall be conducted with as much conciseness and precision as may be consistent with the ends of justice, and under such forms and rule as may be prescribed by the Secretary of the Navy, with the approval of the President, and all such proceedings shall be transmitted in the usual mode to the Navy Department, where they shall be kept on file for a period of two years from date of trial, after which time they may be destroyed, in the discretion of the Secretary of the Navy. (Act Feb. 16, 1909.)

Same punishment by general court.

**35.** Any punishment which a summary court-martial is authorized to inflict may be inflicted by a general court-martial.

Dismissal of officers.

**36.** No officer shall be dismissed from the naval service except by the order of the President or by sentence of a general court-martial; and in time of peace no officer shall be dismissed except in pursuance of the sentence of a general court-martial or in mitigation thereof.

Officer dismissed may demand trial.

**37.** When any officer, dismissed by order of the President since 3d March, 1865, makes, in writing, an application for trial, setting forth under oath that he has been wrongfully dismissed, the President shall, as soon as the necessities of the service may permit, convene a court-martial to try such officer on the charges on which he shall have been dismissed. And if such court-martial shall not be convened within six months from the presentation of such application for trial, or if such court, being convened, shall not award dismissal or death as the punishment of such officer, the order of dismissal by the President shall be void.

General courts-martial; by whom convened.

**38.** General courts-martial may be convened by the President, by the Secretary of the Navy, by the commander in chief of a fleet or squadron, and by the commanding officer of any naval station beyond the continental limits of the United States. (Act Feb. 16, 1909.)

Constitution.

**39.** A general court-martial shall consist of not more than thirteen nor less than five commissioned officers as members; and as many officers, not exceeding thirteen, as can be convened without injury to the service, shall be summoned on every such court. But in no case, where it can be avoided without injury to the service, shall more than one-half, exclusive of the president, be junior to the officer to be tried. The senior officer shall always preside and the others shall take place according to their rank.

Oaths of members and judge advocate.

**40.** The president of the general court-martial shall administer the following oath or affirmation to the judge advocate or person officiating as such:

"I, A B, do swear (or affirm) that I will keep a true record of the evidence given to and the proceedings of this court; that I will not divulge or by any means disclose the sentence of the court until it shall have been approved by the proper authority; and that I will not at any time divulge or disclose the vote or opinion of any particular member of the court, unless required so to do before a court of justice in due course of law."

This oath or affirmation being duly administered, each member of the court, before proceeding to trial, shall take the following



oath or affirmation, which shall be administered by the judge advocate or person officiating as such:

"I, A B, do swear (or affirm) that I will truly try without prejudice or partiality, the case now depending, according to the evidence which shall come before the court, the rules for the government of the Navy, and my own conscience; that I will not by any means divulge or disclose the sentence of the court until it shall have been approved by the proper authority; and that I will not at any time divulge or disclose the vote or opinion of any particular member of the court, unless required so to do before a court of justice in due course of law."

Oath of witness.

**41.** An oath or affirmation in the following form, shall be administered to all witnesses, before any court-martial, by the president thereof:

"You do solemly swear (or affirm) that the evidence you shall give in the case now before this court shall be the truth, the whole truth, and nothing but the truth, and that you will state everything within your knowledge in relation to the charges. So help you God (or 'this you do under the pains and penalties of perjury')."

Contempt.

**42.** Whenever any person refuses to give his evidence or to give it in the manner provided by these articles, or prevaricates, or behaves with contempt to the court, it shall be lawful for the court to imprison him for any time not exceeding two months. This article, as set forth above in the form given in sec. 1624, R. S., is modified by secs. 11 and 12 of the act of Feb. 16, 1909, which provides "That a naval court-martial or court of inquiry shall have power to issue like process to compel witnesses to appear and testify which United States courts of criminal jurisdiction within the State, Territory, or District where such naval court shall be ordered to sit may lawfully issue.

"That any person duly subpœnaed to appear as a witness before a general court-martial or court of inquiry of the Navy, who willfully neglects or refuses to appear, or refuses to qualify as a witness or to testify or produce documentary evidence which such person may have been legally subpœnaed to produce, shall be deemed guilty of a misdemeanor, for which such person shall be punished on information in the district court of the United States; and it shall be the duty of the United States district attorney, on the certification of the facts to him by such naval court, to file an information against and prosecute the person so offending, and the punishment of such person, on conviction, shall be a fine of not more than five hundred dollars or imprisonment not to exceed six months, or both, at the discretion of the court: *Provided*, That this shall not apply to persons residing beyond the State, Territory, or District in which such naval court is held, and that the fees of such witnesses and his mileage at the rates provided for witnesses in the United States district court for said State, Territory, or District shall be duly paid or tendered said witness, such amounts to be paid by the Bureau of Supplies and Accounts out of the appropriation for compensation of witnesses: *Provided further*, That no witness shall be compelled to incriminate himself or to answer any question which may tend to incriminate or degrade him."

