Inspection of provisions. (7) He shall cause frequent inspections to be made into the condition of the provisions on his ship, and use every precaution for their preservation.

Health of crew. (8) He shall frequently consult with the surgeon in regard to the sanitary condition of his crew, and shall use all proper means to preserve their health. And he shall cause a convenient place to be set apart for sick or disabled men, to which he shall have them removed, with their hammocks and bedding, when the surgeon so advises, and shall direct that some of the crew attend them and keep the place clean.

Attendance at final payment of crew. (9) He shall attend in person, or appoint a proper officer to attend, when his crew is finally paid off, to see that justice is done to the men and to the United States in the settlement of the accounts.

Articles for the government of the Navy. (10) He shall cause the articles for the government of the Navy to be hung up in some public part of the ship and read once a month to his ship's company.

Punishment for offending against this article. (11) Every commanding officer who offends against the provisions of this article shall be punished as a court-martial may direct. (R. S. sec. 1624, art. 20.)

PUNISHMENT OF OFFENSES NOT SPECIFIED.

**21.**

Authority of officers after loss of vessel. When the crew of any vessel of the United States are separated from their vessel by means of her wreck, loss, or destruction, all the command and authority given to the officers of such vessel shall remain in full force until such ship's company shall be regularly discharged from or ordered again into service, or until a court-martial or court of inquiry shall be held to inquire into the loss of said vessel. And if any officer or man, after such wreck, loss, or destruction, acts contrary to the discipline of the Navy, he shall be punished as a court-martial may direct. (R. S. sec. 1624, art. 21.)

**22.**

Offenses not specified. (a) All offenses committed by persons belonging to the Navy which are not specified in the foregoing articles shall be punished as a court-martial may direct. (R. S. sec. 1624, art. 22.)

Fraudulent enlistment. (b) Fraudulent enlistment, and the receipt of any pay or allowance thereunder, is hereby declared an offense against naval discipline and made punishable by general court-martial, under this article. (March 3, 1893, ch. 212, 27 Stat. 716.)



**23.**

Offenses committed on shore. All offenses committed by persons belonging to the Navy while on shore shall be punished in the same manner as if they had been committed at sea. (R. S. sec. 1624, art. 23.)

**24.**

Punishments by order of commander. C. N. R. 13. No commander of a vessel shall inflict upon a commissioned or warrant officer any other punishment than private reprimand, suspension from duty, arrest, or confinement, and such suspension, arrest, or confinement shall not continue longer than 10 days, unless a further period is necessary to bring the offender to trial by a court-martial; nor shall he inflict, or cause to be inflicted, upon any petty officer, or person of inferior rating, or marine, for a single offense, or at any one time, any other than one of the following punishments, namely:

(1) Reduction of any rating established by himself.

(2) Confinement not exceeding 10 days, unless further confinement be necessary, in the case of a prisoner to be tried by court-martial.

(3) Solitary confinement, on bread and water, not exceeding 5 days.

(4) Solitary confinement not exceeding 7 days.

(5) Deprivation of liberty on shore.

(6) Extra duties.

No other punishment shall be permitted on board of vessels belonging to the Navy, except by sentence of a court-martial. All punishments inflicted by the commander, or by his order, except reprimands, shall be fully entered upon the ship's log. (R. S. sec. 1624, art. 24; February 16, 1909, ch. 131, secs. 1, 8, 35 Stat. 621.)

**25.**

Punishments by other officers. (a) All officers of the Navy and Marine Corps who are authorized to order either general or summary courts-martial shall have the same authority to inflict minor punishments as is conferred by law upon the commander of a naval vessel.

(b) No officer who may command by accident, or in the absence of the commanding officer, except when such commanding officer is absent for a time by leave, shall inflict any other punishment than confinement. (R. S. sec. 1624, art. 25; August 29, 1916, ch. 417, 39 Stat. 586.)

SUMMARY COURTS-MARTIAL.

**26.**

*Convening authority.* Summary courts-martial may be ordered upon petty officers and enlisted men in the naval service under his command by the commanding officer of any vessel, the commandant of any navy yard or naval station, the commanding officer of any brigade, regiment, or separate or detached battalion, or other separate or detached command, or marine barracks, and, when empowered by the Secretary of the Navy, by the commanding officer or officer in charge of any command not specifically mentioned in the foregoing, for the trial of offenses which such commanding officer or commandant may deem deserving of greater punishment than he is authorized to inflict, but not sufficient to require trial by a general court martial. (R. S. sec. 1624, art. 26; August 29, 1916, ch. 417, 39 Stat. 586.)

