**Articles for the Government of the United States Navy, 1930**
From Department of the Navy -- Bureau of Navigation
United States Government Printing Office, Washington DC: 1932

The Navy of the United States shall be governed by the following articles:

Article 1
The commanders of all fleets, squadrons, naval stations, and vessels belonging to the Navy are required to show in themselves a good example of virtue, honor, patriotism, and subordination; to be vigilant in inspecting the conduct of all persons who are placed under their command; to guard against and suppress all dissolute and immoral practices; and to correct, according to the laws and regulations of the Navy, all persons who are guilty of them; and any such commander who offends against this article shall be punished as a court-martial may direct.

Article 2
The commanders of vessels and naval stations to which chaplains are attached shall cause divine service to be performed on Sunday whenever the weather and other circumstances allow it to be done; and it is earnestly recommended to all officers, seamen, and others in the naval service diligently to attend at every performance of the worship of Almighty God.

Article 3
Any irreverent or unbecoming behavior during divine service shall be punished as a general or summary court-martial may direct.

Article 4
The punishment of death, or such other punishment as a court martial may adjudge, may be inflicted on any person in the naval service --

Who makes, or attempts to make, or unites with any mutiny or mutinous assembly, or, being witness to or present at any mutiny does not do his utmost to suppress it; or, knowing of any mutinous assembly or of any intended mutiny, does not immediately communicate his knowledge to his superior or commanding officer;
Or disobeys the lawful orders of his superior officers;
Or strikes or assaults, or attempts or threatens to strike or assault, his superior officer while in the execution of the duties of his office;
Or gives any intelligence to, or holds or entertains any intercourse with, an enemy or rebel, without leave from the President, the Secretary of the Navy, the commander in chief of the fleet, the commander of the squadron, or, in case of a vessel acting singly, from his commanding officer;
Or receives any message or letter from an enemy or rebel, or, being aware of the unlawful reception of such message or letter, fails to take the earliest opportunity to inform his superior or commanding officer thereof;
Or, in time of war, deserts or entices others to desert;
Or, in time of war, deserts or betrays his trust, or entices or aids others to desert or betray their trust;
Or, sleeps upon his watch;
Or leaves his station before being regularly relieved;
Or intentionally or willfully suffers any vessel of the Navy to be stranded, or run upon rocks or shoals, or improperly hazarded or maliciously or willfully injures any vessel of the Navy, or any part of her tackle, armament, or equipment, whereby the safety the vessel is hazarded or the lives of the crew exposed to danger.
Or unlawfully sets on fire, or otherwise unlawfully destroys any public property not at the time in possession of an enemy, pirate or rebel;
Or strikes or attempts to strike the flag to an enemy or rebel without proper authority, or, when engaged in battle, treacherously yields or pusillanimously cries for quarter;
Or, in time of battle, displays cowardice, negligence, or disaffection, or withdraws from or keeps out of danger to which he should expose himself;
Or, in time of battle, deserts his duty or station, or entices others to do so;
Or does not properly observe the orders of his commanding officer, and use his utmost exertions to carry them into execution when ordered to prepare for or join in, or when actually engaged in, battle, or while in sight of an enemy;
Or, being in command of a fleet, squadron, or vessel acting singly, neglects, when an engagement is probable, or when an armed vessel of an enemy or rebel is in sight, to prepare and clear his ship or ships for action;
Or does not, upon signal for battle, use his utmost exertions to join in battle;

Or fails to encourage in his own person, his inferior officers and men to fight courageously;
Or does not do his utmost to overtake and capture or destroy any vessel which it is his duty to encounter;
Or does not afford all practicable relief and assistance to vessels belonging to the United States or their allies when engaged in battle.

Article 5
All persons who, in time of war or of rebellion against the supreme authority of the United States, come or are found in the capacity of spies, or who bring, or deliver any seducing letter or message from an enemy or rebel, or endeavor to corrupt any person in the Navy to betray his trust, shall suffer death, or such other punishment as a court-martial may adjudge.

Article 6
If any person belonging to any public vessel of the United States commits the crime of murder without the territorial jurisdiction thereof, he may be tried by court-martial and punished with death.

Article 7
A naval court-martial may adjudge the punishment of imprisonment for life, or for a stated term, at hard labor, in any case where it is authorized to adjudge the punishment of death; and such sentences of imprisonment and hard labor may be carried into execution in any prison or penitentiary under the control of the United States, or which the United States may be allowed by the legislature of any State to use; and persons so imprisoned in the prison or penitentiary of any State or Territory shall be subject in all respects to the same discipline and treatment as convicts sentenced by the courts of the State or Territory in which the same may be situated.

