(z) Case type (fatality, lost time, no lost time, first aid)

(aa) Mishap class

(bb) Date of death

(cc) Short narrative

(dd) Start date

(ee) Sent date.

**NOTE:**

The computerized spreadsheet provided by COMNAVSAFECEN will provide codes for use with items f, k, l, o, q, r, s, t, u, v, z and aa.

Within 6 working days after receiving information or upon receipt of the appropriate Office of Workers' Compensation Programs (OWCP) compensation form on a recordable occupational injury or illness, activities shall enter appropriate information concerning such injury or illness on the log. Activities shall also record any mishap reported for Navy civilian employees who are covered by the Longshoreman and Harbor Workers' Compensation Act on the log. Activities shall record compensation claims resulting in permanent transfer or termination of employment as lost time cases and log and treat compensation claims they controvert or otherwise challenge as work-related until adjudication of the claim. Controversion adjudication resulting in upholding the Navy position may be lined out on the log, but not if the adjudication does not affirm the controversion.

**NOTE:**

Activities shall only record personnel who are on their employment rolls for the fiscal year of the log on that year's log. If the mishap occurred in the previous fiscal year, activities shall make an entry on that fiscal year's log.

Activities shall not log incidents that result in no medical treatment unless they receive an OWCP or equivalent form. When they receive a report form for such a case as well as a case in which an employee submits a notice of injury or illness solely to document an incident or exposure and, which are retained at the activity, they will log it as a "no lost time" case.

(2) In addition to the log of occupational injuries and illnesses, each activity shall maintain a supplementary record for each occupational injury, illness or fatality they enter on the log. They shall complete the record within 6 working days after the receipt of information that an occupational injury or illness has occurred. Activities may use the applicable compensation form as the supplementary record. In those cases where Federal Employee's Compensation Act (FECA) or Longshoreman and Harbor Workers' Compensation Act does not cover the injured employee, the activity's local mishap report will suffice as the supplementary record. Activities can use appendix 14-E, Department of the Navy Report of Traumatic Injury, as their activity's

local mishap report. It provides the information activities need to maintain the log of occupational injuries and illnesses paragraph 1409a(1) discusses. If an occupational injury or illness meets the individual mishap reporting requirements of this chapter, activities shall include a copy of the mishap report submitted to COMNAVSAFECEN as part of the supplementary record. Activities shall retain logs and supplementary records for 5 years following the end of the fiscal year to which they relate.

**NOTE:**

Activity OSH managers shall coordinate with the human resources office (HRO), or equivalent for NAF and Navy foreign national civilians, to ensure they receive a copy of applicable compensation forms (OWCP, Longshoreman and Harbor Workers' Compensation Act, etc.) filed with the HRO or equivalent office. Where activities use compensation forms as supplementary records, they shall maintain copies in the OSH office.

(3) Activities with Navy civilian personnel shall complete and post a copy of appendix 14-F, "Annual Report of Navy Civilian Occupational Injuries and Illnesses," within 45 calendar days following the close of the fiscal year. The report is a summary of the information recorded on the Log of Navy Injuries and Occupational Illnesses for the fiscal year. The report shall always indicate population and total hours worked (exposure data) even though assigned personnel may have experienced no occupational injury or illness during the reporting period. Post the report in conspicuous places throughout the command no later than 45 days after the close of the fiscal year. It shall remain there for at least 30 days. **Do not** submit this report to COMNAVSAFECEN.

**NOTE:**

When completing the annual report for a UIC, activities shall combine Navy civilian personnel (appropriated fund, NAF, and foreign nationals) in the one report for the UIC. **Do not** prepare separate reports for different categories of Navy civilian personnel.

b. Recording Procedures (Military). Navy shore activities with military personnel attached shall maintain a log per paragraph 1409a(1) for on-duty military personnel mishaps.

c. Each activity with a UIC shall submit a copy of its respective civilian and military Logs of Occupational Injury and Illness to COMNAVSAFECEN (Code 41) semi-annually. Activities shall submit the logs for the first 6 months of the current fiscal year by 15 April. Submit the log for the entire fiscal year by 15 October. The second submission covers the entire fiscal year to allow submission of the most current data available for the year. Activities can submit forms electronically to COMNAVSAFECEN as an e-mail attachment sent to shore@safecen.navy.mil or via disk. Hard copies are acceptable for activities that do not have electronic capability. The mailing address is: Commander, Naval Safety Center, ATTN: Code 41, 375 A Street, Norfolk, VA 23511-4399. COMNAVSAFECEN does not require negative reports.

