# E

FILED
CHARLES BACARISSE
District Clerk

SEP 06 2006

Harris County, Texas
By ____________ 10:00am
Deputy

**JUDGE MARK DAVIDSON**
201 Caroline, 9th Floor
Houston, Texas 77002

(713) 368-6020
FAX (713) 368-4317

September 5, 2006

Re: Austin Richards, et ux. v. Carver Pump Company, et al; Cause no. 2006-22,116

Dear Counsel:

The court has carefully considered the Defendants' Motion for Dismissal for Forum Non Conveniens in the above case. Because this is not the last of these motions I will be asked to determine, I am stating my reasons as a guide to the attorneys representing clients in other asbestos cases.

All counsel are familiar with the fact that shortly after I became the MDL Judge assigned to hear asbestos cases, I issued a ruling in the *Pomeranky* case which bemoaned my inability to dismiss cases on grounds of forum non conveniens based on the language of Section 71.051 of the Civil Practices and Remedies Code. After that ruling, the language of the statute was amended to significantly broaden the discretion of Texas trial courts. To my knowledge, this is the first time I have been asked to exercise the powers given trial judges under the amended statute.

The facts in this case are, if anything, more compelling than those in *Pomranky*. There is absolutely no connection between the State of Texas and any element of negligence, causation or damages. It is apparently undisputed that the Plaintiff spent his entire life, was exposed to asbestos, was diagnosed with mesothelioma and, in all probability, will die in the state of Maine. All of his co-worker witnesses, treating physicians and family members live in Maine. Based on these facts, I have struggled with any way any attorney could argue with a straight face that the case belongs in Texas.

Then I reread the language of the new statute. Section 71.051(b) states:

> If a court of this state, on written motion of a party, finds that *in the interest of justice* and for the convenience of the parties a claim or action to which

this section applies would be more properly heard in a forum outside of this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall dismiss the claim or action... (italics added)

Plaintiffs claimed in argument before the court that if the case is refiled in Maine, it will immediately be removed to Federal Court, and from there transferred to the Federal MDL. What will happen to the cases there? Apparently, the judge will not give the plaintiff an opportunity to have his case heard before his death. The judge will attempt to get the case to settle. When and if the case is remanded, there will have been little, if any, judicial decision making performed that will assist the trial court. It will sit in this court, if it does not settle, for several years before it is remanded. The case will then go to the end of the docket in the federal court to which it is assigned. This isn't just what I have been able to find out from conferring with federal judges around the nation – this is what the Judge D. Brock Hornby, Chief Judge of the Federal Courts of the District of Maine, wrote in *In re Maine Asbestos Cases*, 44 F.Supp.2d 368 (D. Me. 1999).

The Federal MDL is located in Pennsylvania. Therefore, my ruling on this motion will not decide whether the case will go to Texas or Maine. If it were, my ruling would be different. This ruling will decide whether Texas or Pennsylvania will be the forum of the case. If it is the Federal Court of Pennsylvania, it is certain that Mr. Richards will not be alive to have his day in court, and will die without knowing whether or not his widow will get a recovery from this case. A system of justice that would mandate such a result has nothing to do with the concept of justice.

My ruling on this motion might well have been different if the Defendants had assured me that no effort would have been made to remove this case to Federal Court. The Defendants were quite forthcoming that they would not waive their removal rights. Since they did not, I am unable to conclude that it is in the interests of justice to decline to accept jurisdiction over this case. I will therefore deny the motion.

I must admit that I did not think this would be the ruling I would make on the first Forum Non Conveniens motion I heard under the new statute. I am aware that under new leadership, the Federal MDL is beginning to try to devise a system that makes it less of a "black hole" than is has been in the past. My ruling on the next such motion I get will be different if the Federal MDL becomes a pre-trial court, as opposed to a settlement court. Even if it does not improve, my next ruling may be different if a waiver of removal to federal court is offered by Defendants.

I will sign an order denying the motion, so that any party wishing may initiate appellate review.

Respectfully submitted,

MARK DAVIDSON