UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TODD KORTEKAMP AS EXECUTOR OF THE ESTATE OF JACK KORTEKAMP AND GERALDINE KORTEKAMP AS SURVIVING SPOUSE, | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 08-043 S |
| 3M CO., et al., | ) |
| Defendants. | ) |

ORDER

At a hearing on March 14, 2008, this Court heard arguments on Plaintiffs' Motion for Reconsideration of this Court's Order Denying Plaintiff's Motion to Stay the February 26, 2008 Order of the MDL Panel conditionally transferring this case to the Eastern District of Pennsylvania. At the heart of Plaintiffs' motion is the request that this Court, rather than the Eastern District of Pennsylvania acting as MDL No. 875, take up and rule on Plaintiffs' Motion to Remand the case to the Rhode Island Superior Court. Having taken the matter under advisement, and having determined that either of the District Courts could decide the pending jurisdictional motion, the Court has determined that the appropriate course of action is to leave the issue to the MDL Panel to be considered in connection with its determination of whether the case should be transferred to MDL No. 875.

To summarize the procedural posture of the matter, Defendant General Electric Company ("GE") removed the case to this Court on February 1, 2008 pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), just weeks before it was scheduled to be heard on the asbestos trial calendar in the Rhode Island Superior Court. Immediately thereafter, GE filed its Notice of Tag-Along Action to have the case transferred to MDL No. 875 in the Eastern District of Pennsylvania. On February 19, 2008, Plaintiffs filed their Motion to Remand the case to state court. Subsequently, and within days of the MDL Panel's February 26, 2008 issuance of the Conditional Transfer Order, Plaintiffs requested that this Court stay the conditional transfer and expedite the proceedings on Plaintiffs' Remand Motion. Plaintiffs' request was denied, and Plaintiffs' moved for reconsideration.

At the March 14, 2008 hearing on the Motion for Reconsideration, Plaintiffs strenuously objected to the transfer of the case to the MDL prior to the Motion to Remand being heard. Plaintiffs asserted that the principles of fairness and judicial economy require this Court to rule on the Motion to Remand before transfer takes place. From Plaintiffs' perspective, transfer to the MDL would result in significant delays and an unwarranted strategic victory for GE, and the Motion to Remand would be lost in the "black hole" of pending pretrial motions. Plaintiffs further maintained that even if the MDL transferee court were to rule on

the Motion to Remand, it would be after a lengthy delay. Plaintiffs also suggested that it was likely that the Motion to Remand would be returned to this Court for decision. Thus, Plaintiffs argue that this Court should take it up the question now.

There is no question that this Court is well within its discretion to decide the Motion to Remand. See Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."); see also Letter from John G. Heyburn II, Chairman of the United States Judicial Panel on Multidistrict Litigation, to Judge William E. Smith (March 11, 2008) ("you are free to rule on any pending motions or you may wish to wait until the Panel has decided the transfer issue"). However, this Court is not obliged to do so. Rather, "[i]t is considered a general rule . . . that federal courts should defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case." D'Amico v. Guidant Sales Corp., 2007 WL 3003181, at *2 (D.R.I. Oct. 11, 2007) (citations omitted). In particular, the transferor court should defer to the MDL where "a jurisdictional issue of a motion to remand is similar or identical to those in cases transferred or

likely to be transferred to the MDL transferee court." Hardin v. Merck & Co., 2007 WL 1056790, at *2 (N.D. Cal. April 5, 2007); see also New Mexico State Inv. Council v. Alexander, 317 B.R. 440, 443 (D.N.M. 2004) (district court deference "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system"); Med. Soc'y of the State of New York v. Conn. Gen. Corp., 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (transferee court should resolve jurisdictional questions particularly where the question "is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation").

This Court has conferred with the Honorable Judge James T. Giles of the Eastern District of Pennsylvania on the question of which court - the transferor court or the transferee MDL court - is best suited to hear the Motion to Remand in this matter. Having discussed with Judge Giles the issues raised by Plaintiff at the March 14, 2008 hearing, this Court is of the opinion that either this Court or the Eastern District could decide the pending jurisdictional motion, and that both courts would do so in a timely fashion. Presently, and as a result of Plaintiffs' initial objection to the Conditional Transfer Order and their subsequent Motion to Vacate the Conditional Transfer Order, transfer has been stayed, and the parties have had the opportunity to fully brief

their respective positions before the MDL Panel. Because the MDL Panel currently has before it Plaintiffs' pending motions on the Conditional Transfer Order, and because the MDL Panel is in the unique position of being able to assess whether the issues raised in Plaintiffs' Motion to Remand are those that have risen before or are capable of rising again in asbestos multidistrict litigation cases, this Court leaves the matter to the MDL Panel for determination.

It is so ordered.

WESmith

William E. Smith
United States District Judge
Date: 4/25/08