Charges.

**43.** The person accused shall be furnished with a true copy of the charges, with the specifications, at the time he is put under arrest; and no other charges than those so furnished shall be urged against him at the trial, unless it shall appear to the court that intelligence of such other charge had not reached the officer ordering the court when the accused was put under arrest, or that some witness material to the support of such charge was at that time absent and can be produced at the trial; in which case reasonable time shall be given to the accused to make his defense against such new charge.

Duty of officer arrested.

44. Every officer who is arrested for trial shall deliver up his sword to his commanding officer and confine himself to the limits assigned him, on pain of dismissal from the service.

Suspension of proceedings.

45. When the proceedings of any general court-martial have commenced, they shall not be suspended or delayed on account of the absence of any of the members, provided five or more are assembled; but the court is enjoined to sit from day to day, Sundays excepted, until sentence is given, unless temporarily adjourned by the authority which convened it.

Absence of members.

46. No member of a general court-martial shall, after the proceedings are begun, absent himself therefrom, except in case of sickness, or of an order to go on duty from a superior officer, on pain of being cashiered.

Witnesses examined in absence of member.

47. Whenever any member of a court-martial, from any legal cause, is absent from the court after the commencement of a case, all the witnesses who have been examined during his absence must, when he is ready to resume his seat, be recalled by the court, and the recorded testimony of each witness so examined must be read over to him, and such witness must acknowledge the same to be correct and be subject to such further examination as the said member may require. Without a compliance with this rule, and an entry thereof upon the record, a member who shall have been absent during the examination of a witness shall not be allowed to sit again in that particular case.

Suspension of pay.

48. Whenever a court-martial sentences an officer to be suspended, it may suspend his pay and emoluments for the whole or any part of the time of his suspension.

Flogging, branding, etc.

49. In no case shall punishment by flogging, or by branding, marking, or tattooing on the body be adjudged by any court-martial or be inflicted upon any person in the Navy.

Determination of sentences.

50. No person shall be sentenced by a court-martial to suffer death, except by the concurrence of two-thirds of the members present, and in the cases where such punishment is expressly provided in these articles. All other sentences may be determined by a majority of votes.

Adequate punishment; recommendation to clemency.

51. It shall be the duty of a court-martial, in all cases of conviction, to adjudge a punishment adequate to the nature of the offense; but the members thereof may recommend the person convicted as deserving of clemency, and state, on the record, their reasons for so doing.

Authentication of judgment.

52. The judgment of every court-martial shall be authenticated by the signature of the president, and of every member who may be present when said judgment is pronounced, and also of the judge advocate.

Confirmation of sentence.

53. No sentence of a court-martial, extending to the loss of life, or to the dismissal of a commissioned or warrant officer, shall be carried into execution until confirmed by the President. All other sentences of a general court-martial may be carried into execution on confirmation of the commander of the fleet or officer ordering the court.

Remission and mitigation of sentence.

54. Every officer who is authorized to convene a general court-martial shall have power, on revision of its proceedings, to remit or mitigate, but not to commute, the sentence of any such court which he is authorized to approve and confirm. (This article, as set forth above in the form given in sec. 1624, R. S., is modified by sec. 9 of the act of Feb. 16, 1909; see Art. 63.)

Courts of inquiry; by whom ordered.

55. Courts of inquiry may be ordered by the President, the Secretary of the Navy, or the commander of a fleet or squadron.

Constitution.

56. A court of inquiry shall consist of not more than three commissioned officers as members, and of a judge advocate, or person officiating as such.

Powers.

57. Courts of inquiry shall have power to summon witnesses, administer oaths, and punish contempts, in the same manner as courts-martial; but they shall only state facts, and shall not give



their opinion, unless expressly required so to do in the order for convening. (This article, as set forth above in the form given in sec. 1624, R. S., is modified by secs. 11 and 12 of the act of Feb. 16, 1909; see Art. 42.)

Oaths of members and judge advocate.

58. The judge advocate, or person officiating as such, shall administer to the members the following oath or affirmation: "You do swear (or affirm) well and truly to examine and inquire, according to the evidence, into the matter now before you, without partiality." After which the president shall administer to the judge advocate, or person officiating as such, the following oath or affirmation: "You do swear (or affirm) truly to record the proceedings of this court and the evidence to be given in the case in hearing."