**27.**

*Constitution of summary courts-martial.* A summary court-martial shall consist of three officers not below the rank of ensign, as members, and of a recorder. The commander of a ship may order any officer under his command to act as such recorder. (R. S. sec. 1624, art. 27.)

**28.**

*Oath of members and recorder.* Before proceeding to trial the members of a summary court-martial shall take the following oath or affirmation, which shall be administered by the recorder: "I, A B, do swear (or affirm) that I will well and truly try, without prejudice or partiality, the case now depending, according to the evidence which shall be adduced, the laws for the government of the Navy, and my own conscience." After which the recorder of the court shall take the following oath or affirmation, which shall be administered by the senior member of the court: "I, A B, do swear (or affirm) that I will keep a true record of the evidence which shall be given before this court and of the proceedings thereof." (R. S. sec. 1624, art. 28.)

**29.**

*Testimony.* Except as provided in articles 60 and 68, all testimony before a summary court-martial shall be given orally, upon oath or affirmation, administered by the senior member of the court. (R. S. sec. 1624, art. 29.)

**30.**

*Punishments by summary courts-martial.* Summary courts-martial may sentence petty officers and persons of inferior ratings to either a part or the whole, as may be appropriate, of any one of the following punishments, namely:

(1) Discharge from the service with bad-conduct discharge; but the sentence shall not be carried into effect in a foreign country.



(2) Solitary confinement, not exceeding 30 days, on bread and water, or on diminished rations.

(3) Solitary confinement not exceeding 30 days.

(4) Confinement not exceeding 2 months.

(5) Reduction to next inferior rating.

(6) Deprivation of liberty on shore on foreign station.

(7) Extra police duties, and loss of pay, not to exceed 3 months, may be added to any of the above-mentioned punishments. (R. S. sec. 1624, art. 30; February 16, 1909, ch. 131, sec. 8, 35 Stat. 621.)

**31.**

*Disrating for incompetency.* A summary court-martial may disrate any rated person for incompetency. (R. S. sec. 1624, art. 31.)

**32.**

*Execution of sentence of summary court.* No sentence of a summary court-martial shall be carried into execution until the proceedings and sentence have been approved by the officer ordering the court, or his successor in office, and by his immediate superior in command: *Provided*, That if the officer ordering the court, or his successor in office, be the senior officer present, such sentence may be carried into execution upon his approval thereof, subject to the provisions of article 54 (b). (R. S. sec. 1624, art. 32; February 16, 1909, ch. 131, sec. 17, 35 Stat. 623; August 29, 1916, ch. 417, 39 Stat. 586.)

**33.**

*Remission of sentence.* The officer ordering a summary court-martial shall have power to remit, in part or altogether, but not to commute, the sentence of the court. And it shall be his duty either to remit any part or the whole of any sentence, the execution of which would, in the opinion of the surgeon or senior medical officer on board, given in writing, produce serious injury to the health of the person sentenced, or to submit the case again, without delay, to the same or to another summary court-martial, which shall have power, upon the testimony already taken, to remit the former punishment and to assign some other of the authorized punishments in the place thereof. (R. S. sec. 1624, art. 33.)

**34.**

*Proceedings and record of summary court.* The proceedings of summary courts-martial shall be conducted with as much conciseness and precision as may be consistent with the ends of justice, and under such forms and rules as may be prescribed by the Secretary of the Navy, with the approval of the President, and all such proceedings shall be transmitted in the

usual mode to the Navy Department, where they shall be kept on file for a period of two years from date of trial, after which time they may be destroyed in the discretion of the Secretary of the Navy. (February 16, 1909, ch. 131, sec. 14, 35 Stat. 622.)

GENERAL COURTS-MARTIAL.

**35.**

Authority to inflict summary court-martial punishments.

Any punishment which a summary court-martial is authorized to inflict may be inflicted by a general court-martial. (R. S. sec. 1624, art. 35.)

**36.**

Dismissal of officers.

No officer shall be dismissed from the naval service except by the order of the President or by sentence of a general court-martial; and in time of peace no officer shall be dismissed except in pursuance of the sentence of a general court-martial or in mitigation thereof: *Provided*, That the President is authorized to drop from the rolls of the Navy or Marine Corps any officer thereof who is absent from duty without leave for a period of three months or more, or who, having been found guilty by the civil authorities of any offense, is finally sentenced to confinement in a State or Federal penitentiary: *Provided further*, That no officer so dropped shall be eligible for reappointment. (R. S. secs. 1229, 1624, art. 36; April 2, 1918, ch. 39, 40 Stat. 501.)