Article 8
Such punishment as a court-martial may adjudge may be inflicted on any person in the Navy –

Who is guilty of profane swearing, falsehood, drunkenness, gambling, fraud, theft, or any other scandalous conduct tending to the destruction of good morals;
Or is guilty of cruelty toward or oppression or maltreatment of any person subject to his orders;
Or quarrels with, strikes, or assaults, or uses provoking or reproachful words, gestures, or menaces toward any person in the Navy;
Or endeavors to foment quarrels between other persons in the Navy;
Or sends or accepts a challenge to fight a duel or acts as a second in a duel;
Or treats his superior officer with contempt, or is disrespectful to him in language or deportment, while in the execution of his office;
Or joins in or abets any combination to weaken the lawful authority of or lessen the respect due to his commanding officer;
Or utters any seditious or mutinous words;
Or is negligent or careless in obeying orders or culpably inefficient in the performance of duty;
Or does not use his best exertions to prevent the unlawful destruction of public property by others;
Or, through inattention or negligence, suffers any vessel of the Navy to be stranded, or run upon a rock or shoal, or hazarded;
Or, when attached to any vessel appointed as convoy to any merchant or other vessels, fails diligently to perform his duty, or demands or exacts any compensation for his services, or maltreats the officers or crews of such merchant or other vessels;
Or takes, receives, or permits to be received, on board the vessel to which he is attached any goods or merchandise for freight, sale, or traffic, except gold, silver, or jewels for freight or safe-keeping; or demands or receives any compensation for the receipt or transportation of any other article than gold, silver, or jewels without authority from the President or Secretary of the Navy;
Or knowingly makes or signs, or aids, abets, directs, or procures the making or signing of, any false muster;
Or wastes any ammunition, provisions, or other public property, or, having power to prevent it, knowingly permits such waste;
Or, when on shore, plunders, abuses, or maltreats any inhabitant or injures his property in any way;
Or refuses or fails to use his utmost exertions to detect, apprehend, and bring to punishment all offenders, or to aid all persons appointed for that purpose;
Or, when rated or acting as master-at-arms, refuses to receive such prisoners as may be committed to his charge, or, having received them, suffers them to escape, or dismisses them without orders from the proper authority;
Or is absent from his station or duty without leave or after his leave has expired;
Or violates or refuses obedience to any lawful general order or regulation issued by the Secretary of the Navy;
Or, in time of peace, deserts or attempts to desert, or aids and entices others to desert;

Or receives or entertains any deserter from any other vessel of the Navy, knowing him to be such, and does not, with all convenient speed, give notice of such deserter to the commander of the vessel to which he belongs, or to the commander in chief, or to the commander of the squadron.
Article 9
Any officer who absents himself from his command without leave may, by the sentence of a court-martial, be reduced to the rating of seaman, second class.

Article 10
Any commissioned officer of the Navy or Marine Corps who, having tendered his resignation, quits his post or proper duties without leave and with intent to remain permanently absent therefrom, prior to due notice of the acceptance of such resignation, shall be deemed and punished as a deserter.

Article 11
No person in the naval service shall procure stores or other articles or supplies for, and dispose thereof to, the officers or enlisted men on vessels of the Navy or at navy yards or naval stations for his own account or benefit.

Article 12
No person connected with the Navy shall, under any pretense, import in a public vessel any article which is liable to the payment of duty.

Article 13
Distilled spirits shall be admitted on board of vessels of war only upon the order and under the control of the medical officers of such vessels and to be used only for medical purposes

Article 14
Fine and imprisonment, or such other punishment as a court martial may adjudge, shall be inflicted upon any person in the naval service of the United States--