**1410. Injury/Illness Treatment (Civilian Employees Only)**

a. Reporting Procedures. Employees shall report immediately to their supervisor any occupational injury or illness. The supervisor shall furnish OPNAV 5100/9, Dispensary Permit (appendix 14-G) or equivalent to civilian employees who need treatment. Activities shall not permit employees to visit the Navy medical treatment facility (MTF) without having obtained the form, except where necessary to avoid delay in treatment to the detriment of an employee. In this case, activities may complete the form after the patient has been removed to the MTF. Activities shall record any injury or occupational illness at work at the dispensary or medical department of the activity.

**NOTE:**

The Navy uses the terms "dispensary" and "medical treatment facility" generically to denote the site and provider of medical treatment at Navy activities. Individual activities may use different terms.

b. Injury Report Control. The OSH office may use appendix 14-G as one means of control to ensure the prompt receipt of information they need to investigate mishaps and to complete appropriate mishap reports for civilian employees. The OSH office may use other tracking systems if they allow activity OSH offices to track MTF visits. Regardless of the tracking system used, all injured civilian personnel shall first report to the MTF per paragraph 1410c(6).

c. Preparation Procedure. Personnel shall observe the following instructions regarding the preparation and disposition of Dispensary Permits, appendix 14-G:

(1) The supervisor shall complete the upper half of the Dispensary Permit in duplicate.

(2) The injured employee shall take both copies of the form to the MTF.

(3) The "Occupational-No" box is checked for personal illness cases only. If this block is checked, give further details under "Reason for Referral-Other".

(4) Use of case number is optional within the activity.

(5) The MTF shall make every effort to determine whether or not an injury or physical disability is occupational before checking the "Questionable" block.

(6) All personnel, except where necessary to avoid delay in treatment to the detriment of an employee, shall first report to the MTF for administrative purposes. The employee may then choose treatment at the MTF, a private hospital or by a private physician. Those Navy civilians covered by FECA who elect treatment by a qualified local physician or hospital shall meet this administrative requirement.

**1411. Commanding Officer Review**

Commanders, commanding officers and officers in charge, or their respective deputies, chiefs of staff, or executive officers, shall review lost time mishaps. The activity head or his or her designee with the OSH manager shall decide which mishaps to review. At a minimum, activities shall review any mishap that requires submission of an SIR per paragraph 1408. The specific review mechanism is left to the command's discretion and can take many forms. This review will include the cognizant first-line supervisor and/or next level of management, and the injured employee if needed for amplifying information. The review shall involve safety, medical, compensation, and other management personnel, as appropriate. The object of the review is to determine compliance with and adequacy of established NAVOSH standards and procedures, identify the underlying cause(s) of the mishap and take corrective action to prevent recurrence

**1412. Shore Major Mishap Review Board**

The purpose of a Shore Major Mishap Review Board is for periodically reviewing Class A and select Class B mishaps, and taking actions to implement mishap investigation recommendations. This board shall meet at least annually. CNO (N45) shall chair this board which shall include representatives of COMNAVSAFECEN (Code 40), NAVINSGEN/NOIU, headquarters commands experiencing mishaps under review and others the chair selects.

**1413. Mishap Analyses**

Activities shall conduct detailed analyses of their mishap experiences and develop annual fiscal year (FY) mishap reduction goals. They shall include these goals in command goals and specific strategies, measurement standards and develop actions for goal attainment. (See chapter 5, paragraph 0505 for further guidance.)

**1414. Records Disposition**

a. The records and reports this chapter requires will be retained for 5 years following the end of the fiscal year to which they relate.

b. Activities shall destroy general correspondence and records they accumulate in connection with the routine administration and operation of mishap investigation and reporting after 2 years.

c. Records shall not be destroyed if they address corrective actions that are not yet complete.

---

Chapter 14

References

14-1. DOD Instruction 6055.7 of 10 Apr 89, Mishap Investigation, Reporting and Recordkeeping, latest edition (NOTAL)

14-2. OPNAVINST 5102.1C of 3 Mar 89, Mishap Investigation and Reporting

14-3. OPNAVINST 5100.19D CH-1 of 30 Aug 01, Navy Occupational Safety and Health (NAVOSH) Program Manual for Forces Afloat (NOTAL)

14-4. OPNAVINST 3750.6Q of 28 Aug 89, Naval Aviation Safety Program (NOTAL)

14-5. OPNAVINST 3120.32C of 11 Apr 94, Standard Organization and Regulations of the U.S. Navy (NOTAL)