Rights of party to the inquiry.

59. The party whose conduct shall be the subject of inquiry, or his attorney, shall have the right to cross-examine all the witnesses.

Proceedings how authenticated and used as evidence.

60. The proceedings of courts of inquiry shall be authenticated by the signature of the president of the court and of the judge advocate, and shall, in all cases not capital, nor extending to the dismissal of a commissioned or warrant officer, be evidence before a court-martial, provided oral testimony can not be obtained.

Limitation of period in which amenable to trial.

61. No person shall be tried by court-martial or otherwise punished for any offense, except as provided in the following article, which appears to have been committed more than two years before the issuing of the order for such trial or punishment, unless by reason of having absented himself, or of some other manifest impediment, he shall not have been amenable to justice within that period.

Punishment for desertion in time of peace.

62. No person shall be tried by court-martial or otherwise punished for desertion in time of peace committed more than two years before the issuing of the order for such trial or punishment, unless he shall meanwhile have absented himself from the United States, or by reason of some other manifest impediment shall not have been amenable to justice within that period, in which case the time of his absence shall be excluded in computing the period of the limitation: *Provided*, That said limitation shall not begin until the end of the term for which said person was enlisted in the service.

Limitation of punishment.

63. Whenever, by any of the Articles for the Government of the Navy of the United States, the punishment on conviction of an offense is left to the discretion of the court-martial, the punishment therefor shall not, in time of peace, be in excess of a limit which the President may prescribe.

64. Within the meaning of the foregoing articles, unless there be something in the context or subject matter repugnant to or inconsistent with such construction, officers shall mean commissioned and warrant officers, and paymasters' clerks; superior officers shall be held to include mates and petty officers of the Navy and noncommissioned officers of the Marine Corps, in addition to the officers enumerated. This article is not one of the "Articles for the Government of the Navy," as contained in the statutes, but is appended in explanation thereof.

# CHAPTER 2.

## THE NAVY DEPARTMENT.

### SECTION 1.—ORGANIZATION.

Secretary of the Navy.

101. There shall be at the seat of government an executive department, to be known as the Department of the Navy, and a Secretary of the Navy, who shall be the head thereof. (Sec. 415, R. S.)

Assistant Secretary of the Navy.

102. (1) An Assistant Secretary of the Navy is authorized by law, who shall perform such duties as may be prescribed by the Secretary of the Navy or required by law. (Acts of July 11, 1890, and Mar. 3, 1891.) All orders issued by the Assistant Secretary in conducting the duties assigned him shall be considered as emanating from the Secretary and shall have full force and effect as such.

(2) In case of the absence of the Secretary of the Navy his duties shall be performed by the Assistant Secretary of the Navy. (Sec. 177, R. S.)

Chief of Naval Operations.

103. (1) There shall be a Chief of Naval Operations, who shall be an officer on the active list of the Navy appointed by the President, by and with the advice and consent of the Senate, from among the officers of the line of the Navy, not below the grade of captain, for a period of four years, who shall, under the direction of the Secretary of the Navy, be charged with the operations of the fleet, and with the preparation and readiness of plans for its use in war. (Act Mar. 3, 1915.)

C. N. R. 7.

(2) Hereafter the Chief of Naval Operations, while so serving as such Chief of Naval Operations, shall have the rank and title of admiral, to take rank next after the Admiral of the Navy, and shall, while so serving as Chief of Naval Operations, receive the pay of $10,000 per annum and no allowances. All orders issued by the Chief of Naval Operations in performing the duties assigned him shall be performed under the authority of the Secretary of the Navy, and his orders shall be considered as emanating from the Secretary, and shall have full force and effect as such. To assist the Chief of Naval Operations in performing the duties of his office there shall be assigned for this exclusive duty not less than 15 officers of and above the rank of lieutenant commander of the Navy or major of the Marine Corps: *Provided*, That if an officer of the grade of captain be appointed Chief of Naval Operations he shall have the rank and title of admiral, as above provided, while holding that position: *Provided further*, That should an officer, while serving as Chief of Naval Operations, be retired from active service he shall be retired with the lineal rank and the retired pay to which he would be entitled had he not been serving as Chief of Naval Operations. (Act Aug. 29, 1916.)

(3) During the temporary absence of the Secretary and the Assistant Secretary of the Navy the Chief of Naval Operations shall be next in succession to act as Secretary of the Navy. (Act Mar. 3, 1915.)