**37.**

Officer dismissed by President may demand trial.

When any officer, dismissed by order of the President, makes, in writing, an application for trial, setting forth, under oath that he h been wrongfully dismissed, the President shall, as soon as the necessities of the service may permit, convene a court-martial to try such officer on the charges on which he shall have been dismissed. And if such court-martial shall not be convened within six months from the presentation of such application for trial, or if such court, being convened, shall not award dismissal or death as the punishment of such officer, the order of dismissal by the President shall be void: *Provided*, That the accounting officers are prohibited from making any allowance to any officer of the Navy who has been, or may hereafter be, dismissed from the service and restored to the same under the provisions of this article, to exceed more than pay as on leave for six months from the date of dismissal, unless it shall appear that the officer demanded in writing, addressed to the Secretary of the Navy, and continued to demand as often as once in six months, a trial as provided for in this article. (R. S. sec. 1624, art. 37; June 22, 1874, ch. 392, sec. 2, 18 Stat. 192.)



**38**

Convening authority. C. N. R. 27.

General courts-martial may be convened:

(1) By the President, the Secretary of the Navy, the commander in chief of a fleet, and the commanding officer of a naval station or a larger shore activity beyond the continental limits of the United States; and

(2) When empowered by the Secretary of the Navy, by the commanding officer of a division, squadron, flotilla, or other naval force afloat, and by the commandant or commanding officer of any naval district, naval base, or naval station, and by the commandant, commanding officer, or chief of any other force or activity of the Navy or Marine Corps, not attached to a naval district, naval base, or naval station.

**39**

Constitution of general court-martial.

A general court-martial shall consist of not more than 13 nor less than 5 commissioned officers as members; and as many officers, not exceeding 13, as can be convened without injury to the service, shall be summoned on every such court. But in no case, where it can be avoided without injury to the service, shall more than one-half, exclusive of the President, be junior to the officer to be tried. The senior officer shall always preside and the others shall take place according to their rank. (R. S. sec. 1624, art. 39.)

**40**

Oaths of members and judge advocate.

The president of the general court-martial shall administer the following oath or affirmation to the judge advocate or person officiating as such:

"I, A B, do swear (or affirm) that I will keep a true record of the evidence given to and the proceedings of this court; that I will not divulge or by any means disclose the sentence of the court until it shall have been approved by the proper authority; and that I will not at any time divulge or disclose the vote or opinion of any particular member of the court, unless required so to do before a court of justice in due course of law."

This oath or affirmation being duly administered, each member of the court, before proceeding to trial, shall take the following oath or affirmation, which shall be administered by the judge advocate or person officiating as such:

"I, A B, do swear (or affirm) that I will truly try without prejudice or partiality, the case now depending, according to the

evidence which shall come before the court, the rules for the government of the Navy, and my own conscience; that I will not by any means divulge or disclose the sentence of the court until it shall have been approved by the proper authority; and that I will not at any time divulge or disclose the vote or opinion of any particular member of the court, unless required so to do before a court of justice in due course of law." (R. S. sec. 1624, art. 40.)

41

Oath of witness.

An oath or affirmation in the following form, shall be administered to all witnesses, before any court-martial, by the president thereof:

"You do solemnly swear (or affirm) that the evidence you shall give in the case now before this court shall be the truth, the whole truth, and nothing but the truth, and that you will state everything within your knowledge in relation to the charges. So help you God; (or 'this you do under the pains and penalties of perjury')." (R. S. sec. 1624, art. 41.)

42

Contempts of court.

(*a*) Whenever any person refuses to give his evidence or to give it in the manner provided by these articles, or prevaricates, or behaves with contempt to the court, it shall be lawful for the court to imprison him for any time not exceeding two months: *Provided*, That the person charged shall, at his own request but not otherwise, be a competent witness before a court-martial or court of inquiry, and his failure to make such request shall not create any presumption against him. (R. S. sec. 1624, art. 42; March 16, 1878, ch. 37, 20 Stat. 30.)

Witnesses; process for.

(*b*) A naval court-martial or court of inquiry shall have power to issue like process to compel witnesses to appear and testify which United States courts of criminal jurisdiction within the State, Territory, or District where such naval court shall be ordered to sit may lawfully issue. (February 16, 1909, ch. 131, sec. 11, 35 Stat. 621.)

Refusal of witness to appear of testify; privilege.