Who presents or causes to be, presented to any person in the civil, military, or naval service thereof, for approval or payment, any claim against the United States or any officer thereof knowing such claim to be false or fraudulent; or
Who enters into any agreement or conspiracy to defraud the United States by obtaining, or aiding others to obtain, the allowance, or pay of any false or fraudulent claim; or
Who, for the purpose of obtaining or aiding others to obtain, the approval, allowance, or payment of any claim against the United States or against any officer thereof, makes or uses, or procures or advises the making or use of, any writing, or other paper, knowing the same to contain any false or fraudulent statement; or
Who, for the purpose of obtaining, or aiding others to obtain, the approval, allowance, or payment of any claim against the United States or any officer thereof, makes, or procures, or advises the making of, any oath to any fact or to any writing or other paper knowing such oath to be false; or
Who, for the purpose of obtaining, or aiding others to obtain, the approval, allowance, or payment of any claim against the United States or any officer thereof, forges or counterfeits, or procures or advises the forging or counterfeiting of, any signature upon any writing or other paper, or uses, or procures or advises the use of, any such signature, knowing the same to be forged or counterfeited; or
Who, having charge, possession, custody, or control of any money or other property of the United States, furnished or intended for the naval service thereof, knowingly delivers, or causes to be delivered, to any person having authority to receive the same, any amount thereof less than that for which he receives a certificate or receipt; or
Who, being authorized to make or deliver any paper certifying the receipt of any money or other property of the United States, furnished or intended for the naval service thereof, makes, or delivers to any person, such writing, without having full knowledge of the truth of the statements therein contained, and with intent to defraud the United States; or
Who steals, embezzles, knowingly and willfully misappropriates, applies to his own use or benefit, or wrongfully and knowingly sells or disposes of any ordnance, arms, equipment, ammunition, clothing, subsistence stores, money, or other property of the United States, furnished or intended for the military or naval service thereof; or
Who knowingly purchases, or receives in pledge for any obligation or indebtedness, from any other person who is a part of or employed in said service, any ordnance, arms, equipments, ammunition, clothing, subsistence stores, or other property of the United States, such other person not having lawful right to sell or pledge the same; or
Who executes, attempts, or countenances any other fraud against the United States.

And if any person, being guilty of any of the offenses described in this article while in the naval service, receives his discharge or is dismissed from the service he shall continue to be liable to be arrested and held for trial and sentence by court-martial in the, same manner and to the same extent as if he had not received such, discharge nor been dismissed.

Article 15
The proceeds of vessels or any property hereafter captured, condemned as prize, shall not be distributed among the captors, in whole or in part, nor shall any bounty be paid for the sinking or destruction of vessels of the enemy hereafter occurring in time of war.

Article 16
No person in the Navy shall take out of a prize, or vessel seized as a prize, any money, plate, goods, or any part of her equipment unless it be for the better preservation thereof or unless such articles are absolutely needed for the use of any of the vessels or armed forces of the United States before the same are adjudged lawful prize by a competent court; but the whole, without fraud, concealment, or embezzlement, shall be brought in in order that judgment may be passed thereon; and every person who offends against this article shall be punished as a court- martial may direct.

Article 17
If any person in the Navy strips off the clothes of or pillages or in any manner maltreats any person taken on board a prize, he shall suffer such punishment as a court-martial may adjudge.

Article 18
Every person who in time of war deserts the naval service of the United States shall be deemed to have voluntarily relinquished and forfeited his rights of citizenship, as well as his right to become a citizen, and shall be forever incapable of holding any office of trust or profit under the United States, or of exercising any rights of citizens thereof.

Article 19
Any officer who knowingly enlists into the naval service any person who has deserted in time of war from the naval or military service of the United States or any insane or intoxicated person or any minor between the ages of 14 and 18 years without the consent of his parents or guardian or any minor under the age of 14 years shall be punished as a court-martial may direct.

**Article 20**
**Every commanding officer of a vessel in the Navy shall obey the following rules:**

Whenever a man enters on board the commanding officer shall cause an accurate entry to be made in the ship's books, showing his name, the date, place and term of his enlistment, the place or vessel from which he was received on board, his rating, his descriptive list, his age, place of birth, and citizenship, with such remarks as may be necessary.
He shall, before sailing, transmit to the Secretary of the Navy a complete list of the rated men under his command, showing the particulars set forth in rule one, and a list of officers and passengers, showing the date of their entering. And he shall cause similar lists to be made out on the first day of every third month and transmitted to the Secretary of the Navy as opportunities occur, accounting therein for any casualty which may have happened since the last list.
He shall cause to be accurately minuted on the ship's books the names of any persons dying or deserting and the time at which such death or desertion occurs.
In case of the death of any officer, man, or passenger on said vessel he shall take care that the paymaster secures all the property, of the deceased for the benefit of his legal representatives.
He shall not receive on board any man transferred from any other vessel or station to him unless such man is furnished with an account, signed by the captain and paymaster of the vessel or station from which he came, specifying the date of his entry on said vessel or at said station, the period and term of his service, the sums paid him, the balance due him, the quality in which he was rated, and his descriptive list.
He shall, whenever officers or men are sent from his ship for whatever cause, take care that each man is furnished with a complete statement of his account, specifying the date of his enlistment, the period and term of his service, and his descriptive list. Said account shall be signed by the commanding officer and paymaster.
He shall cause frequent inspections to be made into the condition of the provisions on his ship and use every precaution for their preservation.
He shall frequently consult with the surgeon in regard to the sanitary condition of his crew and shall use all proper means to preserve their health. And he shall cause a convenient place to be set apart for sick or