14-6. NAVFAC P-307 Management of Weight Handling Equipment, latest edition

14-7 OPNAVINST 3100.6G of 1 Jun 95, Special Incident Reporting (OPREP 3, Navy Blue and Unit SITREP) Procedures (NOTAL)

## Appendix 14-A

# ADVICE TO WITNESS
# (PROMISE OF CONFIDENTIALITY)

OPNAV 5102-11

THIS IS PART OF A NAVY SAFETY INVESTIGATION
LIMITED DISTRIBUTION AND SPECIAL HANDLING REQUIRED BY OPNAVINST 5100.23E
**THIS STATEMENT IS PRIVILEGED AND IS EXEMPT FROM DISCLOSURE**

PLEASE READ THIS STATEMENT CAREFULLY
CERTIFY THAT YOU UNDERSTAND IT BY YOUR SIGNATURE AT THE BOTTOM

I understand that:

a. I have been requested to voluntarily provide information to a Mishap Investigation Board conducting an investigation of a defined Navy shore mishap.
b. I AM NOT being requested to provide statement under oath or affirmation.
c. Disclosure of personal information by me is voluntary, and that failure to provide such information will have no direct effect on me.
d. The purpose of the information provided by me is to determine the cause of a mishap and/or the damage and/or injury occurring in connection with that mishap.
e. All information provided by me to the Mishap Investigation Board will be used ONLY for safety purposes.
f. The information provided by me shall NOT be used:
   1) In any determination affecting my interests.
   2) As evidence to obtain evidence in determining misconduct or line of duty status of killed or injured personnel.
   3) As evidence to determine my responsibility or that of other personnel from the standpoint of discipline.
   4) As evidence to assert affirmative claims on behalf of the government.
   5) As evidence to determine the liability of the government for property damage caused by the mishap.
   6) As evidence before administrative bodies, such as Officer/Enlisted Separation Boards, Judge Advocate General Manual investigations/inquiries.
   7) In any other punitive or administrative action taken by the Department of the Navy.
   8) In any other investigation or report of the mishap about which I have been asked to provide information.
g.

**Witness signature:**____________________ **Date:**__________ **Initials:**______

| | |
|---|---|
| 1. Summation of witness interview by investigator (Continue on reverse and/or attach separate sheet(s) as necessary) | |
| 2. PRINTED NAME OF INVESTIGATOR (First, Middle, Last) | 3. DATE |
| 4. SIGNATURE | 5. TELEPHONE NUMBER |
| 6. INVESTIGATOR'S ADDRESS (WHERE YOU MAY BE LOCATED) | |

OPNAV 5102/11 (REV 6-00)

# SAFETY INVESTIGATION REPORT (SIR) ENCLOSURE
# ADVICE TO WITNESS

THIS IS PART OF A SAFETY INVESTIGATION
LIMITED DISTRIBUTION AND SPECIAL HANDLING REQUIRED BY OPNAVINST 5100.23E
**THIS STATEMENT IS NOT PRIVILEGED AND MAY BE DISCLOSED**

PLEASE READ THIS STATEMENT CAREFULLY
CERTIFY THAT YOU UNDERSTAND IT BY YOUR SIGNATURE AT THE BOTTOM

I understand that:

a. I have been requested to voluntarily provide information to a Mishap Investigation Board conducting an investigation of a defined Navy shore mishap.
b. I AM NOT being requested to provide statement under oath or affirmation.
c. Disclosure of personal information by me is voluntary, and that failure to provide such information will have no direct effect on me.
d. The purpose of the information provided by me is to determine the cause of a mishap and/or the damage and/or injury occurring in connection with that mishap.
e. All information provided by me to the Mishap Investigation Board will be used ONLY for safety purposes. It is further understood, however, that the information provided by me or contained in this report may be released in response to a Freedom of Information Act (FOIA) request.
f. Although releasable, the information provided by me shall NOT be used by the Government:
   (1) In any determination affecting my interests.
   (2) As evidence to obtain evidence in determining misconduct or line of duty status of killed or injured personnel.
   (3) As evidence to determine my responsibility or that of other personnel from the standpoint of discipline.
   (4) As evidence to assert affirmative claims on behalf of the government.
   (5) As evidence to determine the liability of the government for property damage caused by the mishap.
   (6) As evidence before administrative bodies, such as Officer/Enlisted Separation Boards, Judge Advocate General Manual investigations/inquiries.
   (7) In any other punitive or administrative action taken by the Department of the Navy. In any other investigation or report of the mishap about which I have been asked to provide information
   (8) My signature acknowledges that I do not need a full Promise of Confidentiality as a condition of my willingness to provide testimony to the Board and I understand that statements given without a Promise of Confidentiality may be released. **(If the witness has any reservations about their statement being released to anyone outside the board itself, entitled persons in the safety endorsement process, or the public under FOIA, a Promise of Confidentiality should be offered to ensure forthright, candid testimony.)**