C. N. R. 5. Bureaus.

104. (1) The business of the Department of the Navy shall be distributed in such manner as the Secretary of the Navy shall judge to be expedient and proper among the following bureaus:

First, a Bureau of Yards and Docks.
Second, a Bureau of Equipment.[1]
Third, a Bureau of Navigation.
Fourth, a Bureau of Ordnance.

[1] Bureau of Equipment abolished by act of June 30, 1914.

Fifth, a Bureau of Construction and Repair.
Sixth, a Bureau of Steam Engineering.
Seventh, a Bureau of Supplies and Accounts.
Eighth, a Bureau of Medicine and Surgery. (Sec. 419, R. S.)

Custody of records.

(2) The several bureaus shall retain the charge and custody of the books of records and accounts pertaining to their respective duties, and all of the duties of the bureaus shall be performed under the authority of the Secretary of the Navy, and their orders shall be considered as emanating from him and shall have full force and effect as such. (Sec. 420, R. S.)

Judge Advocate General.

(3) The Judge Advocate General of the Navy shall perform such duties as may lawfully be required. (Act June 8, 1880.)

Solicitor.

(4) The Solicitor shall perform such duties as may be assigned by the Secretary of the Navy.

General Board.

(5) The General Board of the Navy shall, under the direction of the Secretary of the Navy, perform such duties as are set forth in section 13 of this chapter and such additional duties as may be prescribed from time to time by competent authority.

Bureaus in general.

(6) Chiefs of bureau shall issue orders concerning the work of their own bureaus, provided such work is not of a character to alter the military characteristics of any ship. Any proposed work the performance of which would alter the military characteristics of any ship shall be referred to the Secretary of the Navy for decision prior to authorization.

C. N. R. 5.
Duties of bureaus.

(7) Each bureau shall determine upon and require for or have manufactured all material, apparatus, tools, stores, fuel, transportation, stationery, blank books, forms, and appliances of every kind needed for its own use in carrying out its duties, as hereinafter defined. Each bureau shall be charged with the preservation of the public property under its cognizance, except as provided in section 9 of this chapter.

Equipment of ships.

(8) Each bureau shall be charged with all that relates to the equipment of ships, according to its allowance list from time to time in force.

Work done by one bureau for another.

(9) All work done by one bureau for another bureau, including the construction, alteration, and repair of public works, shall be done by the former after approval by, and to the satisfaction of, the latter, and such work shall at all times be open to the inspection of the bureau for which it is done.

Inspection of material.

(10) Each bureau shall inspect all material for its use, except at navy yards, where inspections shall be made as provided for in article I 4672. Controversial questions as to the acceptance of manufactured or purchased articles shall be referred to the bureau having cognizance.

Defraying costs.

(11) Each bureau shall estimate for and defray from its own funds the cost necessary to carry out its duties as hereinafter defined.

Information for Chief of Naval Operations.

(12) Every chief of bureau or head of an office shall furnish such information and data as may be called for by the Chief of Naval Operations.

C. N. R. 5.
Conference with Chief of Naval Operations.

(13) When a conference becomes necessary to facilitate the transaction of business affecting the interests of any bureau or office, the chief of such bureau or head of such office, when notified by the Chief of Naval Operations, shall designate a representative to attend such conference.

C. N. R. 5.
Work previously disapproved.

(14) In every case pertaining to the design, alteration, or repair of ships or equipage wherein any bureau recommends for approval any departure from recognized standard practice, or any action at variance with any former decision of the department, such bureau shall invite the attention of the department to:

(a) The previous decisions or rulings of the department in regard to the subject in question.

(b) The reasons for recommending any departure from existing practice or any change in policy.

Secretary's advisory council.

**105.** The Secretary's advisory council will be composed of the following members:

The Assistant Secretary of the Navy.
The Chief of Naval Operations.
The Chief of the Bureau of Navigation.
The Chief of the Bureau of Ordnance.
The Chief of the Bureau of Steam Engineering.



The Chief of the Bureau of Construction and Repair.
The Chief of the Bureau of Yards and Docks.
The Chief of the Bureau of Supplies and Accounts.
The Chief of the Bureau of Medicine and Surgery.
The Major General Commandant of the Marine Corps.
The Judge Advocate General of the Navy.

The Secretary's advisory council will meet every Thursday at noon, in the Secretary's office, unless otherwise directed, and at such other times as the Secretary may direct.

Correspondence of the department.

**106.** (1) The general correspondence of the Department of the Navy shall be under the immediate supervision of the Secretary of the Navy.

Papers for Secretary's signature.
C. N. R. 5.