(*c*) Any person duly subpoenaed to appear as a witness before a general court-martial or court of inquiry of the Navy, who willfully neglects or refuses to appear, or refuses to qualify as a witness or to testify or produce documentary evidence, which such person may have been legally subpoenaed to produce, shall be deemed guilty of a misdemeanor, for which such person shall be punished on information in the district court of the United States; and it shall be the duty of the United State district attorney, on the certification of the facts to him by such naval court to file an information against and prosecute the person so offending, and the

C. N. R. 27.



punishment of such person, on conviction, shall be a fine of not more than $500 or imprisonment not to exceed six months, or both, at the discretion of the court: *Provided*, That this shall not apply to persons residing beyond the State, Territory, or District in which such naval court is held, and that the fees of such witness and his mileage at the rates provided for witnesses in the United States district court for said State, Territory, or District shall be duly paid or tendered said witness, such amounts to be paid by the Bureau of Supplies and Accounts out of the appropriation for compensation of witnesses: *Provided further*, That no witness shall be compelled to incriminate himself or to answer any question which may tend to incriminate or degrade him. (February 16, 1909, ch. 131, sec. 12, 35 Stat. 622.)

43.

Charges and specifications; arrest of accused.

The person accused shall be furnished with a true copy of the charges, with the specifications, at the time he is put under arrest; and no other charges than those so furnished shall be urged against him at the trial, unless it shall appear to the court that intelligence of such other charge had not reached the officer ordering the court when the accused was put under arrest, or that some witness material to the support of such charge was at that time absent and can be produced at the trial; in which case reasonable time shall be given to the accused to make his defense against such new charge. (R. S. sec. 1624, art. 43.)

44.

Duty of officer arrested.

Every officer who is arrested for trial shall deliver up his sword to his commanding officer and confine himself to the limits assigned him, on pain of dismissal from the service. (R. S. sec. 1624, art. 44.)

45.

Suspension of proceedings.

When the proceedings of any general court-martial have commenced, they shall not be suspended or delayed on account of the absence of any of the members, provided five or more are assembled; but the court is enjoined to sit from day to day, Sundays excepted, until sentence is given, unless temporarily adjourned by the authority which convened it. (R. S. sec. 1624, art. 45.)

46.

Absence of members.

No member of a general court-martial shall, after the proceedings are begun, absent himself therefrom, except in case of sickness, or of an order to go on duty from a superior officer, on pain of being cashiered. (R. S. sec. 1624, art. 46.)

**47.**

Witnesses examined in absence of a member.

Whenever any member of a court-martial, from any legal cause, is absent from the court after the commencement of a case, all the witnesses who have been examined during his absence must, when he is ready to resume his seat, be recalled by the court, and the recorded testimony of each witness so examined must be read over to him, and such witness must acknowledge the same to be correct and be subject to such further examination as the said member may require. Without a compliance with this rule, and an entry thereof upon the record, a member who shall have been absent during the examination of a witness shall not be allowed to sit again in that particular case. (R. S. sec. 1624, art. 47.)

**48.**

Suspension of pay.

Whenever a court-martial sentences an officer to be suspended, it may suspend his pay and emoluments for the whole or any part of the time of his suspension. (R. S. sec. 1624, art. 48.)

PUNISHMENTS AND SENTENCES; IN GENERAL.

**49.**

Prohibited punishments.

In no case shall punishment by flogging, or by branding, marking, or tatooing on the body be adjudged by any court-martial or be inflicted upon any person in the Navy. The use of irons, single or double, is abolished, except for the purpose of safe custody or when part of a sentence imposed by a general court-martial. (R. S. sec. 1624, art. 49; February 16, 1909, ch. 131, sec. 8, 35 Stat. 621.)

**50.**

Sentences, how determined.

No person shall be sentenced by a court-martial to suffer death, except by the concurrence of two-thirds of the members present, and in the cases where such punishment is expressly provided in these articles. All other sentences may be determined by a majority of votes. (R. S. sec. 1624, art. 50.)

**51.**

Adequate punishment; recommendation to mercy.

It shall be the duty of a court-martial, in all cases of conviction, to adjudge a punishment adequate to the nature of the offense; but the members thereof may recommend the person convicted as deserving of clemency, and state, on the record, their reasons for so doing. (R. S. sec. 1624, art. 51.)



**52.**

Authentication of judgment.

The judgment of every court-martial shall be authenticated by the signature of the president, and of every member who may be present when said judgment is pronounced, and also of the judge advocate. (R. S. sec. 1624, art. 52.)