disabled men, to which he shall have them removed, with their hammocks and bedding, when the surgeon so advises, and shall direct that some of the crew attend them and keep the place clean.
He shall attend in person, or appoint a proper officer to attend, when his crew is finally paid off, to see that justice is done to the men and to the United States in the settlement of the accounts.
He shall cause the Articles for the Government of the Navy to be hung up in some public part of the ship and read once a month to his ship's company.
Every commanding officer who offends against the provisions of this article shall be punished as a court-martial may direct.

Article 21
When the crew of any vessel of the United States are separated from their vessel by means of her wreck, loss or destruction, all the command and authority given to the officers of such vessel shall remain in full force until such ship's company shall be regularly discharged from or ordered again into service, or until a court-martial or court of inquiry shall be held to inquire into the loss of said vessel. And if any officer or man, after such wreck, loss, or destruction, acts contrary to the discipline of the Navy, he shall be punished as a court-martial may direct.

Article 22
(a) All offenses committed by persons belonging to the Navy which are not specified in the foregoing articles shall be punished as a court-martial may direct.

(b) Fraudulent enlistment, and the receipt of any pay or allowance thereunder, is hereby declared an offense against naval discipline and made punishable by general court-martial, under this article.

Article 23
All offenses committed by persons belonging to the Navy while on shore shall be punished in the same manner as if they had been committed at sea.

Article 24
No commander of a vessel shall inflict upon a commissioned or warrant officer any other punishment than private reprimand, suspension from duty, arrest, or confinement, and such suspension, or confinement shall not continue longer than 10 days, unless a further period is necessary to bring the offender to trial by a court-martial; nor shall he inflict, or cause to be inflicted, upon any petty officer, or person of inferior rating, or marine, for a single offense, or at any one time, any other than one of the following punishments, namely:

Reduction of any rating established by himself.
Confinement, not exceeding 10 days, unless further confinement be necessary in the case of a prisoner to be tried by court-martial.
Solitary confinement, on bread and water, not exceeding five days
Solitary confinement not exceeding seven days.
Deprivation of liberty on shore.
Extra duties.
No other punishment shall be permitted on board of vessels belonging to the Navy, except by sentence of a court-martial. All punishments inflicted by the commander, or by his order, except reprimands, shall be fully entered upon the ship's log.

Article 25
(a) All officers of the Navy and Marine Corps who are authorized to order either general or summary courts-martial shall have the same authority to inflict minor punishments as is conferred by law upon the commander of a naval vessel.

(b) No officer who may command by accident, or in the absence of the commanding officer, except when such commanding officer is absent for a time by leave, shall inflict any other punishment than confinement.

Article 26
Summary courts-martial may be ordered upon petty officers and enlisted men in the naval service under his command by the commanding officer of any vessel, the commandant of any navy yard or naval station, the commanding officer of any brigade, regiment, or separate or detached battalion, or other separate or detached command, or marine barracks, and, when empowered by the Secretary of the Navy, by the commanding officer or officer in charge of any command not specifically mentioned in the foregoing, for the trial of offenses which such commanding officer or commandant may deem deserving of greater punishment than he is authorized to inflict, but not sufficient to require trial by a general court-martial.

Article 27
A summary court-martial shall consist of three officers not below the rank of ensign as members, and of a recorder. The commander of a ship may order any officer under his command to act as such recorder.

Article 28
Before proceeding to trial the members of a summary court-martial shall take the following oath or affirmation, which shall be administered by the recorder: " I, A B, do swear (or affirm) that I will well and truly try, without prejudice or partiality, the case now depending, according to the evidence which shall be adduced, the laws for the government of the Navy, and my own conscience." After which the recorder of the court shall take the following oath or affirmation, which shall be administered by the senior member of the court: " I, A B, do swear (or affirm) that I will keep a true record of the evidence which shall be given before this court and of the proceedings thereof."