**Witness signature:**________________ **Date:**________ **Initials:**_____

| | |
|---|---|
| 1.SUMMATION of Witness interview by investigator (Continue on reverse and/or attach separate sheet(s) as necessary | |
| 2. PRINTED NAME OF INVESTIGATOR (First, Middle, Last) | 3. DATE |
| 4. SIGNATURE | 5. TELEPHONE NUMBER |
| 6. INVESTIGATORS ADDRESS WHERE YOU MAY BE LOCATED | |

OPNAV 5102/10 (REV 6-00)

**Appendix 14-B**

# SAFETYGRAM

OPNAV 5100-29

(Mark X in appropriate box to indicate type of Command)

☐ Surface Ship ☐ Submarine ☐ Diving/Salvage ☐ Aviation ☐ Shore

Command, Ship or Ship Class

References: (Plan No/Tech Manual/etc.)

STATE: What, where, why; how it can be prevented or corrected.

SIGNATURE (NOT REQUIRED)

Instructions: (1) Send original to Commander NAVSAFECEN, and copies as appropriate. Retain file copy. (2) May use pencil longhand; attach additional sheets as necessary. (3) If classified information included, follow appropriate marking and mailing.

OPNAV 5102/4 (07/94) S/N 0107-LF-015-8400

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DEPARTMENT OF THE NAVY**
**SAFETYGRAM**

OFFICIAL BUSINESS FIRST CLASS
PENALTY FOR PRIVATE USE, $300

COMMANDER NAVAL SAFETY CENTER
375 A STREET
NORFOLK, VA 23511-4399

## Appendix 14-C
## Format for Safety Investigation Report (SIR)

General. The format and content shown below are to be used for reporting personnel injuries, death, or material (property) damage mishaps required by paragraph 1408a and 1408b. WHEN REQUESTED DATA DOES NOT APPLY OR IS NOT RELEVANT TO THE ANALYSIS OF THE Mishap, INSERT THE WORDS "NOT APPLICABLE" OR "NA."

From: **Activity Name (reports submitted per 1408a)**
**Board Leader (reports submitted per 1408b)**

To: Commander, Naval Safety Center (Code 41)

**USE VIA LINE FOR REPORTS SUBMITTED PER 1408b**

Via: (1) Command Experiencing Mishap

(2) Operational Chain of Command

(3) Other Endorsers

SUBJ: SAFETY INVESTIGATION REPORT (SIR)

Ref: (a)

Encl: (1)

FOR OFFICIAL USE ONLY. THIS IS A GENERAL USE SHORE SAFETY INVESTIGATION REPORT (SIR) TO BE USED FOR SAFETY PURPOSES AS DEFINED IN OPNAVINST 5100.23E.

1. For headquarters investigations, state if Class A or B mishap; the name and UIC of the activity where mishap occurred; local date, time of mishap and result of mishap.

2. Mishap Investigator/Investigation Board: State name, job title, activity, and telephone number of each member, including the board Leader.

3. Sequence of Events (include chain of events leading up to, through, and subsequent to the mishap). State the location where the mishap occurred, the evolution at the time of the mishap and weather conditions if applicable.

4. Injury or Material (Property) Damage:

a. Injuries - for each person injured provide the following:

(1) Name:

(2) Age/Sex/SSN:

(3) UIC of Duty Station:

(4) Employment Status: (USN, USNR, NROTC, USMC, USAF, US Army, Navy Federal Civilian, Navy Non-Appropriated Fund Civilian, Navy Foreign National Civilian, Navy Federal Marine Civilian, Military Dependent, Non-DOD, Other (Specify))

(5) Civilian - Series, job title, and grade:

(6) Military - Rank and designator or rate and NEC:

(7) Duty status - (On or off duty)

(8) Did injury result from formal Navy training? If so, state course identification number (cin):

(9) Was the job/activity related to the person's rating or job position:

(10) State the specific job/activity the person was performing at the time of the mishap:

(11) Extent of injury or illness: fatality, permanent total disability, permanent partial disability, temporary disability, missing, or no disability likely:

(12) Medical diagnosis - state part of body and nature of the injury or illness:

(13) Estimation of lost time:

(a) Total of lost workdays away from job (actual number of lost workdays including workdays hospitalized):

(b) Total of days hospitalized (actual number of days hospitalized including weekends):

(14) 72 hour profile (complete only if mishap involves a fatality):

(a) Travel completed in the 72 hours immediately preceding the mishap.