(2) Papers intended for the signature of the Secretary of the Navy or of the Assistant Secretary of the Navy shall be presented to them through the Chief of Naval Operations or the chief of bureau concerned. In the preparation of papers for the signature of the Secretary or Assistant Secretary, based on the written recommendations of chiefs of bureaus, the bureaus concerned shall be called in conference if departure from their recommendation is contemplated.

(3) Chiefs of bureaus shall communicate directly with the Secretary and Assistant Secretary at any time on business pertaining to their bureaus.

## SECTION 2.—DUTIES CONDUCTED UNDER THE SUPERVISION OF THE ASSISTANT SECRETARY OF THE NAVY; THE SOLICITOR.

Duties supervised by the Assistant Secretary.

**116.** (1) The final preparation of departmental estimates for submission to Congress shall be under the supervision of the Assistant Secretary of the Navy.

Duties of the Solicitor.

**117.** (1) It shall be the duty of the Solicitor to examine and report upon questions of law, including the drafting and interpretation of statutes and matters submitted to the accounting officers not relating to the personnel; preparation of advertisements, proposals, and contracts; insurance; patents; the sufficiency of official, contract, and other bonds and guarantees; proceedings in the civil courts by or against the Government or its officers in cases relating to material and not concerning the personnel as such; claims by or against the Government; questions submitted to the Attorney General, except such as are under the cognizance of the Judge Advocate General; bills and congressional resolutions and inquiries not relating to the personnel and not elsewhere assigned; and to conduct the correspondence respecting the foregoing duties.

(2) He shall be charged, under the special instructions of the Secretary of the Navy, with the searching of titles, purchase, sale, transfer, and other questions affecting lands and buildings pertaining to the Navy, and with the care and preservation of all muniments of title to land acquired for naval uses.

(3) He shall also render opinion upon any matter or question of law when directed to do so by the Secretary or Assistant Secretary.

## SECTION 3.—THE OFFICE OF NAVAL OPERATIONS.

C. N. R. 5.
Chief of Naval Operations.

**120.** (1) The Chief of Naval Operations shall, under the direction of the Secretary of the Navy, be charged with the operations of the Fleet and with the preparation and readiness of plans for its use in war. (Act Mar. 3, 1915.)

(2) This shall include the direction of the Naval War College, the Office of Naval Intelligence, the Office of Gunnery Exercises and Engineering Performances, the operation of the Communication Service, the operations of the aeronautic service, of mines and mining, of the Naval Districts, Naval Militia, and of the Coast Guard when operating with the Navy; the direction of all strategic and tactical matters, organization, maneuvers, gunnery exercises, drills and exercises, and of the training of the Fleet for war; and the preparation and revision and enforcement of all drill books, signal codes, and cipher codes.

[illegible] questions of naval discipline, rewards, and punishments shall [illegible] submitted by this bureau for the action of the Secretary of the [illegible]. The records of all general courts-martial and courts of inquiry [illegible] the personnel of the Navy shall, before final action, be [illegible] to this bureau for comment as to disciplinary features.

[illegible] It shall receive and bring to the attention of the Secretary of the [illegible] all applications from officers for duty or leave.

[illegible] It shall receive all reports of services performed by individual [illegible] men.

[illegible] It shall be charged with the enforcement of regulations and [illegible] regarding naval ceremonies and naval etiquette.

[illegible] It shall be charged with the upkeep and operation of the Hy[illegible]graphic Office, the Naval Observatory, Nautical Almanac, and [illegible] Offices; with all that relates to the supply of ships with [illegible] outfits, including instruments, and with the maintenance [illegible] repair of same; with the collection of foreign surveys; and with [illegible] publication and supply of charts, sailing directions, and nautical [illegible] and the dissemination of nautical, hydrographic, and meteor[illegible] information to the Navy and mercantile marine. It shall [illegible] have charge of all ocean and lake surveys and ships' and crews' [illegible]. It shall defray the expenses of pilotage of all ships in com[illegible].

SECTION 5.—THE BUREAU OF MEDICINE AND SURGERY. C. N. R. 5.