**53.**

Confirmation of sentence.

No sentence of a court-martial, extending to the loss of life, or to the dismissal of a commissioned or warrant officer, shall be carried into execution until confirmed by the President. All other sentences of a general court-martial may be carried into execution on confirmation of the commander of the fleet or officer ordering the court. (R. S. sec. 1624, art. 53.)

**54.**

Remission and mitigation of sentence.

(a) Every officer who is authorized to convene a general court-martial shall have power, on revision of its proceedings, to remit or mitigate, but not to commute, the sentence of any such court which he is authorized to approve and confirm. (R. S. sec. 1624, art. 54.)

Power of Secretary of Navy over proceedings and sentences of courts-martial.

(b) The Secretary of the Navy may set aside the proceedings or remit or mitigate, in whole or in part, the sentence imposed by any naval court-martial convened by his order or by that of any officer of the Navy or Marine Corps. (February 16, 1909, ch. 131, sec. 9, 35 Stat. 621.)

COURTS OF INQUIRY.

**55.**

By whom convened.

Courts of inquiry may be convened by the President, the Secretary of the Navy, the commander of a fleet or squadron, and by any officer of the naval service authorized by law to convene general courts-martial. (R. S. sec. 1624, art. 55; August 29, 1916, ch. 417, 39 Stat. 586.)

**56.**

Constitution.

A court of inquiry shall consist of not more than three commissioned officers as members, and of a judge advocate, or person officiating as such. (R. S. sec. 1624, art. 56.)

**57.**

Powers.

Courts of inquiry shall have power to summon witnesses, administer oaths, and punish contempts, in the same manner as courts-martial; but they shall only state facts, and shall not give their opinion, unless expressly required so to do in the order for convening. (R. S. sec. 1624, art. 57.)

**58.**

**Oath of members and judge advocate.** The judge advocate, or person officiating as such, shall administer to the members the following oath or affirmation: "You do swear (or affirm) well and truly to examine and inquire, according to the evidence, into the matter now before you, without partiality." After which the president shall administer to the judge advocate, or person officiating as such, the following oath or affirmation: "You do swear (or affirm) truly to record the proceedings of this court and the evidence to be given in the case in hearing." (R. S. sec. 1624, art. 58.)

**59.**

**Rights of party or attorney.** The party whose conduct shall be the subject of inquiry, or his attorney, shall have the right to cross-examine all the witnesses. (R. S. sec. 1624, art. 59.)

**60.**

**Proceedings; authentication; use in evidence.** The proceedings of courts of inquiry shall be authenticated by the signature of the president of the court and of the judge advocate, and shall, in all cases not capital, nor extending to the dismissal of a commissioned or warrant officer, be evidence before a court-martial, provided oral testimony can not be obtained. (R. S. sec. 1624, art. 60.)

LIMITATION OF TRIAL AND PUNISHMENT.

**61.**

**Limitation of trials; offenses in general.** No person shall be tried by court-martial or otherwise punished for any offense, except as provided in the following article, which appears to have been committed more than two years before the issuing of the order for such trial or punishment, unless by reason of having absented himself, or of some other manifest impediment he shall not have been amenable to justice within that period. (R. S. sec. 1624, art 61; February 25, 1895, ch. 128, 28 Stat. 680.)

**62.**

**Desertion in time of peace.** No person shall be tried by court-martial or otherwise punished for desertion in time of peace committed more than two years before the issuing of the order for such trial or punishment, unless he shall meanwhile have absented himself from the United States, or by reason of some other manifest impediment shall not have been amenable to justice within that period, in which case the time of his absence shall be excluded in computing the period of the limitation: *Provided*, That said limitation shall not begin until the end of the term for which said person was enlisted in the service. (R. S. sec. 1624, art. 62; February 25, 1895, ch. 128, 28 Stat. 680.)



**63.**

**Punishment for offenses in time of peace.** Whenever, by any of the Articles for the Government of the Navy of the United States, the punishment on conviction of an offense is left to the discretion of the court-martial, the punishment therefor shall not, in time of peace, be in excess of a limit which the President may prescribe. (R. S. sec. 1624, art. 63; February 27, 1895, ch. 137, 28 Stat. 689.)

DECK COURTS.

**64.**

**Officers authorized to order.** (*a*) All officers of the Navy and Marine Corps who are authorized to order either general or summary courts-martial may order deck courts upon enlisted men under their command, for minor offenses now triable by summary court-martial. (August 29, 1916, ch. 417, 39 Stat. 586.)