Article 29
Except as provided in articles 60 and 68, all testimony before a summary court-martial shall be given orally, upon oath or affirmation, administered by the senior member of the court.

Article 30
Summary courts-martial may sentence petty officers and persons of inferior ratings to either a part or the whole, as may be appropriate, of any one of the following punishments, namely:

Discharge from the service with bad-conduct discharge; but the sentence shall not be carried into effect in a foreign country.
Solitary confinement, not exceeding 30 days, on bread and water or on diminished rations.
Solitary confinement, not exceeding 30 days.
Confinement not exceeding two months.
Reduction to next inferior rating.
Deprivation of liberty on shore on foreign station.
Extra police duties and loss of pay, not to exceed three months, may be added to any of the above-mentioned punishments.
Article 31
A summary court-martial may disrate any rated person for incompetency.

Article 32
No sentence of a summary court-martial shall be carried into execution until the proceedings and sentence have been approved by the officer ordering the court, or his successor in office, and by his immediate superior in command: Provided, That if the officer ordering the court, or his successor in office, be the senior officer present, such sentence may be carried into execution upon his approval thereof, subject to provisions of article 54 (b).

Article 33
The officer ordering a summary court-martial shall have power to remit, in part or altogether, but not to commute, the sentence of the court. And it shall be his duty either to remit any part or the whole of any sentence, the execution of which would, in the opinion of surgeon or senior medical officer on board, given in writing, produce serious injury to the health of the person sentenced; or to submit the case again, without delay, to the same or to another summary court-martial, which shall have power, upon the testimony already taken to remit the former punishment and to assign some other of the authorized punishments in the place thereof.

Article 34
The proceedings of summary courts shall be conducted with much conciseness and precision as may be consistent with the ends of justice and under such forms and rules as may be prescribed the Secretary of the Navy, with the approval of the President, and all such proceedings shall be transmitted in the usual mode to the Navy Department, where they shall be kept on file for a period two years from date of trial, after which time they may be destroyed in the discretion of the Secretary of the Navy.

Article 35
Any punishment which a summary court-martial is authorized to inflict may be inflicted by a general court-martial.

Article 36

No officer shall be dismissed from the naval service except by the order of the President or by sentence of a general court- martial; and in time of peace no officer shall be dismissed except in pursuance of the sentence of a general court-martial or in mitigation thereof: Provided, That the President is authorized to drop from the rolls of the Navy or Marine Corps any officer thereof who is absent from duty without leave for a period of three months or more, or who, having been found guilty by the civil authorities of any offense, is finally sentenced to confinement in a State or Federal penitentiary: Provided further, That no officer so dropped shall be eligible for reappointment.

Article 37
When any officer, dismissed by order of the President, makes, in writing, an application for trial, setting forth, under oath that he has been wrongfully dismissed, the President shall, as soon as the necessities of the service may permit, convene a court-martial to try such officer on the charges on which he shall have been dismissed. And if such court-martial shall not be convened within six months from the presentation of such application for trial, or if such court, being convened, shall not award dismissal or death as the punishment of such officer, the order of dismissal by the President shall be void: Provided, That the accounting officers are prohibited from making any allowance to any officer of the Navy who has been, or may hereafter be, dismissed from the service and restored to the same under the provisions of this article, to exceed more than pay as on leave for six months from the date of dismissal, unless it shall appear that the officer demanded in writing, addressed to the Secretary of the Navy, and continued to demand as often as once in six months, a trial as provided for in this article.

Article 38
General courts-martial may be convened:

(1) By the President, the Secretary of the Navy, the commander in chief of a fleet or squadron, and the commanding officer of a naval station beyond the continental limits of the United States; and

(2) When empowered by the Secretary of the Navy, by the commanding officer of a squadron, division, flotilla, or larger naval force afloat, and of a brigade or larger force of the naval service on shore beyond the continental limits of the United States; and

(3) In time of war, if then so empowered by the Secretary of the Navy, by the commandant of any navy yard or naval station and by the commanding officer of a brigade or larger force of Navy or Marine Corps, on shore not attached to a navy yard or naval station.