(b) Type of work performed and work schedule (hours) for the 72 hours immediately preceding the mishap,

(c) Periods of rest and sleep for the 72 hours immediately preceding the mishap.

(d) Medications prescribed.

(e) Alcohol and other drugs (prescription, nonprescription, and illegal) taken during the 72 hours immediately preceding the mishap.

(f) General physical condition, including illnesses.

(g) Individual's mental, emotional, and physical state including perceived stress and behavior changes (based on supervisor, next-of-kin (if available), co-workers, and friends.

(h) Other comments the supervisor, next-of-kin, co-workers, and friends wish to make related to the individual's condition or pre-mishap activities.

(i) Other factors prior to the mishap that could have affected the mishap occurrence or its outcome.

(j) Non-judicial punishment (NJP)/Uniform Code of Military Justice (UCMJ) record (military only) or any other behavior infractions for the past three years.

b. Material (Property) Damage - provide the following information for property or equipment damaged or destroyed:

(1) Property or equipment (EIC, TEC, NSN -- if none of these are available, state manufacturer, specific type of property or equipment, and model and serial numbers, as applicable):

(2) Describe damage:

(3) UIC of activity owning material:

(4) Estimated cost to repair or replace DoD property (provide the total cost including man-hours plus cost of material or equipment):

(5) Estimate cost to repair or replace Non-DOD property:

(6) Number of operating days lost (also applies to service craft and small boats):

5. Discussion and Findings (Address the following areas, as applicable):

a. Adequacy and use of approved procedures:

b. Qualifications and training of people involved:

c. Effectiveness of supervision:

d. Effectiveness of Quality Assurance/Inspection Program:

e. Human error:

f. Material deficiencies or shortcomings:

g. Violation of OSHA standards or NAVOSH Program requirements and effects:

6. Conclusions

a. State probable cause(s) of the mishap, injury, and damage with a short rationale:

b. Other causes considered but rejected with a short rationale:

7. Recommendations (State recommendations for changes in procedures, equipment, or training to prevent recurrence and the boards recommendations to prevent recurrence):

8. Other comments, as applicable.

Signature of Board Chairman __________

**NOTE:**

Copy to: (If mishap involves an activity the findings or recommendations do not address, include the activity and its chain of command as "copy to" addressees.)

**Appendix 14-D**

**Sample Priority Message for Interim Reporting of Mishaps Requiring a Headquarters Command Investigation**

1. General. The format and content shown below are to be used for initial reporting of personnel injuries/deaths or material (property) damage mishaps requiring a headquarters command investigation. Submit as much of the information as is available.

2. Content and Format:

(Precedence - Priority)

FROM: REPORTING ACTIVITY

TO: COMNAVSAFECEN NORFOLK VA//02/40/50/70/054//
CNO WASHINGTON DC//N45//
INFO: CHAIN OF COMMAND
AS DESIRED

UNCLAS//N05100//FOUO (Normally UNCLAS unless classified information must be included.)

SUBJ: CLASS A OR B (STATE WHICH) MISHAP

MSGID/GENADMIN/MSG ORIG/SER NO/MONTH//

A. (Reference telephone call to COMNAVSAFECEN of initial notification)

FORMAT IN ACCORDANCE WITH GENADMIN PROCEDURES.

NARR/THIS IS A GENERAL USE SHORE SAFETY INVESTIGATION REPORT TO BE USED ONLY FOR SAFETY PURPOSES PER OPNAVINST 5100.23E

RMKS/GENERAL MISHAP INFORMATION:

1. UIC OF INJURED PERSON'S COMMAND OR REPORTING ACTIVITY IF PROPERTY DAMAGE

2. TYPE OF MISHAP (Flooding, fire, injury/death, equipment casualty, etc)

3. LOCAL TIME AND DATE OF MISHAP

4. LOCATION WHERE MISHAP OCCURRED (If at duty station, give workcenter or description, e.g., torpedo room, main deck frame, base/station facility. If other, so indicate, e.g., ball field, etc. Indicate if MWR facility.)

5. EVOLUTION/JOB BEING PERFORMED AT TIME OF MISHAP, (refit, ISE, maintenance, UNREP, material handling production, etc.) If at training command, insert course identification number (CIN) only - do not provide evolution in those cases.