[illegible] (1) The Bureau of Medicine and Surgery shall have charge of [illegible] upkeep and operation of all hospitals and of the force employed [illegible]. It shall advise with respect to all questions connected with [illegible] and sanitation affecting the service and, to this end, shall [illegible] have opportunity for necessary inspection; it shall provide for physical [illegible] examinations; it shall pass upon the competency, from a professional [illegible] standpoint, of all men in the Hospital Corps for enlistment and promo[illegible] by means of examinations conducted under its supervision or [illegible] forms prescribed by it; it shall have information as to the assign[illegible] and duties of all enlisted men of the Hospital Corps; it shall [illegible] recommend to the Bureau of Navigation the complement of medical [illegible] officers, dental officers, and Hospital Corps for hospital ships, and [illegible] shall have power to appoint and remove all nurses in the Nurse Corps [illegible] (female), subject to the approval of the Secretary of the Navy. *Bureau of Medicine and Surgery.*

[illegible] Except as otherwise provided for, the duties of the Bureau of [illegible] Medicine and Surgery shall include the upkeep and operation of [illegible] medical supply depots, medical laboratories, naval hospitals, dispen[illegible], technical schools for the medical and hospital corps, and the administration of the Nurse Corps (female), Dental Corps, and Medical Reserve Corps.

[illegible] It shall approve the design of hospital ships in so far as relates to [illegible] efficiency for the care of the sick and wounded.

[illegible] It shall require for all supplies, medicines, and instruments used [illegible] the medical department of the Navy. It shall have control of the [illegible] preparation, reception, storage, care, custody, transfer, and issue of all [illegible] supplies of every kind used in the medical department for its own purposes.

SECTION 6.—JUDGE ADVOCATE GENERAL OF THE NAVY.

[illegible] (1) The duties of the Judge Advocate General of the Navy [illegible] shall be to revise and report upon the legal features of and to have [illegible] recorded the proceedings of all courts-martial, courts of inquiry, boards [illegible] of investigation and inquest, and boards for the examination of officers [illegible] for retirement and promotion in the naval service; to prepare charges [illegible] and specifications for courts-martial, and the necessary orders con[illegible] vening courts-martial, in cases where such courts are ordered by the Secretary of the Navy; to prepare court-martial orders promulgating *Judge Advocate General.*

C. N. R. 8.

the final action of the reviewing authority in court-martial cases; to prepare the necessary orders convening courts of inquiry in cases where such courts are ordered by the Secretary of the Navy, and boards for the examination of officers for promotion and retirement, for the examination of all candidates for appointment as officers in the naval service other than midshipmen, and in the Naval Reserve forces and National Naval Volunteers, and to conduct all official correspondence relating to such courts and boards.

(2) It shall also be the duty of the Judge Advocate General to examine and report upon all questions relating to rank and precedence, to promotions and retirements, and to the validity of the proceedings in court-martial cases, all matters relating to the supervision and control of naval prisons and prisoners, including prisoners of war; the removal of the mark of desertion; the correction of records of service and reporting thereupon in the Regular or Volunteer Navy; certification of discharge in true name; pardons; bills and resolutions introduced in Congress relating to the personnel and referred to the department for report, and the drafting and interpretation of statutes relating to personnel; references to the Comptroller of the Treasury with regard to pay and allowances of the personnel; questions involving points of law concerning the personnel; proceedings in the civil courts in all cases concerning the personnel as such; and to conduct the correspondence respecting the foregoing duties, including the preparation for submission to the Attorney General of all questions relating to subjects coming under his own cognizance which the Secretary of the Navy may direct to be so referred.

C. N. R. 7.

(3) The study of international law is assigned to the Office of the Judge Advocate General. He shall examine and report upon questions of international law as may be required.

SECTION 7.—THE BUREAU OF YARDS AND DOCKS.

Bureau of Yards and Docks.

144. (1) The duties of the Bureau of Yards and Docks shall comprise the design and construction of the public works and public utilities of the Navy and their repair, upkeep, and operation, except as otherwise prescribed in section 9 of this chapter.

SECTION 8.—THE BUREAU OF ORDNANCE.

Bureau of Ordnance.

145. (1) The duties of the Bureau of Ordnance shall comprise all that relates to the upkeep, repair, and operation of the torpedo stations, naval proving ground, and magazines on shore, to the manufacture of offensive and defensive arms and apparatus (including torpedoes and armor), all ammunition, and war explosives. It shall require for or manufacture all machinery, apparatus, equipment, material, and supplies required by or for use with the above.

(2) It shall determine the interior dimensions of revolving turrets and their requirements as regards rotation.

(3) It shall, as the work proceeds, inspect the installation of the permanent fixtures of the armament and its accessories on board ship, and the methods of stowing, handling, and transporting ammunition and torpedoes, all of which work shall be performed to its satisfaction. It shall design and construct all turret ammunition hoists, determine the requirements of all ammunition hoists, and the method of construction of armories and ammunition rooms on shipboard, and, in conjunction with the Bureau of Construction and Repair, determine upon their location and that of ammunition hoists outside of turrets. It shall install all parts of the armament and its accessories which are not permanently attached to any portion of the structure of the hull, excepting turret guns, turret mounts, and ammunition hoists, and such other mounts as require simultaneous structural work in connection with installation or removal. It shall confer with the Bureau of Construction and Repair respecting the arrangements for centering the turrets and the character of the roller paths and their supports.