**Constitution and powers.** (*b*) Deck courts shall consist of one commissioned officer only, who, while serving in such capacity shall have power to administer oaths, to hear and determine cases, and to impose either a part or the whole, as may be appropriate, of any one of the punishments prescribed by article 30 of the Articles for the Government of the Navy: *Provided*, That in no case shall such courts adjudge discharge from the service or adjudge confinement or forfeiture of pay for a longer period than 20 days. (February 16, 1909, ch. 131, sec. 2, 35 Stat. 621.)

**Recorder.** (*c*) Any person in the Navy under command of the officer by whose order a deck court is convened may be detailed to act as recorder thereof. (February 16, 1909, ch. 131, sec. 3, 35 Stat. 621.)

**Approval of sentence of deck court.** (*d*) All sentences of deck courts may be carried into effect upon approval of the convening authority or his successor in office, who shall have full power as reviewing authority to remit or mitigate, but not to commute, any such sentence and to pardon any punishment such court may adjudge; but no sentence of a deck court shall be carried into effect until it shall have been so approved or mitigated. (February 16, 1909, ch. 131, secs. 4, 17, 35 Stat. 621, 623.)

**Rules governing.** (*e*) Deck courts shall be governed in all details of their constitution, powers, and procedure, except as herein provided, by such rules and regulations as the President may prescribe. (February 16, 1909, ch. 131, sec. 5, 35 Stat. 621.)

**Records of proceedings; filing and review.** (*f*) The records of the proceedings of deck courts shall contain such matters only as are necessary to enable the reviewing authorities to act intelligently thereon, except that if the party accused demands it within 30 days after the decision of the deck court shall become known to him, the entire record or so much as he

desires shall be sent to the reviewing authority. Such records, after action thereon by the convening authority, shall be forwarded directly to, and shall be filed in, the office of the Judge Advocate General of the Navy, where they shall be reviewed, and, when necessary, submitted to the Secretary of the Navy for his action. (February 16, 1909, ch. 131, sec. 6, 35 Stat. 621.)

Objection to trial by deck court.

(g) No person who objects thereto shall be brought to trial before a deck court. Where such objection is made by the person accused, trial shall be ordered by summary or by general court-martial, as may be appropriate. (February 16, 1909, ch. 131, sec. 7, 35 Stat. 621.)

MISCELLANEOUS PROVISIONS

**65.**

Courts-martial; officers of auxiliary naval forces.

When actively serving under the Navy Department in time of war or during the existence of an emergency, pursuant to law, as a part of the naval forces of the United States, commissioned officers of the Naval Reserve, Marine Corps Reserve, Naval Militia, Coast Guard, Lighthouse Service, Coast and Geodetic Survey, and Public Health Service are empowered to serve on naval courts-martial and deck courts under such regulations necessary for the proper administration of justice and in the interests of the services involved, as may be prescribed by the Secretary of the Navy. (October 6, 1917, ch. 93, 40 Stat. 393; July 1, 1918, ch. 114, 40 Stat. 708; February 28, 1925, ch. 374, secs. 1, 28, 43 Stat. 1080, 1088.)

**66.**

Courts-martial and punishments in hospitals and hospital ships.

When empowered by the Secretary of the Navy pursuant to article 26 to order summary courts-martial, the commanding officer of a naval hospital or hospital ship shall be empowered to order such courts and deck courts, and inflict the punishments which the commander of a naval vessel is authorized by law to inflict, upon all enlisted men of the naval service attached thereto, whether for duty or as patients. (August 29, 1916, ch. 417, 39 Stat. 586.)

**67.**

Authority of officers of separate organization of marines.

When a force of marines is embarked on a naval vessel, or vessels, as a separate organization, not a part of the authorized complement thereof, the authority and powers of the officers of such separate organization of marines shall be the same as though such organization were serving at a navy yard on shore, but nothing herein shall be construed as impairing the paramount authority of the commanding officer of any naval vessel over the vessel under his command and all persons embarked thereon. (August 29, 1916, ch. 417, 39 Stat. 586.)



**68.**

Depositions in naval courts.

The depositions of witnesses may be taken on reasonable notice to the opposite party, and when duly authenticated, may be put in evidence before naval courts, except in capital cases and cases where the punishment may be imprisonment or confinement for more than one year as follows:

(1) Depositions of civilian witnesses residing outside the State, Territory, or District in which a naval court is ordered to sit.

(2) Depositions of persons in the naval or military service stationed or residing outside the State, Territory, or District in which a naval court is ordered to sit, or who are under orders to go outside of such State, Territory, or District.