Article 39
A general court-martial shall consist of not more than 13 nor less than 5 commissioned officers as members; and as many officers not exceeding 13, as can be convened without injury to the service shall be summoned on every such court. But in no case, where it can be avoided without injury to the service, shall more than half, exclusive of the president, be junior to the officer to be tried. The senior officer shall always preside and the others shall take place according to their rank.

Article 40
The president of the general court-martial shall administer the following oath or affirmation to the judge advocate or person officiating as such:

" I, A B, do swear (or affirm) that I will keep a true record of the evidence given to and the proceedings of this court; that I will not divulge or by any means disclose the sentence of the court until it shall have been approved by the proper authority; and that I will not at any time divulge or disclose the vote or opinion of any particular member of the court, unless required so to do before court of justice in due course of law."

This oath or affirmation being duly administered, each member of the court, before proceeding to trial, shall take the following oath or affirmation, which shall be administered by the judge advocate or person officiating as such:

" I, A B, do swear (or affirm) that I will truly try, without prejudice or partiality, the case now depending, according to the evidence which shall come before the court, the rules for the government the Navy, and my own conscience; that I will not by any means divulge or disclose the sentence of the court until it shall have been approved by the proper authority; and that I will not at any time divulge or disclose the vote or opinion of any particular member of the court, unless required to do so before a court of justice in due course of law."

Article 41
An oath or affirmation in the following form shall be administered to all witnesses before any court-martial by the president thereof :

" You do solemnly swear (or affirm) that the evidence you shall give in the case now before this court shall be the truth, the whole truth, and nothing but the truth, and that you will state everything within your knowledge in relation to the charges. So help you God (or, 'this you do under the pains and penalty of perjury')."

Article 42
(a) Whenever any person refuses to give his evidence or to give it in the manner provided by these articles, or to give it in the manner provided by these articles, or prevaricates, or behaves with contempt to the court, it still be lawful for the court to imprison him for any time not exceeding two months: Provided That the person charged shall, at his own request but not otherwise, be a competent witness before a court-martial or court of inquiry, and his failure to make such request shall not create any presumption against him.

(b) A naval court-martial or court of inquiry shall have power to issue like process to compel witnesses to appear and testify which United States courts of criminal jurisdiction within the State, Territory, or District where such naval court shall be ordered to sit may lawfully issue.

(c) Any person duly subpoenaed to appear as a witness before a general court-martial or court of inquiry of the Navy, who willfully neglects or refuses to appear, or refuses to qualify as a witness or to testify or produce documentary evidence, which such person may have been legally subpoenaed to produce, shall be deemed guilty of a misdemeanor, for which such person shall be punished on information in the district court of the United States; and it shall be the duty of the United States district attorney, on the certification of the facts to him by such naval court to file an information against and prosecute the person so offending, and the punishment of such person, on conviction, shall be a fine. of not more than $500 or imprisonment not to exceed six months, or both, at the discretion of the court: Provided that this shall not apply to persons residing beyond the State, Territory, or District in which such naval court is held, and that the fees of such witness and his mileage at the rates provided for witnesses in the United States district court for said State, Territory, or district shall be duly paid or tendered said witness, such amounts to be paid by the Bureau of Supplies and Accounts out of the appropriation for compensation of witnesses: Provided further, That no witness shall be compelled to incriminate himself or to answer any question which may tend to incriminate or degrade him.

Article 43
The person accused shall be furnished with a true copy of the charges, with the specifications, at the time he is put under arrest; and no other charges than those so furnished shall be urged against him at the trial, unless it shall appear to the court that intelligence of such other charge had not reached the officer ordering the court when the accused was put under arrest, or that some witness material to the support of such charge was at that time absent and can be produced at the trial; in which case reasonable times shall be given to the accused to make his defense against such new charge.

Article 44
Every officer who is arrested for trial shall deliver up his sword to his commanding officer and confine himself to the limits assigned him, on pain of dismissal from the service.

Article 45
When the proceedings of any general court-martial have commenced they shall not be suspended or delayed on account of the absence of any of the members, provided five or more are assembled; but the court is enjoined to sit from day to day, Sundays excepted, until sentence is given, unless temporarily adjourned by the authority which convened it.

Article 46
No member of a general court-martial shall, after the proceedings are begun, absent himself therefrom except in case of sickness or of an order to go on duty from a superior officer, on pain of being cashiered.