6. POINT OF CONTACT AND COMPLETE TELEPHONE NUMBER

MATERIAL (PROPERTY) DAMAGE:

1. EQUIPMENT DAMAGED OR DESTROYED BY THE MISHAP (Include EIC, TEC, or NSN, if applicable; describe damage)

2. ESTIMATED COST TO REPAIR OR REPLACE DOD PROPERTY (Provide a total cost including labor plus cost of material and equipment.)

3. ESTIMATED COST OF NON-DOD PROPERTY DAMAGE

4. NUMBER OF REPORTING ACTIVITY OPERATING DAYS LOST

REPORTABLE INJURIES:

1. NAME/SSN/AGE/SEX (If more than one person involved, information in this section must be explicit as to which individual is being described. Repeat items 1 through 7 for each individual.)

2. RANK/DESIGNATOR/RATE/GRADE, JOB AND EMPLOYMENT STATUS (For employment status, specify USN, USNR, Navy Federal Civilian, Navy Non-Appropriated Fund Civilian, Navy Foreign National Civilian, etc.)

3. DUTY STATUS (on or off duty)

4. SPECIFIC JOB OR ACTIVITY INDIVIDUAL ENGAGED IN AT TIME OF MISHAP (PMS, PFT, training, watch-standing, woodworking, material handling, etc.)

5. NUMBER OF MONTHS EXPERIENCE AT THE JOB OR ACTIVITY (The experience the person possessed for the activity engaged in, e.g., swimming mishap indicate swimming qualification and applicable training course.)

6. MEDICAL DIAGNOSIS (Include parts of body and type of injury or illness).

7. FATALITY OR EXTENT OF INJURIES OR OCCUPATIONAL ILLNESSES
(Specify fatality, missing, permanent total disability, permanent partial disability, temporary partial disability, or no disability likely)

NARRATIVE: State as much amplifying information available. Chain of events leading up to, through, and subsequent to mishap (Elaborate with remarks so that who, where, how, and why of the mishap are known.)

## Appendix 14-E

**FOR OFFICIAL USE ONLY**
**Department of the Navy**

# Report of Traumatic Injury

For use by military personnel, non-appropriated fund civilian personnel and foreign nationals only.

| **Employee Data** | | | |
|---|---|---|---|
| 1. Name of employee (Last, First, Middle) | | | 2. Social Security No. |
| 3. Date of birth Mo. Day Yr. | 4. Sex ☐ Male ☐ Female | 5. Home Telephone ( ) | 6. Rank/Grade on date of injury: |
| 7. Employee's home mailing address(include city, state, and zip code) | | | 8. Dependents ☐ Wife, Husband ☐ Children under 18 years ☐ Other |

| **Description of Injury** | | | |
|---|---|---|---|
| 9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine) | | | |
| 10. Date of Injury Mo. Day Yr. | Time: ☐ a.m. ☐ p.m. | 10. Date of notice Mo. Day Yr. | 12. Employee's Occupation |

13. Cause of Injury (Describe what happened and why)

| 14. Nature of Injury(identify both the injury and part of body, e.g., fracture of left leg) | a. Type code | b. Source code |
|---|---|---|

FOR OFFICIAL USE ONLY

FOR OFFICIAL USE ONLY

## Employee Signature

15. I certify that the injury described above was sustained in performance of duty as an employee of the United States Navy and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication.

**Signature of employee or person acting on his/her behalf**

**End of Employee Report**

## Witness

Note: Witness Statements, when available, should be attached to this report for use by the mishap investigator during the investigation of this injury.

16. Witnesses to the injury.(If additional witnesses are available who may provide more information, attach a separate sheet of paper with the below information)

| Name of Witness | City | State | Zip Code | Daytime Telephone Number |
|---|---|---|---|---|
| | | | | ( ) |
| | | | | ( ) |
| | | | | ( ) |

## Supervisor's Report

17. UIC of activity reporting mishap:

18. UIC of activity where mishap occurred:

19. Employee's duty station (Street address and zip code)

| 20. Date of Injury Mo. Day Yr. | 21. Days of Restricted Work beyond date of injury. | 22. Number of lost work days. |
|---|---|---|

| 23. Was the employee injured in performance of duty? ☐ Yes ☐ No (If no, explain) | 24. Do medical reports show employee is disabled for work? ☐ Yes ☐ No |
|---|---|

FOR OFFICIAL USE ONLY

**FOR OFFICIAL USE ONLY**

25. Does your knowledge of the facts about this injury agree with statements of the employee and/or witnesses? ☐ Yes ☐ No (If no, explain)

**Signature of Supervisor and Filing Instructions.**

26. I certify that the information given above and that furnished by the employee is true to the best of my knowledge with the following exception:

Name of Supervisor (Type or print)

Signature of Supervisor Date

Supervisor's Title Office Phone

27. Filing instructions:
- ☐ No lost time and no medical expenses incurred. Provide to activity Safety Office for recordkeeping.
- ☐ No lost time, medical expense incurred or expected. Provide to activity Safety Office for recordkeeping
- ☐ Lost Time. Provide to activity Safety Office for recordkeeping

**FOR OFFICIAL USE ONLY**

**FOR OFFICIAL USE ONLY**

## Appendix 14-F

## ANNUAL REPORT OF NAVY CIVILIAN OCCUPATIONAL INJURIES AND ILLNESSES

A. UIC ______________________________
(List all UICs included on this report with ISIC first)

C. ______________________________
(Complete mailing address of activity)

D. ______________________________
(City, State, Zip)

B. Reporting Period
Month Day Year
(FY Ending)

E. ______________________________
(Immediate Superior in Command)

F. ______________________________
(Date Prepared)

| CODE | INJURY AND ILLNESS CATEGORY | TOTAL CASES (1) | DEATHS (2) | LOST TIME CASES (3) | NO LOST TIME CASES (4) | FIRST AID CASES (5) |
|---|---|---|---|---|---|---|
| 10 | Occupational Injuries | | | | | |
| | Occupational Illnesses | | | | | |
| 21 | Occupational skin diseases or disorders | | | | | |
| 22 | Dust diseases of the lungs (pneumoconioses) | | | | | |
| 23 | Respiratory conditions due to toxic agents | | | | | |
| 24 | Poisoning (systemic effects of toxic materials) | | | | | |
| 25 | Disorders due to physical agents (other than toxic materials) | | | | | |
| 26 | Disorders due to repeated trauma or stress | | | | | |
| 29 | All other occupational illnesses | | | | | |
| | TOTAL CIVILIAN OCCUPATIONAL INJURIES AND ILLNESS | | | | | |
| 30 | Total occupational illnesses (21-29) | | | | | |
| 31 | Total occupational injuries and illnesses (10 + 30) | | | | | |
| 40 | Total hours worked by personnel (This reporting period) | | | | | |
| 50 | Average number of personnel (This reporting period) | | | | | |

OPNAV 5102/8 (10/94)
PERSON PREPARING REPORT ______________________________ LOCAL PHONE ______________

## Appendix 14-G
## Dispensary Permit

*PRIVACY ACT STATEMENT BELOW* *CASE NUMBER*

| | | | |
|---|---|---|---|
| **SUPERVISOR'S REPORT** | TO DISPENSARY (Location) | DATE OF REPORT | |
| EMPLOYEE'S NAME | TIME & DATE OF INJURY | TIME LEFT JOB | TIME RETURNED |
| SOCIAL SECURITY NO. / GRADE, RATE, JOB TITLE | | OCCUPATIONAL ☐ YES ☐ NO ☐ QUESTIONABLE | |
| REASON FOR REFERRAL ☐ INJURY ☐ ILLNESS ☐ EMPLOYEE'S REQUEST ☐ OTHER (Specify) | | | |
| REMARKS | | | |
| SUPERVISOR'S SIGNATURE | SHOP/OFFICE | TELEPHONE NUMBER | |
| **MEDICAL OFFICER'S REPORT** | TIME REPORTED | TIME RELEASED | |
| OCCUPATIONAL ☐ YES ☐ NO ☐ QUESTIONABLE | DEGREE OF INJURY ☐ FIRST AID ☐ MEDICAL TREATMENT ☐ OTHER (Explain) | | |
| DISPOSITION OF EMPLOYEE ☐ RETURN TO PERM. JOB ☐ RESTRICT ACTIVITY UNTIL ☐ REFERRED TO PRIVATE PHYSICIAN/HOSPITAL | ☐ TEMP. TRANSFER TO ANOTHER JOB ☐ PERM. TRANSFER TO ANOTHER JOB ☐ OTHER (Explain) | ☐ TERMINATION OF EMPLOYMENT ☐ SENT HOME BY DISPENSARY | |
| REMARKS/DIAGNOSIS | | | |
| MEDICAL OFFICER'S SIGNATURE | INITIAL TREATMENT DETERMINATION ☐ DISCHARGED, TREATMENT COMPLETED ☐ RE-TREATMENT REQUIRED | | |

**OPNAV 5100/9 (Rev. OCT 1992)**

**Authority: 5 U.S.C. 301, Departmental Regulations and E.O. 9397**

**Principal Purpose:** To ensure prompt investigation of occupational injuries, and to initiate any necessary immediate corrective action.