(4) It shall have cognizance of all electrically operated ammunition hoists, rammers, and gun-elevating gear which are in turrets; of electric training and elevating gear for gun mounts not in turrets; of electrically operated air compressors for charging torpedoes; and of all range finders and battle order and range transmitters and indicators.

SECTION 9.—THE BUREAU OF CONSTRUCTION AND REPAIR.

Bureau of Construction and Repair.

146. (1) The duties of the Bureau of Construction and Repair shall comprise the responsibility for the structural strength and stability of all ships built for the Navy; all that relates to designing, building, fitting, and repairing the hulls of ships, turrets, spars, capstans, windlasses, steering gear, and ventilating apparatus; and, after consultation with the Bureau of Ordnance and according to the requirements thereof as determined by that bureau, the designing, construction, and installation of independent ammunition hoists, and the installation of the permanent fixtures of all other ammunition hoists and their appurtenances; placing and securing armor after the material, quality, and distribution of thickness have been determined in accordance with the provisions of articles R 171 and R 172; placing and securing on board ship, to the satisfaction of the Bureau of Ordnance, the permanent fixtures of the armament and its accessories as manufactured and supplied by that bureau; installing the turret guns, turret mounts, and ammunition hoists, and such other mounts as require simultaneous structural work in connection with installation or removal; care and preservation of ships not in commission. The Bureau of Construction and Repair shall also, after conference with the Bureau of Ordnance, design the arrangements for centering the turrets, the character of the roller paths and their supports, and furnish that bureau every opportunity to inspect the installation on board of all permanent fixtures of the armament and accessories supplied by said bureau.

(2) It shall have cognizance of all electric turret-turning machinery and of all electrically operated ammunition hoists (except turret hoists), the same to conform to the requirements of the Bureau of Ordnance as to power, speed, and control. It shall also have cognizance of stationary electrically operated fans or blowers for hull ventilation, boat cranes, deck winches, capstans, steering engines and telemotors therefor, hand pumps not in the engine or fire room, and electric launches and other boats supplied with electric motive power; it shall consult the Bureau of Steam Engineering in regard to and shall approve the plans for the installation of all conduit and molding or other means for carrying electric wiring; it shall supply and install, in consultation with the Bureau of Steam Engineering, all voice tubes and means of mechanical signal communication.

(3) It shall have charge of the docking of ships, and of the operating and cleaning of dry docks.

C. N. R. 5.

(4) It shall have charge of the manufacture of anchors and cables, the supplying and fitting of rope, cordage, rigging, sails, awnings, and other canvas, and flags and bunting, and the supplying, installing, and repairing of galley ranges, steam cookers, and other permanent galley fittings, such permanent fittings to be to the satisfaction of the Bureau of Supplies and Accounts.

SECTION 10.—THE BUREAU OF STEAM ENGINEERING.

Bureau of Steam Engineering.

147. (1) The duties of the Bureau of Steam Engineering shall comprise all that relates to designing, building, fitting out, and repairing machinery used for the propulsion of naval ships; the steam pumps, steam heaters, distilling apparatus, refrigerating apparatus, all steam connections of ships, and the steam machinery necessary for actuating the apparatus by which turrets are turned.

(2) It shall inspect all fuel for the fleet.

(3) It shall have cognizance of the entire system of interior [illegible] munications. It is specifically charged with the design, supply, [illegible] stallation, maintenance, and repair of all means of interior and exterior electric signal communications (except range finders and battle [illegible] and range transmitters and indicators), and of all electrical appliances of whatsoever nature on board naval vessels, except motors and their controlling apparatus used to operate the machinery belonging to other bureaus.

(4) It shall supply and install all conduit and molding or other means for carrying electric wiring, the plans for such installation being made after consultation with the Bureau of Construction and Repair and being subject to the approval of that bureau.

(5) It shall have charge of the design, manufacture, installation, maintenance, repair, and operation of radio outfits on board ship and on shore, and of the upkeep and payment of expenses, other than the pay of enlisted personnel, of operation of radio stations on shore.

(6) It shall have supervision and control of the upkeep and operation of the Engineering Experiment Station.

SECTION 11.—THE BUREAU OF SUPPLIES AND ACCOUNTS.

Bureau of Supplies and Accounts.