(3) Where such naval court is convened on board a vessel of the United States, or at a naval station not within any State, Territory, or District of the United States, the depositions of witnesses may be taken and used as herein provided whenever such witnesses reside or are stationed at such a distance from the place where said naval court is ordered to sit, or are about to go to such a distance as, in the judgment of the convening authority, would render it impracticable to secure their personal attendance. (February 16, 1909, ch. 131, sec. 16, 35 Stat. 622.)

**69.**

Oaths for purpose of naval justice, etc.

Judges advocate of naval general courts-martial and courts of inquiry, and all commanders in chief of naval squadrons, commandants of navy yards and stations, officers commanding vessels of the Navy, and recruiting officers of the Navy, and the adjutant and inspector, assistants adjutant and inspector, commanding officers, recruiting officers of the Marine Corps, and such other officers of the regular Navy and Marine Corps, of the Naval Reserve, and of the Marine Corps Reserve, as may be hereafter designated by the Secretary of the Navy, are authorized to administer oaths for the purposes of the administration of naval justice and for other purposes of naval administration. (January 25, 1895, ch. 45, 28 Stat. 639; March 3, 1901, ch. 834, 31 Stat. 1086; March 4, 1917, ch. 180, 39 Stat. 1171; July 1, 1918, ch. 114, 40 Stat. 708; February 28, 1925, ch. 374, sec. 1, 43 Stat. 1080.)

**70.**

Investigations; oaths of witnesses.

Any officer of the Navy or Marine Corps detailed to conduct an investigation, and the recorder, and if there be none the presiding officer, of any naval board appointed for such purpose, shall have authority to administer an oath to any witness attending to testify or depose in the course of such investigation. (R. S. sec. 183; February 13, 1911, ch. 43, 36 Stat. 898.)

NOTE.—There are no Articles 71–73.

and crew, as may be of service to his successor. He shall deliver the signal books, intelligence outfit, and the keys to all confidential signals and other publications; also all other books, rolls, and documents required by these regulations to be either kept or supervised by himself. Under no circumstances shall he carry away the original records of his official correspondence, original letters, documents, or papers concerning the ship or her officers and crew, but he may take authenticated copies of the same. He shall sign the log books, communication records, ensigns' journals, expenditure books, reports of fitness of officers, and all other papers requiring his approval, up to the date of his relief.

Turning over command.

(3) After the formalities enumerated in paragraphs 1 and 2 of this article have been completed, all hands shall be called to muster and the officer about to be relieved shall read his orders of detachment and turn over the command to his successor, who shall read his orders of command and assume charge.

Status of captain relieved.

(4) The officer relieved, though without authority after turning over the command, is, until he finally leaves the ship, entitled to all the ceremonies and distinctions accorded him while in command.

825

When supplied with an inferior crew.

If, when the crew is received on board after a ship has been commissioned, the commanding officer believes that any members thereof are physically incompetent to perform properly the duties of their ratings, or are otherwise undesirable he shall so report in writing to the commandant of the naval district and request a survey or other appropriate action upon them. (Art. 1142.)

826

To verify descriptions. C. N. R. 9, 24.

(1) Upon receipt of the crew on board after going into commission, the commanding officer shall take the necessary steps to verify the service records and descriptive lists of the crew. The executive officer, with the medical and disbursing officers, shall constitute a board for that purpose; the board shall, with the commanding officer's approval, correct all errors found in the description of the men, in dates and spelling, and in the designation of beneficiaries and next of kin and shall note those who appear physically defective. The commanding officer shall transmit a report to the Bureau of Naval Personnel covering the corrections that have been made with his approval.



(2) All enlisted men received for duty shall be compared with their service records for identification as soon as practicable after receipt. In case a discrepancy is found to exist, full report, together with a statement of the man concerned, shall be forwarded to the Bureau of Naval Personnel.

827

Defects in equipment.

(1) The commanding officer of a ship newly placed in commission, both before and after commissioning, shall pay particular attention to the equipment of the ship and endeavor to discover if there are any defects in her outfit and stores, including machinery, boilers, pumps, water-tight doors, valves and cocks, access to bottoms and bilges, ventilation, fire-extinguishing and distilling apparatus, spars, sails, rigging, guns and implements, ammunition and ordnance stores, navigation supplies and instruments, clothing, provisions, and medical outfits.

(2) He shall satisfy himself that the battery can be manipulated effectively.

Machinery, boats.