Article 47
Whenever any member of a court-martial from any legal cause is absent from the court after the commencement of a case, all the witnesses who have been examined during his absence must, when he is ready to resume his seat, be recalled by the court and the recorded testimony of each witness so examined must be read over to him, and such witness must acknowledge the same to be correct and be subject to

such further examination as the said member may require. Without a compliance with this rule, and an entry thereof upon the record, a member who shall have been absent during the examination of a witness shall not be allowed to sit again in that particular case.

Article 48
Whenever a court-martial sentences an officer to be suspended, it may suspend his pay and emoluments for the whole or any part of the time of his suspension.

Article 49
In no case shall punishment by flogging, or by branding, marking, or tattooing on the body be adjudged by any court-martial or be inflicted upon any person in the Navy. The use of irons, single or double, is abolished, except for the purpose of safe custody or when part of a sentence imposed by a general court-martial.

Article 50
No person shall be sentenced by a court-martial to suffer death, except by the concurrence of two-thirds of the members Present, and in the cases where such punishment is expressly provided in these articles. All other sentences may be determined by a majority of votes.

Article 51
It shall be the duty of a court-martial, in all cases of conviction, to adjudge a punishment adequate to the nature of the offence; but the members thereof may recommend the persons convicted as deserving of clemency, and state, on the record, their reasons for so doing.

Article 52
The judgment of every court-martial shall be, authenticated by the signature of the president and of every member who may be present when said judgment is pronounced, and also of the judge advocate.

Article 53
No sentence of a court-martial, extending to the loss of life or to the dismissal of a commissioned or warrant officer, shall be carried into execution until confirmed by the President. All other sentences of a general court-martial may be carried into execution on confirmation of the commander of the fleet or officer ordering the court.

Article 54
(a) Every officer who is authorized to convene a general court-martial shall have power, on revision of its proceedings, to remit or mitigate, but not to commute, the sentence of any such court which he is authorized to approve and confirm.

(b) The Secretary of the Navy may set aside the proceedings or remit or mitigate, in whole or in part, the sentence imposed by any naval court-martial convened by his order or by that of any officer of the Navy or Marine Corps.

Article 55
Courts of inquiry may be convened by the President, the Secretary of the Navy, the commander of a fleet or squadron, and by any officer of the naval service authorized by law to convene general courts-martial.

Article 56
A court of inquiry shall consist of not more than three commissioned officers as members, and of a judge advocate, or person officiating as such.

Article 57
Courts of inquiry shall have power to summon witnesses, administer oaths, and punish contempts in the same manner as courts-martial; but they shall only state facts, and shall not give the opinion unless expressly required so to do in the order for convening.

Article 58
The judge advocate, or person officiating as such, shall administer to the members the following oath or affirmation: "You do swear (or affirm) well and truly to examine and inquire, according to the evidence, into the matter now before you without partiality." After which the president shall administer to the judge advocate or person officiating as such, the following oath or affirmation "You do swear (or affirm) truly to record the proceedings of this court and the evidence to be given in the case in hearing."

Article 59
The party whose conduct shall be the subject of inquiry, or his attorney, shall have the right to cross examine all the witnesses.

Article 60
The proceedings of courts of inquiry shall be authenticated by the signature of the president of the court and of the judge advocate, and shall, in all cases not capital nor extending to the dismissal of a commissioned or warrant officer, be evidence before a court-martial, provided oral testimony can not be obtained.

Article 61
No person shall be tried by court-martial or otherwise punished for any offense, except as provided in the following article, which appears to have been committed more than two years before the issuing of the order for such trial or punishment, unless by reason of having absented himself or for some other manifest impediment he shall not have been amenable to justice within that period.

Article 62
No person shall be tried by court-martial or otherwise punished for desertion in time of peace, committed more than two years before the issuing of the order for such trial or punishment, unless he shall meanwhile have absented himself from the United States or by reason of some other manifest impediment shall not have been amenable to justice within that period, in which case the time of his absence shall be excluded in computing the period of the limitation: Provided, That said limitation shall not begin until the end of the term for which said person was enlisted in the service.

Article 63
Whenever, by any of the Articles for the Government of the Navy of the United States, the punishment on conviction of an offense is left to the discretion of the court-martial, the punishment therefor shall not, in time of peace, be in excess of a limit which the President may prescribe.

Article 64
(a) All officers of the Navy and Marine Corps who are authorized to order either general or summary courts-martial may order deck courts upon enlisted men under their command, for minor offenses now triable by summary court-martial.