**Routine Use:** Routinely used by the activity Occupational Safety and Health Office to perform official duties in the investigation of mishaps which may have caused occupational injury or illness.

**Disclosure:** Voluntary. Treatment will be provided without regard to employee's willingness to divulge all or part of the requested information.
OPNAV 5100/9 (10/92)

# CHAPTER 15

# RESPIRATORY PROTECTION

## 1501. Discussion

a. This chapter establishes requirements and responsibilities for an ashore respiratory protection program. Reference 15-1 covers respiratory protection for forces afloat.

b. Many occupational activities expose personnel to air contaminants that can be dangerous, if inhaled. The best means of protecting personnel from exposure to potentially hazardous materials is to eliminate the air contaminant at its source. When elimination of the air contaminant is not possible, the preferred protection method is engineering controls. Activity work center personnel shall use respirators where neither elimination of the air contaminant nor use of engineering controls is wholly effective.

## 1502. Applicability

a. The provisions of this chapter shall apply where employees are required to wear respiratory protection equipment due to the nature of their work or job.

b. The provisions of this chapter do not apply to:

(1) Contractors. They are responsible for providing their own respiratory protection programs and respiratory protective equipment.

(2) Personnel wearing respiratory protection for the sole purpose of protection against airborne radioactive contamination associated with the Naval Nuclear Propulsion Program, which is governed by reference 15-2.

## 1503. General Requirements

a. Whenever respiratory protection is required, activities shall establish and maintain a respiratory protection program per this chapter and reference 15-3. The commanding officer or officer in charge shall appoint a trained respiratory protection program manager (RPPM) who shall implement program requirements. Section 1512 contains minimum RPPM training requirements.

b. Activities shall provide appropriate equipment to personnel, such as employees, inspectors and visitors who must enter an area where the use of respiratory protection is required. These personnel shall use this equipment regardless of stay time.

c. Activities shall fit test, issue and train personnel to wear respirators and ensure personnel are medically qualified. The Navy does not require medical approval for visitors and personnel not assigned to the work areas where activities provide escape-only respirators for potential emergencies. However, they shall be briefed in the use of the escape respirator and shall be escorted at all times by activity personnel who are trained in the use of the respirator and who can guide and assist them in emergencies.

d. The RPPM shall maintain a listing of employees that require respiratory protection and shall authorize those employees to wear respiratory protective equipment. The activity shall provide appropriate respiratory protection equipment to these individuals.

e. Per reference 15-3,

*"The employer shall not permit respirators with tight-fitting facepieces to be worn by employees who have:*

*(A) Facial hair that comes between the sealing surface of the facepiece and the face or that interferes with valve function; or*

*(B) Any condition that interferes with the face-to-facepiece seal or valve function.*

*(C) If any employee wears corrective glasses or goggles or other personal protective equipment, the employer shall ensure that such equipment is worn in a manner that does not interfere with the seal of the facepiece to the face of the user."*

f. Activity programs shall only permit the issuance of respiratory protection for:

(1) Workers in areas known to have contaminant levels requiring the use of respiratory protection or in which contaminant levels requiring the use of respiratory protection may create a hazard without warning (e.g., emergency purposes such as hazardous material spill responses)

(2) Workers performing operations documented as an inhalation hazard and workers in the immediate vicinity where operations generate hazardous levels of contaminants

(3) Workers in suspect areas or performing operations suspected of being health hazardous but for which adequate sampling data does not exist

(4) Workers performing operations for which the Occupational Safety and Health Administration (OSHA) requires respiratory protection

(5) Workers performing operations where OSHA permits the employee to choose to use a respirator (i.e., lead)

(6) Any other worker for whom the use of respiratory protection is deemed appropriate by the RPPM - for humanitarian or morale use- (voluntary respirator use).

g. Voluntary Respirator Use. When respirators are not required, voluntary use of respiratory protection is allowed if the respirators are issued and controlled by the RPPM and the following criteria are met. Voluntary respirator use is defined/ described in detail in the glossary (see Voluntary Respirator Use).

*(A) NIOSH approved filtering facepieces (dust masks) may be issued without medical screening and fit testing. Annually provide respirator users with the information contained in Appendix D of reference 15-3 and the limitations stated on the respirator approval label. Personnel may not supply their own respirators.*

*(B) For any other voluntary respirator use, elastomeric facepiece respirators will be issued and all elements of the respiratory protection program must be met. NIOSH or NIOSH/MSHA approved respirators must be selected appropriately for the perceived hazard.*