**148.** (1) The duties of the Bureau of Supplies and Accounts shall comprise all that relates to the purchase (Art. R 4641), reception, storage, care, custody, transfer, shipment, and issue of all supplies for the naval establishment, and the keeping of property accounts for the same, except supplies for the Marine Corps, and except the reception, storage, care, custody, transfer, property accounts, and issue of medical supplies; the requiring for, preparing, or manufacturing of provisions, clothing, and small stores; and the requiring for material under the naval supply ~~fund.~~ account. CMR 10

(2) It shall require for all coal and fuel for steamers' and ships' use, including expenses of transportation, storage, and handling the same; and water for all purposes on board naval vessels, including the expense of transportation and storage of the same.

(3) It shall supply all stationery, blank books, and forms used in the rendition of property or money accounts.

C. N. R. 5.

(4) The cost of supplies purchased by the Bureau of Supplies and Accounts for other bureaus or branches of the naval establishment shall be defrayed out of the appropriations provided therefor by law coming under the cognizance of those bureaus or branches.

(5) The duties of the Bureau of Supplies and Accounts shall also comprise all that relates to the supply of funds for disbursing officers, the payment for articles and services for which contract and agreement has been made by the proper authority, and the keeping of the money accounts in the naval establishment, including accounts of all manufacturing and operating expense at the navy yards and stations, and the preparation of estimates for the pay of all officers and enlisted men.



SECTION 12.—THE BOARD OF INSPECTION AND SURVEY.

Board of Inspection and Survey.

[illegible] (1) The Board of Inspection and Survey shall be composed, [illegible] may be, of one flag officer, one captain, three commanders or [illegible] commanders (one being designated for engineering duties), [illegible] medical officer, one naval constructor, and an assistant adjutant [illegible] inspector of the Marine Corps, as members, and one officer not [illegible] the grade of commander as recorder.

(2) This board, under specific orders in each case from the department, shall be charged with the acceptance examinations and trials [illegible] naval vessels, and also with the inspection of all naval vessels [illegible] commissioned. It shall inspect and examine all naval vessels on their return from foreign stations and all vessels in the United States as [illegible] once in three years when practicable. When ordered, it shall inspect vessels in commission in reserve, in commission in ordinary, or [illegible] commission. It shall report to the Secretary of the Navy in [illegible] which of said vessels are unfit for further service or, if the same [illegible] unfinished in any navy yard, those which can not be finished with[illegible] great and disproportionate expense, and shall in such report state [illegible] the grounds and reasons for its opinion.

C. N. R 5.

(3) This board shall, when ordered, make the inspection provided for by Article I 4305, and when performing this duty shall be [illegible] as provided in paragraph 5 of that article. The inspection shall be carried out and the report submitted as provided in that article.

(4) The various bureaus concerned in the construction of a vessel [illegible] the Navy shall, when the board is ordered to conduct the acceptance trials of such a vessel, furnish it with all corrected plans and specifications necessary for its guidance in carrying on these examinations and trials. In the case of a vessel other than one of those specified in the preceding sentence the bureaus concerned shall, so far as practicable, furnish the board with such information or assistance as may be desired for its use when engaged in an inspection of such vessel.

(5) All officers detailed for duty with the board in connection with the examination and trial of a vessel building for the Navy or in connection with the inspection of any other vessel shall make to the board such reports in writing as may be called for by the president of the board.

(6) A vessel in full commission, in commission in reserve, or in commission in ordinary, being inspected by the board shall be considered as being on detached duty until the inspection is completed.

(7) The president of the Board of Inspection and Survey, Navy Department, shall be ex officio the president of all trial and inspection boards for vessels of the Navy on the Pacific coast or elsewhere, whether for preliminary or final trials, for vessels under construction, for military or other special inspections, or for the inspections called for by Article I 4305. The senior officer of the board actually conducting these trials or inspections shall sign as the senior member present, unless such senior officer be the president of the Board of Inspection and Survey, Navy Department, in which case he shall sign as such.

(8) The precept convening a board for the trial or inspection of a vessel, wherever the said trial or inspection may be held, and the orders detailing the officers to duty on such boards shall be forwarded through the president of the Board of Inspection and Survey, Navy Department, who shall prepare such detailed instructions for the guidance of the board as may be necessary in each particular case to insure that all trials and inspections be conducted in a systematic and thorough manner.

(9) All documents or data of any kind whatsoever relating to a vessel to be inspected or tried which are forwarded to inspection or trial boards for their consideration shall be forwarded to the president of the Board of Inspection and Survey. If practicable, these shall be forwarded at the same time as the department's precept for the said