(3) He shall cause to be examined all spare parts of machinery and other spare articles, and ascertain if they are suitable for the purpose intended. He shall satisfy himself that the boats are tight, and that their outfits, including boat guns and their fittings and hoisting apparatus, are efficient.

Report of defects.

(4) Should any defect be discovered in connection with the items mentioned in paragraphs 1 and 2 of this article, or in any other particular, he shall make a written report thereof to the commandant, and if not remedied in a reasonable time, to the Chief of Naval Operations.

(5) Before leaving the navy yard the commanding officer shall require the supply officer of the ship to report to him in writing if all the stores as laid down in the allowance books have been received, and what defects or deficiencies, if any, exist in the matériel or personnel under his immediate supervision. He shall then report to the Chief of Naval Operations the condition of the ship, her outfit, and equipment.

828

Data for annual report.

When the command of a ship in commission and acting singly is changed, the officer relieved shall make a report to the Secretary of the Navy on the date of his detachment in accordance with so much of article 690 (4) as may be applicable to his late command; if in command of a vessel attached to a fleet, he shall furnish the commander in chief with the data necessary for him to make the required report complete as far as the vessel is concerned.

C. N. R. 35.

SECTION 3.—ORGANIZATION

829

*Police and other regulations.*

The organization of ships of the Navy shall be governed by naval laws, regulations, and orders from superior authority; all rules and routine orders of the commanding officer shall be in accordance with the same.

830

*General orders and Articles for Government of Navy.*

The Articles for the Government of the Navy shall be read aloud to the officers and crew, at quarters if practicable, once in every month and a copy of them shall be kept posted at all times in a conspicuous place accessible to the crew. All general orders issued by the Secretary of the Navy or the commander in chief which may in any degree affect the crew shall be read to the officers and crew by an officer, under the direction of the commanding officer, at the first quarters after their receipt and the fact entered in the log book. Court-martial orders and other official matter of like tenor shall be read in the same manner or placed on bulletin boards or other conspicuous places where they can be read by officers and crew. Copies of all orders concerning the daily routine and police regulations and of routine orders concerning the ship's company shall be kept posted in a conspicuous position accessible to the crew.

831

*The orders to be issued through the executive.*

The commanding officer shall issue all orders relative to the duties of the ship through the executive officer and shall keep him informed of his own methods of performing duty in other respects, in order that in his absence this officer may exercise command intelligently and in accordance with his wishes.

832

*Crew stationed and exercised before sailing.*

(1) The ship shall not sail from a port in the United States until the crew has been watched, quartered, and stationed, and also exercised at all important stations.

(2) If the vessel be newly commissioned the commanding officer shall take the first opportunity after leaving the navy yard to determine her tactical qualities and periods of rolling and pitching.

833

*Determination of tactical qualities. C. N. R. 6.*

(1) Newly commissioned ships shall conduct trials during their shaking-down cruise in accordance with the department's current instructions for turning trials and for obtaining tactical and maneuvering data and periods of rolling and pitching.

C. N. R. 25.



(2) On vessels where the above data are found to be incomplete or inaccurate, commanding officers will cause additional tactical trials to be held and will forward results to the Chief of Naval Operations.

834

*To superintend evolutions and exercises.*

The commanding officer shall superintend all important evolutions, exercises, and inspections.

SECTION 4.—GENERAL DUTIES

835

*A commanding officer always responsible for his acts.*

A commanding officer who departs from his orders or instructions under any circumstances, or takes official action at the request of any person, must do so upon his own responsibility and immediately report the circumstances to the officer from whom he received his orders and instructions.

836

*Night order book.*

The commanding officer shall keep a night order book in which shall be entered the course and any necessary special precautions concerning the speed and navigation of the ship and all orders given to the officer of the deck for the night. This book shall be preserved as a part of the official records of the ship and turned in at the end of the cruise.

837

*No independent movements.*

The commanding officer shall not, when in a fleet or squadron, perform any independent evolution without orders from the commander in chief, division commander, or other officer in direct authority over him, except to avoid a collision or danger.

838

*Notice of danger.*

If, when in a fleet, squadron, or division, the commanding officer finds that the course directed is leading the ship under his command or any other, into danger he shall promptly give notice to the commander in chief, division commander, or other officer in direct authority over him, and to the ship endangered.

839

*If separated.*

(1) If a ship is separated from the command to which she belongs, her commanding officer must explain the cause of such separation to his immediate superior, and also to the commander in chief. (Art. 769.)

612729°—44——6

C. N. R. 25.