(b) Deck courts shall consist of one commissioned officer only, who, while serving in such capacity shall have power to administer oaths, to hear and determine cases, and to impose either a part or the whole, as may be appropriate, of any one of the punishments prescribed by article 30 of the Articles for the Government of the Navy: Provided, That in no case shall such courts adjudge discharge from the service or adjudge confinement or forfeiture of pay for a longer period than 20 days.

(c) Any person in the Navy under command of the officer by whose order a deck court is convened may be detailed to act as recorder thereof.

(d) All sentences of deck courts may be carried into effect upon approval of the convening authority or his successor in office, who shall have full power as reviewing authority to remit or mitigate, but not to commute, any such sentence and to pardon any punishment such court may adjudge; but no sentence of a deck court shall carried into effect until it shall have been so approved or mitigated.

(e) Deck courts shall be governed in all details of their constitution, powers, and procedure, except as herein provided, by such rules and regulations as the President may prescribe.

(f) The records of the proceedings of deck courts shall contain such matters only as are necessary to enable the reviewing authorities to act intelligently thereon, except that if the party accused demands it within 30 days after the decision of the deck court shall become known to him, the entire record or so much as he desires shall be sent to the reviewing authority. Such records, after action thereon by the convening authority, shall be forwarded directly to, and shall be filed in, the office of the Judge Advocate General of the Navy, where they shall be reviewed, and, when necessary, submitted to the Secretary of the Navy for his action.

(g) No person who objects thereto shall be brought to trial before a deck court. Where such objection is made by the person accused, trial shall be ordered by summary or by general court-martial, as may be appropriate.

Article 65
When actively serving under the Navy Department in time of war or during the existence of an emergency, pursuant to law, as a part of the naval forces of the United States, commissioned officers of the Naval Reserve, Marine Corps Reserve, Naval Militia, Coast Guard, Lighthouse Service, Coast and Geodetic Survey, and Public Health Service are empowered to serve on naval courts-martial and deck courts under such regulations necessary for the proper administration of justice and in the interests of the services involved, as may be prescribed by the Secretary of the Navy.

Article 66
When empowered by the Secretary of the Navy pursuant to article 26 to order summary courts-martial, the commanding officer of a naval hospital or hospital ship shall be empowered to order such courts and deck courts, and inflict the punishments which the commander of a naval vessel is authorized by law to inflict, upon all enlisted men of the naval service attached thereto, whether for duty or as patients.

Article 67
When a force of marines is embarked on a naval vessel, or vessels, as a separate organization, not a part of the authorized complement thereof, the authority and powers of the officers of such separate organization of marines shall be the same as though such organization were serving at a navy yard on shore, but nothing herein shall be construed as impairing the paramount authority of the commanding officer of any naval vessel over the vessel under his command and all persons embarked thereon.

Article 68
The depositions of witnesses may be taken on reasonable notice to the opposite party, and when duly authenticated, may be put in evidence before naval courts, except in capital cases and cases where the punishment may be imprisonment or confinement for more than one year as follows:

(1) Depositions of civilian witnesses residing outside the State, Territory, or District in which a naval court is ordered to sit.

(2) Depositions of persons in the naval or military service stationed or residing outside the State, Territory or District in which a naval court is ordered to sit, or who are under orders to go outside of such State, Territory, or District.

(3) Where such naval court is convened on board a vessel of the United States, or at a naval station not within any State, Territory, or District of the United States, the depositions of witnesses may be taken and used as herein provided whenever such witnesses reside or are stationed at such a distance from the place where said naval court is ordered to sit, or are about to go to such a distance as, in the judgement of the convening authority, would render it impracticable to secure their personal attendance.

Article 69
Judges advocate of naval general courts-martial and courts of inquiry, and all commanders in chief of naval squadrons, commandants of navy yards and stations, officers commanding vessels of the Navy, and recruiting officers of the Navy, and the adjutant and inspector, assistants adjutant and inspector, commanding officers, recruiting officers of the Marine Corps, and such other officers of the regular Navy and Marine Corps, of the Naval Reserve, and of the Marine Corps Reserve, as may be hereafter designated by the Secretary of the Navy, are authorized to administer oaths for the purposes of the administration of naval justice and for other purposes of naval administration.

Article 70
Any officer of the Navy or Marine Corps detailed to conduct an investigation, and the recorder, and if there be none the presiding officer, of any naval board appointed for such purpose, shall have authority to administer an oath to any witness attending to testify or depose in the course of such investigation.

17 December 2001